**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **SYNCPOINT IMAGING, LLC**, a Texas Limited Liability Company,<br><br>        Plaintiff,<br><br>v.<br><br>**NINTENDO OF AMERICA INC.**, a Washington Corporation; **NINTENDO CO., LTD**, a Japanese Corporation; **GAME X CHANGE, INC.**, an Arkansas Corporation; **GAMES2GO**, a business in the Eastern District of Texas, and **PIXART IMAGING, INC.**, a Taiwanese Corporation,<br><br>        Defendants | Civil Action No. _____<br><br><br><br><br><br>**(JURY TRIAL DEMANDED)** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SyncPoint Imaging, LLC, (***"SyncPoint"*** or ***"Plaintiff"***) by and through its attorneys, makes and files this Complaint against Defendants Nintendo of America, Inc., a Washington Corporation; Nintendo Co., Ltd, a Japanese Corporation; Game X Change, Inc., an Arkansas Corporation; Games2Go, a business in the Eastern District of Texas; and PixArt Imaging, Inc., a Taiwanese Corporation. In support of this Complaint, SyncPoint alleges and complains as follows:

## PARTIES

1.  SyncPoint is a Texas Limited Liability Company with its principal place of business in the Eastern District of Texas.

2.   Nintendo of America Inc. (*"**Nintendo USA**"*) is a Washington corporation with its principal place of business at 4820 150th Avenue NE, Redmond, Washington 98052.

3.   Nintendo Co., Ltd. (*"Nintendo Japan"*) is a Japanese corporation with a regular place of business at 11-1 Kamitoba hokotate-cho, Minami-ku, Kyoto 601-8501 Japan. Nintendo Japan is not registered to do business in the State of Texas. Nintendo Japan may be served with process pursuant to the Hague Convention.

4.   Nintendo USA is a wholly-owned subsidiary of Nintendo Japan.

5.   Nintendo USA is registered to do business in the State of Texas. Its registered agent in Texas is CT Corporation System, 1999 Bryan St. Ste. 900, Dallas, TX 75201-3136.

6.   Game X Change, Inc. ("*Game X Change*") is an Arkansas corporation with at least 13 locations in the Eastern District of Texas.

7.   Games2Go ("*Games2Go*") is a business with at least two locations: (1) 103 W. Loop 281, Suite 420, Longview, Texas and (2) 717 US Hwy 271 N, Suite C, Gilmer, Texas.

8.   PixArt, Imaging Company, Inc., is a Taiwanese Corporation with a principal place of business at 5 Innovation Rd., Hsin Chu Science Industrial Park, Hsin Chu City, Taiwan.

<u>**JURISDICTION AND VENUE**</u>

9.   Nintendo USA and Nintendo Japan sell, offer to sell, and market video game systems through numerous brick-and-mortar retailers in Texas and specifically in the Eastern District of Texas. Exemplary locations in the Eastern District of Texas include, but are not limited to, Best Buy, 823 N Creek Dr, Sherman, TX 75092; Best Buy, 4210 Saint Michael Dr, Texarkana, TX 75503; Best Buy, 422 W Loop 281 Ste 100 Longview, TX 75605; Best Buy, 5514 S Broadway Ave Tyler, TX 75703; Best Buy, 4505 S Medford Dr Ste 203 Lufkin, TX 75901; and Best Buy,

5885 Eastex Fwy Beaumont, TX 77706; Defendant Game X Change at, e.g., 1111 East Tyler Road, Suite 125, Athens, Texas; and Defendant Games2Go at, e.g., 103 W. Loop 281, Suite 420, Longview, Texas.

10. Upon information and belief, individuals located in the Eastern District of Texas have purchased Nintendo's infringing video game systems through these brick-and-mortar retailers and websites.

11. Upon information and belief, Game X Change sells or has sold infringing Nintendo products in Eastern District of Texas, for example, in the following locations: 1111 East Tyler Road, Suite 125, Athens, Texas; 610 W. University Dr. Denton, Texas; 1016 E. Highway 82, Gainesville, Texas; 1628 South Jackson St Suite A Jacksonville, Texas; 405 West Loop 281 Suite B Longview, Texas; 4505 S. Medford Drive, Suite 311, Lufkin, Texas; 900 E End Blvd N Suite 500 Marshall, Texas; 2008 Crockett Road, Palestine, Texas; 4035 Lamar Ave., Suite A, Paris, Texas; 1616 Texoma Parkway, Sherman, Texas, 75090; 3411 Market Loop, Suite 100, Temple, Texas, 75603; 2700 Richmond Rd., #14, Texarkana, Texas, 75503; 4007 S. Broadway, Suite A, Tyler, Texas, 75701

12. Upon information and belief, Games2Go sells or has sold infringing Nintendo products in the Eastern District of Texas.

13. Nintendo USA and Nintendo Japan also sell, offer to sell, and market video game systems through interactive websites that are available in the Eastern District of Texas. Exemplary websites include, but are not limited to, http://www.nintendo.com/wiiu/buynow;

http://www.bestbuy.com;[1] http://www.target.com;[2] http://www.walmart.com;[3] and www.gamestop.com.[4]

14. Upon information and belief, PixArt sold to Nintendo components and parts for Nintendo video game systems, and encouraged infringement of SyncPoint's patent knowing that such infringement was likely to occur in many places, including Texas and the Eastern District of Texas.

15. On information and belief, Nintendo imports, offers to sell, sells, and otherwise distributes infringing video game systems into the stream of commerce with intent that these video game systems be sold, offered for sale, purchased, and used in the Eastern District of Texas, through both brick-and-mortar and Internet retail outlets, e.g., through the outlets identified above.

16. By placing video game systems into the stream of commerce with the intent that they be sold, offered for sale, purchased, and used, Defendants have transacted and continue to transact business in Texas.

17. Defendants have committed and/or induced acts of patent infringement in Texas, including in the Eastern District of Texas, and/or have placed their video game systems into the stream of commerce through established distribution channels with the expectation that such products will be purchased and used by Texas residents, including residents of the Eastern District of Texas.

---

[1] http://www.bestbuy.com/site/nintendo-wii-u-32gb-console-super-mario-3d-world-and-nintendo-land-bundle-black/8569008.p?id=1219350936014
[2] http://www.target.com/p/32-gb-nintendo-wii-u-deluxe-set-with-super-mario-3d-world-and-nintendo-land/-/A-16482429
[3] http://www.walmart.com/ip/Nintendo-Wii-U-Super-Mario-3D-World-Deluxe-Set-Console/39404094
[4] http://www.gamestop.com/wii-u/consoles/super-mario-3d-world-wii-u-32gb-deluxe-console/117284

18. Defendants have purposefully availed themselves of the privileges and benefits of the laws of Texas and are therefore subject to the jurisdiction of this Court.

19. This Court has subject matter jurisdiction to hear the patent infringement claims under 28 U.S.C. § 1331.

20. This Court has supplemental jurisdiction to hear the related state law breach of contract claim under 28 U.S.C. § 1367.

21. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because, as described above, Defendants have infringed and continue to infringe SyncPoint's patent rights within the Eastern District of Texas, and this action arises out of transactions of that business and infringement.

## GENERAL ALLEGATIONS

22. SyncPoint owns U.S. Patent No. 6,275,214 (*"the '214 Patent"*), titled "Computer Presentation System and Method with Optical Tracking of Wireless Pointer." A copy of the '214 Patent is attached as Exhibit A.

23. The application that eventually issued as the '214 Patent was filed on July 6, 1999.

24. The '214 Patent issued on August 14, 2001.

25. The inventor of the '214 Patent, Karl Hansen, grew up in Texas and invested substantial time and life savings in bringing to fruition the '214 Patent.

26. Karl Hansen assigned all rights to the '214 Patent and all rights to sue for past patent infringement damages to Plaintiff SyncPoint.

27. As the owner of the '214 Patent, SyncPoint has standing to sue and recover for all past, present, and future damages for infringement of the '214 Patent.

28. SyncPoint has been assigned all rights to sue for breach of contract against PixArt and it has standing to sue on that claim.

29. The '214 Patent is directed to methods, systems, and computer-readable storage media for use in remotely controlling a computer.

30. The invention of the '214 Patents presents a novel and useful way of remotely controlling an object in a computer interface.

31. The '214 invention allows computer users to interact with a computer by freely moving an external device such as a remote, and thereby creates interaction opportunities.

32. For example, the '214 invention enables a user to control a computer by using a remote having multiple control dimensions, e.g., x/y/z location, x/y/z acceleration, x/y/z velocity, pitch, yaw, and rotational speed.

## <u>CLAIM 1</u>
## <u>(PATENT INFRINGEMENT—AGAINST ALL DEFENDENTS)</u>

33. SyncPoint realleges and incorporates by reference, as if fully set forth herein, the preceding paragraphs.

34. SyncPoint has complied with 35 U.S.C. § 287.

35. Defendants, either alone or in conjunction with others, have infringed the '214 Patent by making, using, selling, offering to sell, and/or importing methods and/or systems (***"Infringing Products"***) covered by the claims of the '214 Patent; and/or have contributed to infringement; and/or have induced others to commit infringing acts.

36. The Infringing Products include, but are not limited to, the Wii and Wii U video game systems, and may include other products identified through discovery.

6

37. PixArt entered into a license agreement ("*License Agreement*") with Karl Hansen ("Hansen"), the inventor of the '214 Patent, in 2008.

38. The License Agreement required PixArt to mark all products sold within the scope of the License Agreement with the '214 Patent and upon information and belief all authorized sales were marked with the '214 Patent.

39. Upon information and belief, PixArt made unauthorized sales to Nintendo of components covered by the License Agreement, and Nintendo used these components in the Infringing Products.  PixArt failed to account for these sales to Nintendo or include the sales in the royalty amounts.

40. The License Agreement expired in 2012 and was not renewed.

41. Upon information and belief, since the expiration of the License Agreement PixArt has continued to sell to Nintendo products covered under the License Agreement.

42. Upon information and belief, PixArt's unauthorized sales to Nintendo indirectly infringed under 35 U.S.C. § 271(b), (c) and infringed under § 271(f).

43. Defendants have had constructive knowledge of the '214 Patent through the marking of products sold under the License Agreement since 2008, pursuant to 35 U.S.C. § 287(a).

44. PixArt had actual knowledge of the '214 Patent since at least the 2008 License Agreement.

45. Defendants' infringement has been, therefore, knowing and willful since the time they became aware of the '214 Patent and/or their infringement of the '214 Patent.

46. Defendants have further infringed, and continue to so infringe, by knowingly inducing purchasers and users of Wii and Wii U to directly infringe the '214 Patent.

47. Defendants have further infringed, and continue to so infringe, by knowingly providing to its end users video game systems, or components of video game systems, which are especially made or especially adapted for infringement under the '214 Patent, which are a material part of the infringement, and for which there are no substantial non-infringing uses.

48. Nintendo Japan is liable for the infringing activities of its wholly-owned subsidiary, Nintendo USA.

49. Defendants' infringing activities have injured and will continue to injure SyncPoint unless and until this Court enters an injunction prohibiting further infringement of the '214 Patent.

50. Defendants' infringing activities have damaged SyncPoint, which is entitled to recover from Defendants damages in an amount subject to proof at trial, but in no event less than a reasonable royalty.

## CLAIM 2
### (BREACH OF CONTRACT—AGAINST PIXART)

51. SyncPoint realleges and incorporates by reference, as if fully set forth herein, the preceding paragraphs.

52. The License Agreement was a valid and enforceable contract.

53. Inherent in the License Agreement was an implied covenant of good faith and fair dealing.

54. The License Agreement was supported by adequate consideration.

55. PixArt breached the License Agreement and its implied covenant of good faith and fair dealing by failing to account for sales of products to Nintendo that were within the scope of the

License Agreement and by failing to renew the License Agreement while continuing to sell products that were within the scope of the License Agreement.

56. PixArt's breach of the License Agreement has caused damages to SyncPoint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SyncPoint respectfully requests appropriate and just judgment against Defendants, including without limitation:

I.      An entry of final judgment in favor of SyncPoint against all Defendants;

II.     An award of damages against all Defendants adequate to compensate SyncPoint for the patent infringement that has occurred, but in no event less than a reasonable royalty under 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

III.    An injunction permanently prohibiting all Defendants from further infringement of the '214 Patent;

IV.     Treble damages against all Defendants under 35 U.S.C  § 284 in view of the knowing, willful, and intentional nature of Defendants' patent infringing acts;

V.      An award to SyncPoint of its costs and expenses of this litigation, including its reasonable attorneys' fees and disbursements, pursuant to 35 U.S.C. § 285;

VI.     An award of damages for breach of contract against PixArt; and

VII.    Such other further relief to which SyncPoint is entitled, and any other further relief that this Court or a jury may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims and issues so triable.

Dated: February 20, 2015                    Respectfully Submitted,

                                            /s/ Elizabeth L. Derieux
                                            S. Calvin Capshaw
                                            State Bar No. 03783900
                                            ccapshaw@capshawlaw.com
                                            Elizabeth L. DeRieux
                                            State Bar No. 05770585
                                            ederieux@capshawlaw.com
                                            CAPSHAW DERIEUX, L.L.P.
                                            114 East Commerce Avenue
                                            Gladewater, Texas 75647
                                            Telephone: (903) 236-9800
                                            Facsimile: (903) 236-8787

                                            Joseph G. Pia
                                            State Bar No. 24093854
                                            joe.pia@padrm.com
                                            Pia Anderson Dorius Reynard & Moss
                                            TX: 904 Meadow Lane
                                            Southlake, Texas 76092
                                            UT: 222 South Main St., Suite 1830
                                            Salt Lake City, Utah  84101
                                            Phone: (801) 350-9000
                                            Fax: (801) 350-9010

                                            *ATTORNEYS FOR PLAINTIFFS*