# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

SYNCPOINT IMAGING, LLC,

      Plaintiff,

vs.

NINTENDO OF AMERICA INC., et al.,

      Defendants.

**No. 2:15-cv-00247-JRG-RSP**

[Jury Trial Demanded]

### Nintendo of America Inc.'s Answer and Counterclaim

Nintendo of America Inc. ("NOA") answers SyncPoint Imaging, LLC's ("SyncPoint") Complaint as follows:

1.      NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations, if any, contained in paragraph 1, and on that basis, denies them.

2.      NOA admits that it is a Washington corporation with its principal place of business at 4600 150th Avenue NE, Redmond, Washington 98052. Except as expressly admitted, NOA denies the remaining allegations contained in paragraph 2.

3.      NOA admits that Nintendo Co., Ltd. is a Japanese corporation with a regular place of business at 11-1 Hokotate-cho, Kamitoba, Minami-ku, Kyoto, 601-8501, Japan, and that Nintendo Co., Ltd. is not registered to do business in the State of Texas. Except as expressly admitted, NOA lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations, if any, contained in paragraph 3.

4.      Admit.

5.      Admit.

6.      NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations, if any, contained in paragraph 6, and on that basis, denies them.

7.      NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations, if any, contained in paragraph 7, and on that basis, denies them.

8.      NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations, if any, contained in paragraph 8, and on

that basis, denies them.

9.      NOA admits that its products are sold in stores throughout the United States, including in the Eastern District of Texas. NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations concerning the specific stores identified in paragraph 9. NOA denies the remaining allegations in paragraph 9, if any.

10.      NOA admits that people in the Eastern District of Texas have purchased NOA's products. NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations concerning "brick-and-mortar retailers and websites," and on that basis, denies them. NOA denies the remaining allegations, if any, in paragraph 10.

11.      NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations, if any, contained in paragraph 11, and on that basis, denies them.

12.      NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations, if any, contained in paragraph 12, and on that basis, denies them.

13.      NOA admits that it has a website that is available throughout the United States, including in the Eastern District of Texas. NOA denies that it sells or offers to sell its video-game systems on its website. NOA admits that http://www.nintendo.com/wiiu/buynow is an NOA webpage. Except as expressly admitted or denied, NOA lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations, if any, contained in paragraph 13, and on that basis, denies them.

14.      NOA denies that any of its products infringe any valid and en-

forceable claim of U.S. Patent No. 6,275,214 (the "'214 patent"). NOA admits that PixArt is a supplier of components used in some products NOA sells. Except as expressly denied, NOA lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations, if any, contained in paragraph 14, and on that basis, denies them.

15.     Denied.

16.     No response is required to paragraph 16. To the extent that the Court deems a response necessary, NOA denies the allegations, if any, contained in paragraph 16.

17.     Denied.

18.     NOA consents, for purposes of this case only, to personal jurisdiction in this Court. NOA denies the remaining allegations, if any, contained in paragraph 18.

19.     Admit.

20.     No response is required to paragraph 20. To the extent that the Court deems a response necessary, NOA denies the allegations, if any, contained in paragraph 20.

21.     NOA denies that venue is proper in this district because 28 U.S.C. § 1400 is the exclusive venue provision for patent cases, and NOA does not reside in the Eastern District of Texas and does not have a regular and established place of business in the Eastern District of Texas.

22.     NOA admits that the face of the '214 patent states that the '214 patent is entitled *Computer Presentation System and Method with Optical Tracking of Wireless Pointer.* Except as expressly admitted, NOA lacks knowledge and information sufficient to form a belief as to the truth of the

remaining allegations, if any, contained in paragraph 22, and on that basis, denies them.

23.    NOA admits that the '214 patent states on its face that the application resulting in the '214 patent was filed on July 6, 1999.

24.    NOA admits that the '214 patent states on its face that the '214 patent issued on August 14, 2001.

25.    NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and on that basis, denies them.

26.    NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, and on that basis, denies them.

27.    NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, and on that basis, denies them.

28.    NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 28, and on that basis, denies them.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    No response is required to paragraph 33. To the extent that the Court deems a response necessary, NOA denies the allegations, if any, contained in paragraph 33.

34.     Denied.

35.     Denied.

36.     Denied.

37.     NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, and on that basis, denies them.

38.     NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38, and on that basis, denies them.

39.     NOA denies that any of its products directly or indirectly infringe any valid and enforceable claim of the '214 patent. Except as expressly denied, NOA lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39, and on that basis, denies them.

40.     NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and on that basis, denies them.

41.     NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 41, and on that basis, denies them.

42.     Denied.

43.     Denied.

44.     NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 44, and on that basis, denies them.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied

49.     Denied.

50.     Denied.

51.     No response is required to paragraph 51. To the extent that the Court deems a response necessary, NOA denies the allegations contained in paragraph 51, if any.

52.     NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 52, and on that basis, denies them.

53.     NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53, and on that basis, denies them.

54.     NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 54, and on that basis, denies them.

55.     NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 55, and on that basis, denies them.

56.     NOA lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 56, and on that basis, denies them.

57.     No response is required to the Prayer for Relief. To the extent

that the Court deems a response necessary, NOA denies the allegations contained in each paragraph of the Prayer for Relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

58.     The Complaint fails to state facts upon which relief can be granted against NOA.

### Second Affirmative Defense

59.     NOA has not directly infringed, and is not directly infringing, any claims of the '214 patent either literally or under the doctrine of equivalents. NOA has not induced or contributed to, and is not inducing or contributing to, infringement of the '214 patent either literally or under the doctrine of equivalents.

### Third Affirmative Defense

60.     The '214 patent, and all claims thereof, are invalid for failure to comply with one or more of the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including but not limited to, 35 U.S.C. § § 101, 102, 103, and 112.

### Fourth Affirmative Defense

61.     NOA is informed and believes and thereon alleges that SyncPoint's predecessor-in-interest to the '214 patent was aware by, at the latest, 2008 that NOA sold products containing PixArt components. Therefore, the equitable doctrines of mitigation, waiver, estoppel, unclean hands, and/or laches bar some or all of SyncPoint's claims for damages and other relief.

*Fifth Affirmative Defense*

62.     SyncPoint is estopped by virtue of prior art or conduct and representations during the prosecution of the '214 patent from presenting an interpretation of the claims necessary to find infringement by NOA.

*Sixth Affirmative Defense*

63.     SyncPoint alleges that components PixArt sold to Nintendo were covered by a license agreement. NOA is informed and believes and thereon alleges that PixArt did not mark any components that it sold to Nintendo with the '214 patent. Therefore, SyncPoint's alleged right to seek damages or other relief is limited by 35 U.S.C. § 287.

*Seventh Affirmative Defense*

64.     SyncPoint alleges that components PixArt sold to Nintendo were covered by a license agreement. Therefore, SyncPoint's alleged right to seek damages or other relief is limited, in whole or in part, by the doctrine of patent exhaustion.

*Eighth Affirmative Defense*

65.     SyncPoint is not entitled to seek enhanced damages or attorneys' fees for willful and deliberate infringement.

*Ninth Affirmative Defense*

66.     NOA is informed and believes and thereon alleges that SyncPoint does not own all right, title, and interest in the '214 patent, and therefore, lacks standing to sue based upon the '214 patent. Alternatively, other owner(s) of the '214 patent are indispensable parties to this action, mandating dismissal if

they cannot be joined in the litigation.

### Tenth Affirmative Defense

67.     NOA is not a resident of the Eastern District of Texas and does not have a regular and established place of business in the Eastern District of Texas. As such, venue is improper under 28 U.S.C. § 1400 in the Eastern District of Texas.

### Eleventh Affirmative Defense

68.     NOA reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and other factual investigations in this case.

## NOA'S JURY TRIAL DEMAND

NOA demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, NOA prays for the following relief:

A.     that SyncPoint's Complaint be dismissed with prejudice;

B.     that all remedies and relief SyncPoint seeks be denied;

C.     that the Court enter the following judgments:

i.     awarding NOA its costs incurred in the prosecution and defense of this action;

ii.     declaring this case to be exceptional under 35 U.S.C. § 285, and awarding NOA its reasonable attorneys' fees and costs incurred in the prosecution and defense of this action;

and

D.      that the Court award NOA such other and further relief as the Court may deem just and proper.

## NOA'S COUNTERCLAIMS

For its Counterclaims, NOA alleges:

## JURISDICTION AND VENUE

1.     This is an action for declaratory relief regarding United States patents. This Court has jurisdiction over these counterclaims under 28 U.S.C. § § 1331, 1338, and 28 U.S.C. § § 2201, 2202. An actual, substantial, and continuing justiciable controversy exists between NOA and SyncPoint based on SyncPoint's filing a Complaint against NOA alleging infringement of the '214 patent. Specifically, the controversy concerns the noninfringement and invalidity of the '214 patent, and SyncPoint's right to maintain suit for alleged infringement of the '214 patent.

2.     The Court has personal jurisdiction over SyncPoint because SyncPoint claims to be a Texas LLC with its principal place of business in the Eastern District of Texas.

3.     Venue is proper in this Court under 28 U.S.C. § 1400 because SyncPoint resides in this district.

## PARTIES

4.     NOA is a Washington company with is principal place of business in Redmond, Washington.

5.     NOA is informed and believes and thereon alleges that SyncPoint is a Texas limited liability company with its principal place of business in this judicial district.

## FIRST COUNTERCLAIM

*Declaration of Noninfringement*

6.     NOA realleges paragraphs 1 through 5, above.

7.     SyncPoint's Complaint alleges that SyncPoint owns the entire right, title, and interest in and to the '214 patent.

8.     SyncPoint has brought suit against NOA alleging that NOA directly infringes, induces infringement of, or contributes to the infringement of the '214 patent.

9.     NOA has not infringed, induced infringement of, or contributed to the infringement of, any valid claim of the '214 patent.

10.     An actual case or controversy exists between NOA and SyncPoint based on SyncPoint's having filed its Complaint against NOA alleging infringement of the '214 patent.

11.     NOA has been injured and damaged by SyncPoint's filing its Complaint asserting patents that NOA does not infringe.

12.     Declaratory relief is both appropriate and necessary to establish that NOA has not directly or indirectly infringed any valid claim of the '214 patent.

## SECOND COUNTERCLAIM

*Declaration of Invalidity*

13.     NOA realleges paragraph 1 through 5, above.

14.     NOA is informed and believes and thereon alleges that the '214 patent is invalid for one or more reasons alleged in the Affirmative Defenses contained in NOA's Answer, which paragraphs are incorporated in this Counterclaim by reference.

15.    An actual case or controversy exists between NOA and SyncPoint based on SyncPoint's filing its Complaint against NOA alleging infringement of the '214 patent.

16.    NOA has been injured and damaged by SyncPoint's filing a Complaint asserting invalid patents against NOA.

17.    Declaratory relief is both appropriate and necessary to establish that the '214 patent is invalid, and, thus, cannot be asserted against NOA.

## PRAYER FOR RELIEF

Wherefore, NOA prays for the following relief:

A.    that SyncPoint's Complaint be dismissed with prejudice;

B.    that all remedies and relief SyncPoint seeks be denied;

C.    that the Court enter the following judgments:

    i.    declaring that NOA has not directly or indirectly infringed any valid claim of the '214 patent either literally or under the doctrine of equivalents;

    ii.    declaring that the claims of the '214 patent are invalid;

    iii.    awarding NOA its costs incurred in the prosecution and defense of this action;

    iv.    declaring this case to be exceptional under 35 U.S.C. § 285, and awarding NOA its reasonable attorneys' fees and costs incurred in the prosecution and defense of this action; and

D.    that the Court award NOA such other and further relief as the Court may deem just and proper.

Dated: May 11, 2015                    Respectfully submitted,

                                       By:    /s/ Grant Kinsel
                                           Grant Kinsel (lead attorney)
                                           CA Bar No. 172407

                                       PERKINS COIE LLP
                                       1201 Third Avenue, Suite 4900
                                       Seattle, WA 98101
                                       Tel:    206.359.3516
                                       Fax:    206.359.9000
                                       email: gkinsel@perkinscoie.com

                                       Clyde M. Siebman
                                       SIEBMAN, BURG, PHILIPS &
                                       SMITH, L.L.P.
                                       Federal Courthouse Square
                                       300 N. Travis Street
                                       Sherman, TX 75090
                                       Tel:    903.870.0070
                                       Fax:    903.870-0066
                                       email: Siebman@siebman.com

                                       Attorneys for NINTENDO CO., LTD.
                                       and NINTENDO OF AMERICA INC.

## CERTIFICATE OF SERVICE

I certify that all counsel of record who are deemed to have consented to electronic service are being served this May 11, 2015 with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail.

/s/  *Grant Kinsel*
Grant Kinsel