IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYNCPOINT IMAGING, LLC, <br><br> *Plaintiff*, <br><br> vs. <br><br> NINTENDO OF AMERICA, INC., et al. <br><br> *Defendants*. | Civil Action No. 2:15-cv-00247-JRG-RSP |

**PLAINTIFF SYNCPOINT IMAGING, LLC'S
MOTION FOR EXPEDITED LIMITED JURISDICTIONAL DISCOVERY**

**I.    INTRODUCTION**

Plaintiff SyncPoint Imaging, LLC ("SyncPoint") hereby moves for expedited, limited discovery regarding jurisdiction and venue. Defendant PixArt Imaging Inc. ("PixArt") filed a motion to dismiss for lack of jurisdiction and improper venue. Dkt. No. 42. To support its motion, PixArt submitted affidavits and other evidence that are uniquely in its possession and control. SyncPoint should be given the opportunity to test the veracity of PixArt's evidence and obtain other relevant evidence from PixArt that may have been carefully withheld. For this reason, SyncPoint moves the Court for expedited limited discovery for the purpose of establishing jurisdiction and venue in the Eastern District of Texas.

SyncPoint alleges that PixArt conducts business in the Eastern District of Texas. PixArt does not deny that it does business within the state of Texas or that it conducts business in this judicial district. SyncPoint's investigation reveals that PixArt avails itself of the benefits of doing business in Texas by reaping the substantial monetary benefits from sales of the Wii and Wii U in this judicial district. PixArt exclusively maintains documents and information that establish

proper jurisdiction and venue within the Eastern District of Texas. PixArt should not be allowed to succeed on a motion to dismiss by forbidding access to relevant information solely within its control that could counter its alleged factual assertions.

II.     FACTUAL BACKGROUND

SyncPoint filed this action for patent infringement in the Eastern District of Texas on February 20, 2015. Dkt. No. 1. SyncPoint's principal place of business is located within the Eastern District of Texas. SyncPoint's Complaint makes several allegations related to jurisdiction and venue including: (1) PixArt is selling components and parts for Nintendo video game systems knowing that such infringement would likely occur in the Eastern District of Texas, (2) PixArt has transacted business, contracted to supply goods or services, and caused injury within the Eastern District of Texas by placing such component parts into the stream of commerce, (3) PixArt has used established distribution channels to sell its components or parts with the expectation that they will be purchased in the Eastern District of Texas, and (4) venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400. Dkt. No. 1, at ¶ 14, 16-21.

On May 27, 2015, PixArt moved to dismiss primarily based on a set of facts that were never even alleged in SyncPoint's complaint. Dkt. No. 42. PixArt does not controvert SyncPoint's allegations that it receives substantial benefit from its contacts with the Eastern District of Texas—only that PixArt itself does not specifically track or put in place the channels through which it does business. Dkt. No. 42, at p. 4-5. PixArt designs components and parts that are covered by and subject to several U.S. patents. *See* Exhibit 1, Declaration of Joseph G. Pia at ¶ 4. Although PixArt is a Taiwanese corporation with manufacturers in Eastern Asia, SyncPoint alleges that PixArt knowingly provides such designs, components, and parts into the U.S. stream of commerce with the expectation that they will be sold to customers there and in the Eastern

1

District of Texas. Although PixArt claims it exercises little or no control over the stream of commerce through which it deals, PixArt has made several statements related to facts solely within its and Nintendo Japan's control that could possibly defeat its motion to transfer venue. Dkt. No. 42. PixArt's sales in and contact with Texas are extensive and likely lead to a sufficient basis for jurisdiction in the Eastern District of Texas.

This Court should grant SyncPoint's motion for limited expedited discovery in order to uncover facts sufficient for the Court decide whether PixArt has availed itself of the privileges of this district, whether it has caused harm in this district, and whether it is the appropriate forum for the Court to hear this case.

### III. DISCUSSION

Good cause exists to grant limited jurisdictional discovery to properly evaluate PixArt's claims. Limited discovery should be permitted to counter PixArt's factual assertions and clarify jurisdictional activities. SyncPoint requests that the Court permit it to issue a narrowly tailored written discovery request:[1]

- Five interrogatories;
- Five requests for admissions;
- Ten document requests; and
- A single ½ day 30(b)(6) deposition of PixArt.

**A. Legal Standard**

**1. Expedited Discovery**

According to Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26f" unless the Court orders otherwise. An increasing majority of district courts, including several in the Fifth Circuit,

---

[1] The proposed discovery requests are attached hereto as Exhibit 2.

2

have adopted a "good cause" standard to determine whether to permit such expedited discovery. *See El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.,* 344 F. Supp.2d 986, 991 (S.D.Tex.2004); *Paul v. Aviva Life and Annuity Co.*, 2009 WL 3815949, at *1 (N.D. Tex. Nov. 12, 2009); *Rodale Inc. v. U.S. Preventative Med., Inc.*, 2008 WL 4682043, at *1 (E.D.Tex. Oct. 21, 2008).

Courts commonly consider the following factors in determining whether "good cause" exists to order expedited discovery: (1) whether a preliminary injunction is pending, (2) the breadth of the discovery requests, (3) the purpose for requesting the expedited discovery, (4) the burden on the defendants to comply with the requests, and (5) how far in advance of the typical discovery process the request was made. *St. Louis Group, Inc. v. Metals and Additives Corp., Inc., et al.,* 275 F.R.D. 236, FN 4 (S.D. Tex. 2011).

Some courts have allowed limited jurisdictional discovery when failing to do so would substantially impact the case from profession on the court's docket. *See e.g., Semitool, Inc.* v. *Tokyo Electron Am., Inc.,* 208 F.RD. 273, 277 (N.D. Cal. 2002) (allowing limited discovery in a patent infringement case where it would "substantially contribute to moving the case forward and facilitating compliance with the Patent Local Rules").

2. **Limited Discovery**

Generally, district courts enjoy broad discretion in determining whether to grant limited discovery to explore jurisdictional facts, including venue. *See e.g. Worldwide Fin. LLP* v. *Kopko,* No. 1:03-cv-0428-DFH, 2004 WL 771219, at * 1 (S.D. Ind. Mar. 18, 2004) (granting a motion for transfer following six months of discovery with respect to the transfer motion and a motion to dismiss for lack of personal jurisdiction); *PI, Inc.* v. *Valcour Imprinted Papers, Inc.,* 465 F. Supp. 1218,1220 (S.D.N.Y. 1979) (denying a motion for transfer following limited discovery on the question of transfer).

The Eastern District of Texas has determined that "[i]f a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained." *See* Case 2:13-cv-00136-JRG-RSP Document 22 Filed 05/20/13 Page 5 of 11 PageID #: 265 *Womack* v. *Nissan North America, Inc.,* No. 2:06-cv-479-DF, 2007 WL 5160790, at * 2 (E.D. Tex. Oct. 12, 2007) (unpublished) (quoting *Toys "R" Us, Inc.* v. *Step Two, S.A.,* 318 F.3d 446, 456 (3rd Cir. 2003)).

The pleadings and allegations here are much more particular than the pleadings and allegations that prompted this Court to allow limited jurisdictional discovery that included 25 interrogatories, 25 requests for admissions, and 25 hours of depositions in *Womack*. In *Womack*, it was merely pleaded that a vehicle was designed, manufactured, and marketed by defendant and that defendant conspired with another defendant to commit odometer fraud. *Womack*, 2007 WL 771219, at * 2. Defendant did not foreclose the possibility that it was involved in the design or marketing. *Id.*

Here, SyncPoint has alleged that PixArt conducts business in the Eastern District of Texas. Dkt. No. 1 at ¶¶ 14, 16-18. PixArt does not deny that its products and/or designs are sold and used in the Eastern District of Texas. *See generally* Dkt. No. 42. However PixArt has only made broad and conclusory statements regarding the extent of its business in this District. PixArt should not be allowed to succeed on a motion to dismiss by forbidding access to relevant information solely within its control that could counter its alleged factual assertions.

SyncPoint requests five interrogatories, five requests for admission, ten requests for production of documents, and one half-day 30(b)(6) deposition, all of which are limited to issues of personal jurisdiction and venue within the Eastern District of Texas. Many of the

requests relate to customers, products, services, events, communications, marketing, and other contacts that are solely limited to, or within the subpoena power of the Eastern District of Texas.

**B. Good cause exists for expedited discovery because SyncPoint's narrowly tailored discovery requests impose a minimal burden on PixArt.**

SyncPoint is requesting five interrogatories, five requests for admission, ten requests for production of documents, and one half-day 30(b)(6) deposition, all of which are limited to issues of jurisdiction and venue within the Eastern District of Texas. Many of the requests relate to customers, products, services, events, communications, marketing, and other contacts that are solely limited to, or within the subpoena power, of the Eastern District of Texas. Neither PixArt nor Nintendo will be burdened by being required to answer 20 total requests and undergo a short deposition.

**C. The factual allegations could establish the existence of the requisite contacts.**

The Eastern District of Texas has determined that if a plaintiff presents factual allegations (a) that suggest with reasonable particularity, (b) the possible existence of the requisite contacts, then the plaintiff's right to conduct jurisdictional discovery should be sustained. *Womack*, 2007 WL 771219, at *1.

**1. The pleading and allegations are reasonably particular.**

The standard for "reasonable particularity" in the Eastern District of Texas is quite low. *See id.* at * 2-4 (reasonable particularity to find conspiracy and collusion of odometer fraud exists where Defendant claimed that it did not manufacture or distribute the vehicle, but also failed to claim that it was not involved in the design or marketing of the vehicle). Syncpoint alleges that PixArt is doing business within the Eastern District of Texas and that venue is proper within the Eastern District of Texas. Dkt. No.1. PixArt did not controvert the fact that it receives revenue from its dealings with the Eastern District of Texas. Dkt. No. 42.

5

In response to the pleadings and allegations here, PixArt has not foreclosed the possibility that its infringement activity does not involve the Eastern District of Texas. Although detailing all the contacts that it does not have with Texas, PixArt does not controvert SyncPoint's *relevant* assertions that Texas has jurisdiction over this matter and that the Eastern District of Texas is a proper venue. PixArt has not countered the assertion that it placed its product and technology in the stream of commerce, helping other users directly infringe SyncPoint's patent. Therefore, the "reasonably particular" prong is clearly satisfied.

**2. The requisite contacts for jurisdiction and venue are probable.**

The fact that PixArt claims that its products are covered under more than a dozen patents, suggests that it has availed itself of U.S. patent laws. Further, PixArt does not controvert the existence of sales—possibly substantial—from the Eastern District of Texas. Therefore, a finding of minimum contact to satisfy jurisdiction and venue requirements is probable.

**IV. CONCLUSION**

For the foregoing reasons, SyncPoint respectfully request that this Court grant SyncPoint's Motion for Expedited Limited Jurisdictional Discovery.

Respectfully submitted,

Dated: June 15, 2015     By:    /s/ Joseph G. Pia
                                            Joseph G. Pia
                                            Joe.pia@padrm.com
                                            State Bar No. 24093854
                                            PIA ANDERSON DORIUS REYNARD & MOSS, LLC
                                            222 South Main Street Suite 1830
                                            Salt Lake City, UT 84101
                                            Telephone: (801) 350-9000
                                            Fax: (801) 350-9010

                                            S. Calvin Capshaw
                                            State Bar No. 03783900
                                            ccapshaw@capshawlaw.com
                                            Elizabeth L. DeRieux

State Bar No. 05770585
ederieux@capshawlaw.com
CAPSHAW DERIEUX, L.L.P.
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787


ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 15th day of June, 2015, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

      /s/ Joseph G. Pia