IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYNCPOINT IMAGING, LLC<br><br>    *Plaintiff*,<br><br>v.<br><br>NINTENDO OF AMERICA, INC., et al.<br><br>    *Defendants*. | CIVIL ACTION NO. 2:15-cv-00247-JRG-RSP |

## **PLAINTIFFS' PROPOSED DISCOVERY REQUESTS**

### **INSTRUCTIONS**

The following instructions shall apply to each of the Requests herein:

1.  In answering the following requests, furnish all available information in your possession, custody or control. If you cannot fully respond to the following requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each request that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the request cannot be answered fully and completely; and state what knowledge, information or belief each Defendant has concerning the unanswered portion of any such request.

2.  If you are producing documents in connection with these requests, electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit

rendering the records and information intelligible.

3. If you are producing documents in connection with these requests, selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

4. If you are producing documents in connection with these requests, file folders with tabs or labels or directories of files identifying documents must be produced intact with such documents.

5. If you are producing documents in connection with these requests, documents attached to each other shall not be separated.

6. If you are unable to comply with a demand for any document in full, you are requested to specify, pursuant to Federal Rule of Civil Procedure 34, whether your inability to comply is because the document has never existed, has been destroyed, has been lost, misplaced or stolen, and/or has never been, or is no longer in your possession, custody or control. The statement shall set forth the name and address of any person or organization known or believed by you to have possession, custody, or control of the document.

7. If any information requested is claimed to be privileged, immune from discovery or otherwise not discoverable, please provide all information falling within the scope of the request which is discoverable, and for each item of information contained in a document to which a claim of privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

  a. the basis on which the privilege is claimed;

  b. the names and positions of the author of the document and all other persons participating in the preparation of the document;

  c. the name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

  d. the date of the document;

  e. a description of any accompanying material transmitted with or attached to such document;

  f. the number of pages in such document;

  g. the particular interrogatory to which such document is responsive; and

  h. whether any business or non-legal matter is contained or discussed in such document.

Your obligation to respond to these requests is continuing and your responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## **INTERROGATORIES**

**Interrogatory No. 1:** Identify by name and address each of your manufacturers, distributors, and parties with whom you do business.

**Interrogatory No. 2**: For each customer identified in response to Interrogatory No. 1, identify how much gross revenue you have received over the past 10 years, or since you began doing business, whichever is later.

**Interrogatory No. 3**: Identify the way in which you are paid by Nintendo and whether such pay is a flat rate, is based on a royalty rate, is based on units sold, or some other compensation scheme.

**Interrogatory No. 4**: Identify all direct or indirect contacts you have with the United States, including licensing or other agreements with third parties, distribution channels, manufacturing, sales, and describe any processes you put in place by which you track sales or revenue generated from the United States.

**Interrogatory No. 5**: Identify all persons who have knowledge of PixArt's agreements with U.S. entities or individuals and who would be knowledgeable about PixArt's relationship with Nintendo Japan, Nintendo of America, and manufacturers of Nintendo's products.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**Request No. 1:** All documents related to the negotiation of contracts with your manufacturers, Nintendo Japan, and Nintendo of America including, but not limited to, all versions of contracts and agreements entered into for the purposes of selling the Accused Product.

**Request No. 2:** All communication related to the Accused Product with manufacturers, Nintendo Japan, and Nintendo of America including, but not limited to, communication regarding revenue, sales, or distribution channels,

**Request No. 3:** All financial reports exchanged between parties including, but not limited to: sales figures, revenues, and costs.

**Request No. 4:** All communication with sales people for Nintendo Japan and Nintendo of America regarding where products will be used or sold in the United States.

**Request No. 5:** All documents that report sales in the United States including, but not limited to, number of sales and unit purchase prices.

**Request No. 6:** All documents reflecting the demand for your products or services in the Eastern District of Texas including, but not limited to market research.

**Request No. 7:** All documents reflecting the manufacture, design, or development of your products or services in the Eastern District of Texas.

**Request No. 8:** All documents, reflecting any agreements, relationships, or other business arrangements between you and any individual or entity in, or within subpoena power of, the Eastern District of Texas.

**Request No. 9:** All documents relating to the unit and dollar volume of the sales of your products and services in the Eastern District of Texas, categorized by year and month and by product type and name.

**Request No. 10:** All documents reviewed or relied upon in responding to the attached interrogatories.

**REQUESTS FOR ADMISSION**

**Request No. 1:** Admit that you individuals in the Eastern District of Texas buy or use products designed or manufactured by you.

**Request No. 2:** Admit that you have knowledge of U.S. Patent No. 6,275,214.

**Request No. 3:** Admit that your business is subject to and has invoked the jurisdiction of U.S. federal courts.

**Request No. 4:**  Admit that you have a sales office in the United States.

**Request No. 5:**  Admit that you do not prevent your designs, products, components, or manufactured parts from entering into the Eastern District of Texas to be used, sold, or offered for sale.


DATE: June 15, 2015