IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **SYNCPOINT IMAGING, LLC**, a Texas Limited Liability Company, <br><br> *Plaintiff*, <br><br> v. <br><br> **NINTENDO OF AMERICA INC.**, a Washington Corporation; **NINTENDO CO., LTD**, a Japanese Corporation; **GAME X CHANGE, INC.**, an Arkansas Corporation; **GAMES2GO**, a business in the Eastern District of Texas, and **PIXART IMAGING, INC.**, a Taiwanese Corporation, <br><br> *Defendants* | Civil Action No. 2:15-cv-247 |

## SYNCPOINT'S SURREPLY IN OPPOSITION TO PIXART'S MOTIONS TO COMPEL ARBITRATION AND TO STAY LITIGATION

Plaintiff and Counterclaim Defendant SyncPoint Imaging, LLC ("SyncPoint" or "Plaintiff") hereby submits a sur-reply in opposition to Defendant Pixart Imaging Inc.'s ("Pixart") Motion to Stay Proceedings Pending Arbitration and Motion to Compel Arbitration.

1

## I. SYNCPOINT DOES NOT ASK THIS COURT TO ADOPT REASONING THAT HAS BEEN REJECTED BY THE FIFTH CIRCUIT.

As SyncPoint established in its Response Brief, incorporation of the American Arbitration Association ("AAA") rules in the License Agreement's *limited* arbitration provision (covering only "dispute[s] . . . concerning the amount of royalties") is not "clear and unmistakable" evidence that PixArt and SyncPoint intended to arbitrate arbitrability. In its Response Brief PixArt incorrectly alleges that "SyncPoint asks this Court to follow the Tenth Circuit's reasoning, including its decision in *Riley Mfg. Co.*—even though it was expressly rejected by the Fifth Circuit." Reply Brief at 2 (citing *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012); Response Brief at 5). PixArt's argument is wrong. *Riley Mfg. Co.* only appears in SyncPoint's Response Brief within a parenthetical as part of the complete citation to *Let's Go Aero*. Notably, the proposition for which SyncPoint cites *Let's Go Aero*, and for which *Let's Go Aero* quotes *Riley Mfg. Co.*, is the *same proposition* for which PixArt cites *Petrofac*. *Petrofac* distinguished *Riley Mfg. Co.* on other grounds.

PixArt's incorrect allegation points to SyncPoint's string-cite of several cases, which includes *Agere* (Fifth Circuit) and *Let's Go Aero* (District of Colorado), for the proposition that unless the parties clearly and unmistakably provide otherwise, the court decides arbitrability. Response Brief at 5 (citing, *inter alia*, *Agere Sys. Inc. v. Samsung Elec. Co.*, 560 F.2d 337, 339 (5th Cir. 2009); *Let's Go Aero, Inc. v. Cequent Performance Products, Inc.*, No. 14-CV-01600, 2015 WL 361284, at *4 (D. Colo. Jan. 28, 2015) (quoting *Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 779 (10th Cir. 1998))). *Riley Mfg. Co.* appears in SyncPoint's Response Brief only as a "quoting" parenthetical to complete the citation to *Let's Go Aero*.

The Fifth Circuit did, in *Petrofac*, distinguish *Riley Mfg. Co.*—but for a different proposition than that for which *Let's Go Aero* cites *Riley Mfg. Co.* The negative treatment was

limited to pointing out that *Riley Mfg. Co.*, unlike *Petrofac*, found that incorporation of the "AAA" rules ***was not*** "clear and unmistakable" evidence that the parties had agreed for the arbitrator to decide arbitrability. *Petrofac*, 687 F.3d at 675 (distinguishing *Riley Mfg. Co.*, 157 F.3d at 780).

In fact, *Petrofac* actually agrees with the undisputed principle for which *Let's Go Aero* cites *Riley Mfg. Co.,* and for which SyncPoint's Response Brief cites *Let's Go Aero*: absent "clear and unmistakable" agreement to the contrary, the court decides arbitrability. *Riley Mfg. Co.*, 157 F.3d at 779 (10th Cir. 1998) (citations omitted); *Petrofac*, 687 F.3d at 675 (5th Cir. 2012) (citations omitted); *Let's Go Aero*, 2015 WL 361284, at \*4 (citing *Riley Mfg. Co.*, 157 F.3d at 779). SyncPoint simply does not, as PixArt alleges, ask the Court to adopt the narrow point for which *Petrofac* distinguished *Riley Mfg. Co.*

PixArt's treatment of *Petrofac* warrants further clarification because the arbitration agreement in *Petrofac* was **general**, covering all disputes arising under the parties' agreement: "'**all claims and disputes between them arising out of or relating to the [agreement]**.'" *Petrofac*, 687 F.3d at 673-74 (emphasis added). The *Petrofac* court had no need to address the outcome of incorporating AAA rules for a **limited** arbitration provision like the one in this case.

However, other courts have held that, when the arbitration provision is **limited**, incorporation of AAA rules is not clear and unmistakable evidence of intent to arbitrate arbitrability. *Burlington Res. Oil & Gas Co. LP v. San Juan Basin Royalty Trust*, 249 S.W.3d 34, 41 (Tex. App. 2007) (finding that where arbitration agreement was limited to "audit disputes," incorporation of AAA rules was not "a clear and unmistakable indication" that parties had agreed for arbitrator to decide arbitrability.); *Haddock v. Quinn*, 287 S.W.3d 158, 173 (Tex. App. 2009) (citation omitted) ("majority federal rule that incorporation of AAA rules requires submission of

3

issues of arbitrability to the arbitrator rather than the court . . . only [applies] in cases where [] an arbitration clause generally provides for arbitration of all disputes"); *James & Jackson, LLC v. Willie Gary, LLC*, 906 A.2d 76, 80-81 (Del. 2006) (holding that, in contrast to a general (covering all disputes) arbitration clause that incorporates the AAA rules, "something more than incorporation of the AAA rules" would be necessary for an "arbitration clause that does not generally refer all controversies to arbitration"); *see also Katz v. Feinberg*, 290 F.3d 95, 97 (2d Cir. 2002) (ambiguity in agreement as to parties' intent regarding questions of arbitrability required that "district court, not the arbitrator," decide arbitrability).

Because the disputed arbitration provision in this case is limited to royalty auditing, as in *Burlington*, but does not cover all disputes generally arising under the License Agreement, as in *Petrofac*, the License Agreement's mere incorporation of the AAA rules falls short of the "clear and unmistakable" evidence necessary to show that the parties intended for to arbitrate arbitrability. This Court should therefore determine arbitrability.

## II. THE FAA'S MANDATORY STAY IS LIMITED TO THE ISSUES SUBJECT TO THE ARBITRATION AGREEMENT.

Citing the Federal Arbitration Act ("FAA") and *Dean Witter*, PixArt states, "Once the Court determines that the claims of the Complaint are subject to arbitration, it *must* stay the litigation." Reply Brief at 5 (emphasis in original) (citing 9 U.S.C. § 3; *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)). The FAA does not mandate staying the entire "litigation," however, but only the "issues as to which an arbitration agreement has been signed." *Dean Witter*, 470 U.S. at 218; *Wick v. Atl. Marine, Inc.*, 605 F.2d 166, 168 (5th Cir. 1979) (citations omitted) ("[I]t is settled in this circuit that if some claims are arbitrable and others are not and they are easily severable, that the court should stay proceedings as to those claims which are arbitrable."); *C.B. Fleet Co. v. Aspen Ins. UK Ltd.*, 743 F. Supp. 2d 575, 589-90 (W.D. Va.

4

2010) ("The decision to stay litigation of non-arbitrable claims or issues pending the resolution of related arbitration proceedings is a matter largely within the district court's discretion to control its docket.") (internal quotation marks and citation omitted).

### III. THE AUDIT RIGHTS PROVISION IS CONSISTENT WITH THE ARBITRATION PROVISION.

PixArt argues that "there was no need to use arbitration for an accounting because the Agreement granted Hansen audit rights." Reply Brief at 4 (citing audit provision at ¶ 3.6 in License Agreement). This unsupported suggestion—that an audit provision absolutely prevents any disputes relating to accounting—is simply nonsensical. An audit provision provides an opportunity for a licensor to review a licensee's books. But such a review does not, and is not expected to, resolve every accounting dispute that may arise. Similar to a discovery mechanism, an audit may bring previously unknown disputes to light.

### IV. CONCLUSION

Based on the reasons established in SyncPoint's Opposition Motion and in this Sur-Reply, the Court should deny PixArt's motions to compel arbitration and stay litigation.

Respectfully Submitted,

Dated: July 1, 2015

By: /s/ Joseph G. Pia
Joseph G. Pia
joe.pia@padrm.com
Texas Bar No. 24093854
Robert Aycock (Admitted in this District)
Utah State Bar No. 8878
raycock@padrm.com
Sara Payne (Admitted in this District)
Utah State Bar No. 14008
spayne@padrm.com
PIA ANDERSON DORIUS REYNARD & MOSS
222 South Main Street, Suite 1830
Salt Lake City, Utah 84101
Telephone: (801) 350-9000
Facsimile: (801) 350-9010

S. Calvin Capshaw  
State Bar No. 03783900  
ccapshaw@capshawlaw.com  
Elizabeth L. DeRieux  
State Bar No. 05770585  
ederieux@capshawlaw.com  
CAPSHAW DERIEUX, L.L.P.  
114 East Commerce Avenue  
Gladewater, Texas 75647  
Telephone: (903) 236-9800  
Facsimile: (903) 236-8787  

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 1, 2015. Any other counsel of record will be served by First Class U.S. mail on this same date.

*/Joseph G. Pia/*
