# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SYNCPOINT IMAGING, LLC, | § |
| | § |
| v. | § Case No. 2:15-CV-247-JRG-RSP |
| | § |
| NINTENDO OF AMERICA, INC., ET AL. | § |

## ORDER

Before the Court is Defendant PixArt Imaging, Inc.'s ("PixArt") Motion to Stay Proceedings Pending Arbitration (Dkt. No. 44, "Motion to Stay").

In its Motion to Stay, PixArt argues the Court should stay Plaintiff SyncPoint Imaging, LLC's ("SyncPoint") case against it pending the outcome of arbitration. (Mot. at 1.) SyncPoint opposes such relief. (Opp. at 1.) For the following reasons, Defendant PixArt's Motion to Stay is **DENIED**.

In its motion, PixArt argues all causes of action in the complaint arise out of a license agreement between Plaintiff and PixArt and that the agreement "requires this dispute be submitted to binding arbitration." (Mot. at 1). PixArt concludes that "the arbitrator will have to resolve all the disputes raised by the allegations of the complaint" and, thus, the Court should stay SyncPoint's case against PixArt pending the outcome of that arbitration. (*Id*.) The Court disagrees.

This Court has the inherent authority to manage its docket, including the power to stay proceedings. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

In its Motion to Stay, PixArt avers that particular portions of a licensing agreement ("Agreement") between it and a third party grants PixArt a non-exclusive license to U.S. Patent No. 6,275,214 (the asserted patent in this case). (Mot. at 1.) PixArt cites to an arbitration clause within the Agreement it contends requires the parties arbitrate their disputes in lieu of district court litigation. (*See id*. at 2) (citing Exh. A, Dkt. No. 44-4, "Arbitration Clause," at ¶¶ 10.1.1–10.1.4). That clause, in relevant part, states: "Any dispute between INVENTOR or AGENT and COMPANY **concerning the amount of royalties payable** to AGENT under this AGREEMENT shall be submitted for binding arbitration in accordance with the provisions of this Section 10 and the then-applicable rules of the American Arbitration Association (the "Association")." Arbitration Clause at ¶ 10.1.1 (emphasis added). The Arbitration Clause continues,

> The power of the arbitrators shall be limited to resolving the specific issues stated by determining the royalties COMPANY owes or should receive credit for, if any, under this AGREEMENT. **The power of the arbitrators shall not extend to any other matters. All other disputes shall be subject to litigation in a court of competent jurisdiction.**

*Id*. at ¶ 10.1.2 (emphasis added).

The Court finds the Agreement PixArt relies upon to support its arguments for a stay are squarely limited to the amount of royalties in dispute. This cause of action implicates far broader issues for the Court to resolve. For example, SyncPoint's complaint requires resolution of the issues of infringement (Dkt. No. 1, Complaint at 6) and breach of contract (*Id*. at 8) in addition to the issue of damages. Moreover, although Defendant PixArt has not yet answered, other Defendants to the instant action have filed answers with additional counterclaims that must be resolved before even arriving at the issue of damages. (*See, e.g.*, Dkt. No. 20, Game X Change, Inc.'s Answer) (claiming the patent-in-suit is invalid); (Dkt. No. 27, Nintendo Co., Ltd.'s Answer) (same).

Upon the weighing of competing interests and in the interest of maintaining an even balance (*Landis*, 299 U.S at 254–55), the Court concludes a stay is not warranted under these facts. Accordingly, Defendant's Motion to Stay is denied. The motion, however, is denied without prejudice to PixArt's right to urge severance of the issue of damages at the pretrial stage in light of the Agreement's clause relating to assessment of royalties owed in this dispute.

Accordingly, for the foregoing reasons, Defendant PixArt's Motion to Stay (Dkt. No. 44) is **DENIED**.

**SIGNED this 7th day of July, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE