IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **SYNCPOINT IMAGING, LLC**, a Texas Limited Liability Company,<br><br>*Plaintiff*,<br><br>v.<br><br>**NINTENDO OF AMERICA INC.**, a Washington Corporation; **NINTENDO CO., LTD**, a Japanese Corporation; **GAME X CHANGE, INC.**, an Arkansas Corporation; **GAMES2GO**, a business in the Eastern District of Texas, and **PIXART IMAGING, INC.**, a Taiwanese Corporation,<br><br>*Defendants* | Civil Action No. 2:15-cv-247 |

**SYNCPOINT'S SURREPLY IN OPPOSITION TO PIXART'S REPLY IN SUPPORT OF ITS MOTION TO RECONSIDER MAGISTRATE JUDGE PAYNE'S JULY 7, 2015 ORDER DENYING PIXART'S MOTION TO STAY PROCEEDINGS PENDING ARBITRATION**

SyncPoint Imaging, LLC hereby submits this sur-reply in opposition to Defendant Pixart Imaging Inc.'s Reply in support of its motion to reconsider (Dkt. 119, "Reply").

## I.  ARGUMENT

PixArt's Reply stays true to PixArt's previous line of argument: how to interpret general arbitration clauses—both in determining arbitrabilty, and in determining whether a particular dispute is subject to an arbitration clause. But, the scope of the arbitration clause at issue here is *limited*, not *general*. And as SyncPoint has repeatedly established, that distinction is material both for determining arbitrability and for determining whether an arbitration clause covers a particular dispute. Incorporation of the American Arbitration Association ("AAA") rules in a limited-scope arbitration clause does not overcome the presumption that a court decides arbitrability. And an arbitration clause limited to disputes "concerning the amount of royalties" does not cover every dispute.

**A.  Incorporation of AAA rules in a limited arbitration clause does not overcome the presumption that a court decides arbitrability.**

PixArt continues to present authority for the wrong proposition: incorporation of AAA rules in a *general* arbitration clause evidences intent to arbitrate arbitrability. But the arbitration clause disputed here is *limited*—to disputes "concerning the amount of royalties." As SyncPoint has shown (repeatedly in the associated briefing), incorporation of AAA rules in a limited-scope arbitration clause, unlike in a general arbitration clause, does not overcome the presumption that the court, not the arbitrator, decides arbitrability. PixArt again trumpets *Petrofac*, which analyzes a general arbitration clause. *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 673-74 (5th Cir. 2012). But *Petrofac* does not provide any guidance on interpretation of a limited-scope arbitration clause. The Fifth Circuit simply has not ruled on this issue yet, and all courts that have ruled (to the best of SyncPoint's knowledge) held that incorporation of AAA

rules in a limited-scope arbitration clause does not overcome the presumption that the court decides arbitrability. PixArt has not pointed to even one contrary authority.

Pointing out that *Burlington* and *Haddock*—two of SyncPoint's cases holding that incorporation of AAA rules in a limited-scope arbitration clause does not overcome the presumption that a court decides arbitrability—are "Texas State" cases, PixArt attempts to conclude that they are "irrelevant," explaining in a footnote that "[f]ederal law governs the Federal Arbitration Act." Reply at 1 n.1 (citing *Burlington Res. Oil & Gas Co. LP v. San Juan Basin Royalty Trust*, 249 S.W.3d 34, 40 (Tex. App. 2007); *Haddock v. Quinn*, 287 S.W.3d 158, 172 (Tex. App. 2009)). Although not controlling, *Burlington* and *Haddock* are relevant. Both cases ruled on whether AAA incorporation in a limited arbitration clause establishes intent to arbitrate arbitrability, both cases cited and relied on the Federal Arbitration Act, and both answered "no." *Burlington*, 249 S.W.3d at 44; *Haddock*, 287 S.W.3d at 168.

PixArt's recycled *Agere* argument—that an arbitrator should decide arbitrability if there is a "plausible" argument that a dispute was covered by an arbitration clause—again fails. Reply at 1-2 (citing *Agere Sys., Inc. v. Samsung Elects. Co.*, 560 F.3d 337 (5th Cir. 2009)). As with all of PixArt's authority, the *Agere* arbitration clause was general (any "dispute arising out of the agreement"), and further explicitly provided that "an arbitrator was to determine questions of arbitrability." *Agere*, 560 F.3d at 338. Under those particular circumstances, the Federal Circuit decided that where both sides had a plausible argument, determination of arbitrability should be "left for the arbitrator." *Id.* at 340. The disputed arbitration clause here is materially different from the *Agere* arbitration clause. It is not general. It does not explicitly provide for arbitration of arbitrability. *Agere* is limited to its own facts, which do not apply here.

Even if the standard were "plausibility" (it is not), PixArt cannot manufacture "plausibility" by merely voicing disagreement over the scope of the arbitration clause. As

Magistrate Judge Payne already concluded, the scope of the arbitration clause is not uncertain, but is "squarely limited to the amount of royalties in dispute," and excludes "the issues of infringement . . . and breach of contract." Magistrate Judge Payne's Order, Dkt. 91 ("Order") at 2.

### B. A clause limited to disputes "concerning the amount of royalties" is limited.

*AT&T Techs* and *Rhone-Poulenc* simply do not apply because, as SyncPoint already established, the arbitration clauses in these cases were general, not limited as in the disputed arbitration clause. *See* Opposition to Motion to Reconsider, Dkt. 110, at 3-4.

And *Pennzoil*, a newly cited case in PixArt's Reply, suffers from the same flaw: a general, not limited, arbitration clause. *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998). The *Pennzoil* clause covered "'any dispute, controversy or claim arising out of or in relation to or in connection with this Agreement.'" *Id.* at 1067. PixArt's conclusion—that appearance of "any dispute" or "concerning" in an arbitration clause per se "evidences a broad scope"—is absurd. Reply at 3 (citing *Pennzoil*, 139 F.3d at 1067). The PixArt clause, however, covers only "any dispute . . . concerning the amount of royalties."

PixArt's further assertion —that in *Pennzoil* the "Fifth Circuit recognized that a dispute need only 'touch matters covered by' the arbitration agreement to be arbitrable"—is misleading. Reply at 3 (quoting *Pennzoil*, 139 F.3d at 1068). PixArt omitted the first half of the cited sentence, which limits the quoted portion, not surprisingly, to general arbitration clauses: "*With such a broad arbitration clause*, it is only necessary that the dispute 'touch' matters covered by the [agreement]." *Pennzoil*, 139 F.3d at 1068 (citations omitted) (emphasis added).

### II. CONCLUSION

For the reasons herein and in SyncPoint's associated briefing, the Court should deny PixArt's Motion to Reconsider.

3

                                                Respectfully Submitted,

Dated: August 24, 2015                  By: */s/ Joseph G. Pia*
                                                   Joseph G. Pia

                                              Joseph G. Pia
                                              joe.pia@padrm.com
                                              Texas Bar No. 24093854
                                              Robert Aycock (Admitted in this District)
                                              Utah State Bar No. 8878
                                              raycock@padrm.com
                                              Sara Payne (Admitted in this District)
                                              Utah State Bar No. 14008
                                              spayne@padrm.com
                                              PIA ANDERSON DORIUS REYNARD & MOSS
                                              222 South Main Street, Suite 1830
                                              Salt Lake City, Utah 84101
                                              Telephone: (801) 350-9000
                                              Facsimile: (801) 350-9010

                                              S. Calvin Capshaw
                                              State Bar No. 03783900
                                              ccapshaw@capshawlaw.com
                                              Elizabeth L. DeRieux
                                              State Bar No. 05770585
                                              ederieux@capshawlaw.com
                                              CAPSHAW DERIEUX, L.L.P.
                                              114 East Commerce Avenue
                                              Gladewater, Texas 75647
                                              Telephone: (903) 236-9800
                                              Facsimile: (903) 236-8787

                                              *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 24, 2015. Any other counsel of record will be served by First Class U.S. mail on this same date.

/s/ Joseph G. Pia