UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYNCPOINT IMAGING, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> NINTENDO OF AMERICA INC., et al., <br><br> Defendants. | No. 2:15-cv-00247-JRG-RSP |

**Nintendo's Sur-Reply in Opposition to SyncPoint's
Motion to Compel**

SyncPoint's Motion to Compel should be denied. Nintendo demonstrated, at length and in detail in its opposition, that in the normal course of discovery and long before SyncPoint filed its Motion to Compel, Nintendo provided SyncPoint with the relevant and discoverable information SyncPoint's Motion seeks. Nintendo made this showing on a request-by-request basis, showing for each request what information SyncPoint already has and why it is not entitled to more. In reply, SyncPoint does not attempt to counter Nintendo's showing, and does not mention, let alone justify, even a single one of its specific requests. "The burden lies with the moving party to show clearly that the information sought is relevant to the case and would lead to admissible evidence."[1] SyncPoint has failed to carry its burden on its Motion to Compel.

Instead of justifying its discovery requests, SyncPoint attempts to divert attention from the fact it has not met its burden by making unsupported and incorrect legal and factual assertions. For instance, SyncPoint argues that Local Rule 7(h) does not require the parties to agree that the meet and confer process was resolved. SyncPoint, however, ignores the last three paragraphs of Rule 7(h), which require, among other things, that "a request for court intervention is not appropriate until the participants have . . . concluded, in good faith, that the discussions have conclusively ended in an impasse … ." SyncPoint does not and cannot argue that the August 7 discussions conclusively ended in an impasse, including as to the discovery that was either not yet due or not yet served.[2]

---

[1] *Export Worldwide, Ltd. v. Knight,* 241 F.R.D. 259, 263 (W.D. Tex. 2006), cited by *Widevine Techs., Inc. v. Verimatrix, Inc.*, No. 2:07-cv-321, 2009 WL 4884397 (E.D. Tex. Dec. 10, 2009).

[2] D.I. 153 at 6 (Aug. 7 meet and confer was before (1) return date for Retro document subpoena and (2) date Retro deposition subpoena was served).

SyncPoint also relies on inaccurate factual theories. For example, SyncPoint contends that nebulous Retro-discovery is warranted because Retro games are "integrated" or "specially incorporated into the Accused Wii and Wii U products." But Retro's video games, like other Wii and Wii U video games, are *physically separate products* (e.g., game discs), as shown below. They are not "integrated" or "specially incorporated" into the Wii or Wii U.



Retro's Metroid Prime 3 Game Package and Game Disc

Wii Operations Manual (NIN_SP_0047864)

SyncPoint failed to carry its burden on the motion to compel, and its reply attempts to conceal this fatal flaw with unsupported factual and legal assertions. The Court should deny SyncPoint's motion.

Dated: October 26, 2015

Respectfully submitted,

By: /s/ *Kevin A. Zeck*
Grant Kinsel (lead attorney)
CA Bar No. 172407
Email: gkinsel@perkinscoie.com
Kyle M. Amborn
Wash. St. Bar No. 48340
Email: kamborn@perkinscoie.com
Kevin A. Zeck
Wash. St. Bar No. 41689
Email: kzeck@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Tel:    206.359.3002
Fax:    206.359.4002

Ryan B. Hawkins
CA Bar No. 256146
rhawkins@perkinscoie.com
Perkins Coie LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130
Tel:   858.720-5700
Fax:   858.720-5799

Clyde M. Siebman
Siebman, Burg, Philips &
Smith, L.L.P.
Federal Courthouse Square
300 N. Travis Street
Sherman, TX 75090
Tel:   903.870.0070
Fax:   903.870-0066
email: Siebman@siebman.com

Attorneys for Nintendo Co., Ltd.
and Nintendo of America Inc.

## CERTIFICATE OF SERVICE

I certify that all counsel of record who are deemed to have consented to electronic service are being served this October 26, 2015 with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail.

/s/ *Kevin A. Zeck*
Kevin A. Zeck