# EXHIBIT 1



1201 Third Avenue  
Suite 4900  
Seattle, WA 98101-3099

+1.206.359.8000  
+1.206.359.9000  
perkinscoie.com

December 7, 2015

Hon. Rodney Gilstrap  
Hon. Roy Payne  
U.S. District Court for the Eastern District of Texas  
100 East Houston Street  
Marshall, TX 75670

Re:   *SyncPoint Imaging, LLC v. Nintendo of America Inc., et al.*, Case No. 2:15-cv-00247-JRG-RSP

Dear Judge Gilstrap and Judge Payne:

Nintendo writes to request leave to file a motion for summary judgment of non-infringement.[1]

The asserted patent, U.S. Patent No. 6,275,214 (the "'214 patent"), discloses a computer presentation system in which a user controls a computer with an external, optical pointer, such as a laser pointer. A user can point a laser pointer at a screen, generating what the patent calls an "external cursor." The patented system then moves the "internal cursor," which is the standard cursor displayed on a computer screen, to where the user is pointing the external cursor on the screen. Because the external cursor is the '214 patent's supposed innovation, every claim requires either an external cursor, or in some claims, an effectively identical "optical cursor."

The undisputed facts demonstrate that the accused Wii and Wii U have no external (or optical) cursor. An external cursor is necessarily visible and on the display screen. That is, after all, what a cursor is. A user cannot manipulate a cursor that he cannot see on the screen. But SyncPoint has not—because it cannot—dispute that the Wii and Wii U work by using *invisible* infrared light directed *away* from the screen. Thus, whereas the patent describes a system with a visible external cursor on the display screen, the Wii and Wii U work with invisible light that is not on the display screen. Indeed, SyncPoint's theory is that the external cursor is invisible light *inside* the Wii Remote. The result is that, as a

---

[1] Per the Court's Standing Order, Nintendo has not included attachments of exhibits cited in this letter brief. However, Nintendo can provide them upon request.

Hon. Rodney Gilstrap
Hon. Roy Payne
December 7, 2015
Page 2

matter of law, SyncPoint cannot establish the existence of an external (or optical) cursor in the Wii and Wii U.

Nintendo's proposed motion for summary judgment is ripe, is not subject to genuinely disputed issues of material fact, and will end the case. As a result, Nintendo respectfully requests that the Court grant Nintendo leave to file its proposed motion for summary judgment of noninfringement.

1. **The '214 Patent Describes A Computer Presentation System With A Visible External Cursor.**

The '214 patent describes a computer presentation system that allows the presenter to use an optical pointer, like a laser pointer, to control a presentation on a computer. As explained with reference to Figure 1, the invention requires two cursors—an "internal cursor" (26) and an "external cursor" (22). The internal cursor is the cursor that appears on a computer display, like the well-known mouse arrow or caret in Windows. The external cursor is the light dot on the screen from the laser pointer.



To allow the presenter to control the presentation with the laser pointer, a camera detects where the external cursor—the light dot from the laser pointer (22) in Figure 1—appears on the screen and then the computer moves the internal cursor to that same position on the screen.

"External cursor," and its related term "optical cursor," appear in all asserted claims in the patent and the meaning of these terms was the key claim-construction dispute between the parties. During claim construction, SyncPoint argued for a construction of external cursor (and optical cursor) that would allow the cursor to be invisible. SyncPoint's infringement theory was premised on the notion that the supposed external (or optical) cursor in the accused devices could be invisible. In contrast, Nintendo's position has always been that the claimed external cursor (or optical cursor) is just a cursor and cursors are by

Hon. Rodney Gilstrap
Hon. Roy Payne
December 7, 2015
Page 3

definition visible. Therefore, the claimed external (or optical) cursor is necessarily visible.

Magistrate Payne's preliminary claim construction agreed with Nintendo. Magistrate Payne found that an external cursor is a cursor, and cursors are visible. As Magistrate Payne put it during the claim-construction hearing: " … [H]ere I've got the word 'cursor' which the inventor used. … And I don't see any indication in the specification that he intended that its use with 'external' would be different in that essential characteristic [visibility] than it's used with 'internal.'"[2] Magistrate Payne characterized SyncPoint's position that the external cursor could be invisible as "quite a stretch": "It's hard for me to take this presentation system and assume that the inventor was not concerned with whether the external cursor would be where the user wanted it to be, and I … think it's quite a stretch to try and build all that into the word 'cursor.'"[3] Thus, Magistrate Payne's preliminary constructions of "external cursor" and "optical cursor" have several characteristics, including: (1) it must be a "movable visible mark"; and (2) the movable visible mark must "indicate[] a position on the display for the output of the computer":

| "External Cursor" | "Optical Cursor" |
|---|---|
| "movable visible mark that is generated by some device other than the computer and that indicates a position on the display for the output of the computer" | "movable visible mark that is generated by a handheld optical pointer and that indicates a position on the display for the output of the computer." |

2. **The Wii and Wii U Cannot Infringe Because They Do Not Have An External (or Optical) Cursor.**

The relevant aspects of the Wii and the Wii U are similar; the systems are described below with reference only to the Wii. As the below description shows, the Wii does not have an external or optical cursor, and, therefore, cannot infringe.

---

[2] 10/30/2015 Markman Hearing Tr. at 53:17–23.
[3] 10/30/2015 Markman Hearing Tr. at 52:4–9.

Hon. Rodney Gilstrap
Hon. Roy Payne
December 7, 2015
Page 4



The Wii includes a console, a Sensor Bar that is connected to and powered by the console, and a Wii Remote.[4] The Sensor Bar includes two groups of infrared LEDs at either end. The infrared LEDs are invisible. The Sensor Bar is placed either above or below the television. There is no predetermined location for the Sensor Bar relative to the television screen.

The Wii Remote includes a CMOS image sensor.



The CMOS image sensor reacts to the infrared light from the Sensor Bar. The CMOS image sensor can determine the coordinates where the light from the Sensor Bar hit. The Wii Remote radios the coordinate information for the lights from the Sensor Bar to the console, and the console can use this information to help control action that is displayed on the screen.

SyncPoint claims that the external cursor in the Wii is the infrared lights from the Sensor Bar when received on the CMOS image sensor. SyncPoint puts it this way: "These two light spots [from the Sensor Bar] are an external cursor when received on the imaging array of the CMOS sensor on the Wii [R]emote."[5] This is the only supposed "external cursor" SyncPoint has specifically identified.

It is undisputed that the infrared light from the Sensor Bar that strikes the CMOS image sensor inside of the Wii Remote is not visible. The light from the Sensor Bar is infrared; it is invisible. The light remains invisible when it is incident on the CMOS image sensor inside the Wii Remote. Users do not open the Wii Remote to look for a visible "cursor" inside. SyncPoint does not dispute these facts, and has not—because it cannot—identify any supposedly visible external cursor. As a result, the Wii does not have an external cursor, and Ninten-

---

[4] Wii U is not sold with a Wii Remote.
[5] SyncPoint Infringement Contentions at 4.

Hon. Rodney Gilstrap
Hon. Roy Payne
December 7, 2015
Page 5

do is entitled to summary judgment.

Nintendo is entitled to summary judgment for another, independent reason. In addition to being invisible—and therefore not an external cursor—the light from the Sensor Bar incident on the CMOS image sensor is not "a movable visible mark" that "indicates a position on the display." For a "mark" to indicate a position on the display, the mark must necessarily be *on* the display.

SyncPoint's infringement theory is premised on the fact that the supposed external cursor is *inside* the Wii Remote instead of on the display screen as the claim construction requires: "These two light spots [from the Sensor Bar] are an external cursor *when received on the imaging array* of the CMOS sensor on the Wii [R]emote."[6] Thus, SyncPoint's infringement theory necessarily fails because SyncPoint has not—and cannot—identify a "mark" that "indicates a position on the display."

SyncPoint cannot demonstrate the existence of an external (or optical) cursor in the accused Wii or Wii U. As a result, Nintendo respectfully requests that the Court grant Nintendo leave to file a motion for summary judgment of noninfringement.

Very truly yours,

*/s/ Grant E. Kinsel*

Grant E. Kinsel

GEK

---

[6] SyncPoint Infringement Contentions at 4.