# EXHIBIT 1

PERKINSCOIe

1201 Third Avenue      T +1.206.359.8000
Suite 4900             F +1.206.359.9000
Seattle, WA 98101-3099    perkinscoie.com

December 21, 2015

Hon. Rodney Gilstrap
Hon. Roy Payne
United States District Court for the
Eastern District of Texas
100 East Houston Street
Marshall, TX 75670

Re:   *SyncPoint Imaging, LLC v. Nintendo of America Inc., et al.*, Case
      No. 2:15-cv-00247-JRG-RSP

Dear Judge Gilstrap:

Nintendo writes to request leave to file a motion for summary judgment of no damages. SyncPoint has no admissible evidence that it can offer to demonstrate damages as to Nintendo. SyncPoint refused to provide any damages discovery during fact discovery, placing all of the burden of proving damages on its damages expert. But on December 17, SyncPoint served its damages report, which does not include an opinion regarding a damages theory as to Nintendo. As a result, SyncPoint has no admissible damages evidence against Nintendo, and therefore, cannot carry its burden of demonstrating damages. As a result, Nintendo is entitled to summary judgment of no damages.

During fact discovery, SyncPoint refused to disclose its supposed damages theory. Paragraph 3(c) of the Discovery Order required SyncPoint to "provide a *complete computation* of each category of damages claimed" along with the "evidentiary material on which such computation is based." SyncPoint never provided the required computation. Instead, SyncPoint's initial disclosures stated," … Plaintiff is entitled to damages, if infringement is found, which is adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty together with interest and costs as set by the Court." SyncPoint claimed that it could not provide the required damages calculation "[w]ithout having specific knowledge of the extent of Defendants' use of the patent-in-suit." SyncPoint supplemented its initial disclosures, but never provided a fur-

Hon. Rodney Gilstrap & Hon. Roy Payne
December 21, 2015
Page 2

ther damages analysis or computation of damages.

Having received no meaningful information regarding damages from SyncPoint's initial disclosures, Nintendo followed-up with interrogatories. Nintendo propounded an interrogatory requesting SyncPoint to provide the details of its damages theory: "If you contend that SyncPoint is entitled to damages for Defendants' alleged infringement, describe in detail the total amount of damages allegedly sustained by SyncPoint due to Defendants' alleged infringement." SyncPoint's two-sentence response was: "SyncPoint objects because this Request prematurely seeks expert testimony prior to the schedule in the Docket Control Order. SyncPoint's expert damages report will address this Request." Fact discovery closed on December 14, and SyncPoint placed the entire burden for carrying its damages theory onto its expert witness who, as shown below, did not articulate a damages theory against Nintendo.

Under the Docket Control Order, expert-witness reports were originally due on December 14, 2015. But because SyncPoint needed additional time to complete discovery—including completing the deposition of Nintendo's 30(b)(6) witnesses on financial matters and licensing—Nintendo agreed to extend the deadline for opening reports from December 14 to December 17.

On December 17, SyncPoint served its report of Clarke B. Nelson. Mr. Nelson does not opine regarding reasonable royalties—or any other recoverable damages—against Nintendo. Mr. Nelson's report purports to describe contract damages due to SyncPoint for PixArt's alleged breach of contract, but the report provides no computation whatsoever as to purported damages as to Nintendo. Indeed, Mr. Nelson only discusses Nintendo as background to his computation of claimed damages against PixArt. At best, Mr. Nelson provided a purported approximation of Nintendo's total sales of both accused products and related products in the United States. Mr. Nelson also provided several schedules of supporting calculations to his report. The schedules also do not describe any analysis of damages due to Nintendo's supposed infringement. Mr. Nelson purports to describe all of Nintendo's hardware, software, and accessory sales at schedules 4 and 4.1, but otherwise Nintendo is not mentioned. Nor does Mr. Nelson provide any analysis or discussion of a proper royalty base or

Hon. Rodney Gilstrap & Hon. Roy Payne
December 21, 2015
Page 3

royalty rate that purports to apply to Nintendo's sales to arrive at a reasonable royalty. He also has not presented any analysis of any of the *Georgia Pacific* factors, or any discussion of a purported hypothetical negotiation. In short, Mr. Nelson has *no opinion at all* about reasonable royalty or other damages assessable against Nintendo.

As the plaintiff and purported owner of the asserted patent, U.S. Patent No. 6,275,214 (the "'214 patent"), SyncPoint has the burden of demonstrating damages. As the Federal Circuit stated in *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, "[w]e agree with the district court that the amount of a prevailing party's damages is a finding of fact on which the plaintiff bears the burden of proof by a preponderance of the evidence."[1] But SyncPoint provided no evidence during fact discovery of a damages theory against Nintendo. Now that the deadline for expert-witness disclosures has come and gone, SyncPoint still has no admissible evidence of a damages theory against Nintendo, and has lost its ability to present such evidence. Having offered no evidence of damages during discovery, and having failed to disclose any expert-witness opinion on damages against Nintendo, SyncPoint has no admissible evidence on which it can rely to carry its burden of demonstrating damages. As such, Nintendo is entitled to summary judgment of no damages.

Very truly yours,

*/s/ Grant E. Kinsel*

Grant E. Kinsel

GEK

---

[1] 926 F.2d 1161, 1164 (Fed.Cir.1991).