# EXHIBIT A

## PURCHASE AND SALE AGREEMENT

AGREEMENT made as of this 22nd day of December, 2015, by and between Olga L. Gordon, Chapter 7 Trustee (the "Trustee") of the estate of Karl C. and Lisa H. Hansen (the "Debtors"), Chapter 7 case no. 12-11907-JMD (the "Seller") and PixArt Imaging, Inc. ("PixArt" or the "Buyer").

WHEREAS, June 11, 2012, the Debtors filed a voluntary petition pursuant to Chapter 7 of 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"); and

WHEREAS, on June 12, 2012, the Trustee was appointed as the Chapter 7 Trustee of the Debtors' bankruptcy estate;

WHEREAS, on September 3, 2015, this Court entered an Order Granting Ex Parte Amended Motion To Reopen case, and on September 4, 2015, the Trustee was re-appointed as the Chapter 7 Trustee of the Debtors' bankruptcy estate;

WHEREAS, the debtor, Karl Hansen (the "Debtor") is the sole owner of the following domestic and foreign patents not disclosed in his originally filed bankruptcy Schedules: **US6275214B1, US6952198B2, US7091949B2, EP1200955B1, DE60023900T2, CA2378154C, JP2003504705A(JP4822643B2), AU200057549A** and all rights associated with such patents (the "Assets"); and

WHEREAS, the Trustee wishes to sell and transfer, and the Buyer wishes to purchase, the Seller's right, title and interest in certain ("the Assets") upon the terms and conditions set forth in this Agreement.

NOW THEREFORE, the SELLERS and BUYER agree as follows:

1. <u>Assets to be Transferred.</u> The Trustee agrees to sell and transfer all of her right, title and interest in, and the Buyer agrees to buy the Debtor's interest in the

following domestic and foreign patents: **US6275214B1, US6952198B2, US7091949B2, EP1200955B1, DE60023900T2, CA2378154C, JP2003504705A(JP4822643B2), AU200057549A** and all rights associated with such patents, the same to be held by Buyer for Buyer's own use and enjoyment, and for the use and enjoyment of Buyer's successors, assigns and other legal representatives, as fully and entirely as the same would have been held and enjoyed by the Debtor if this sale and transfer had not been made, and all claims for damages and other remedies for past and future infringements of the patents, along with the right to sue for and collect such damages and other remedies for the use and benefit of Buyer and its successors, assigns and other legal representatives.

2. <u>Purchase Price.</u> The Buyer agrees to pay as a total purchase price for the Assets the amount of one hundred fifty thousand dollars and 00/100 (US $150,000.00) in consideration of the sale and transfer of the Assets (the "Purchase Price").

3. <u>Deposit.</u> As of the execution of this Purchase and Sale Agreement, the Buyer has paid a deposit of $15,000 to the Trustee for the purchase of the Assets (the "Deposit").

4. <u>Authority to Execute.</u> The individual signing this Agreement on behalf of the Buyer affirmatively represents that he/she has been authorized by the Buyer to do so.

5. <u>Bankruptcy Court Approval.</u> The obligations of the Trustee to sell and transfer and the obligations of the Buyer to purchase are expressly conditioned upon the approval by the United States Bankruptcy Court of the Chapter 7 Trustee's Motion for Authority to Sell by Private Sale Certain Assets (the "Motion to Sell") at the Purchase Price or at a higher price subsequent to an auction which may be held with individuals or

entities who submit counteroffers acceptable to the Trustee. The Buyer is aware that the Trustee will provide advance notice of the Motion to Sell to all creditors and other entities selected by the Trustee, who in turn may object to this proposed sale or submit counteroffers. The Buyer understands that in the event the Trustee receives one or more higher counteroffers for the Assets, a sealed bid auction, live auction or a combination of the two will be conducted at the Bankruptcy Court.

7. Representations and Warranties. The Assets are being sold "AS IS" and "WHERE IS" without any representations or warranties including WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.

8. Indemnification. The Buyer shall indemnify and hold harmless the Trustee from all claims, demands, liabilities, and damages asserted against the Trustee or the Debtors' estate arising from events subsequent to the closing of the sale which relate to the Assets, including any and all expenses incurred in defending any such claims. The provisions of this paragraph shall survive the closing.

9. Closing. A closing shall take place at the office of Murtha Cullina LLP, 99 High Street, Boston, Massachusetts or via mail within seven (7) days after the Bankruptcy Court's allowance of the Motion to Sell. At the closing, the Trustee shall execute and deliver documents necessary to effect the transfer of the Assets.

10. Contingencies. There are no contingencies to the sale of the Assets other than Bankruptcy Court approval which could result in the acceptance of a higher offer from another party. In the event Bankruptcy Court does not approve the sale of all the Assets, the Trustee shall return the Deposit to the Buyer within seven days of said Bankruptcy Court order. In the event a higher offer from another party is accepted by the

Trustee and the sale to the higher offeror is allowed by the Bankruptcy Court, the Trustee shall return the Deposit to the Buyer within seven days of said Bankruptcy Court approval. In the event that the Buyer fails to close on the sale of the Assets within the time provided by this agreement, the Buyer shall forfeit his deposit to the bankruptcy estate.

11. Nonrecourse. The Trustee is executing this Agreement in a fiduciary capacity; only the estate shall be bound, and the Trustee shall not be personally liable for any obligation, expressed or implied, hereunder.

12. Modification. This Agreement contains the entire agreement of the parties and may be amended only by written instrument signed by the parties.

13. Assignment. The Buyer may assign its rights and obligations under this Agreement without the need of further approval from the Bankruptcy Court.

14. Advice of Counsel. The Buyer confirms that it has obtained the advice of counsel of its choice in connection with the execution of this Agreement.

15. Miscellaneous. Buyer acknowledges that it is familiar with the Assets.

IN WITNESS WHEREOF, the parties have executed this Agreement in two counterparts on the day and year first above written.

The Buyer hereby agrees to purchase on the terms set forth above.

PixArt Imaging, Inc.,

By: _____

Witness

Duane H. Mathiowetz
Counsel for PixArt Imaging, Inc.

Upon Court approval of the Motion to Sell, the Trustee agrees to sell and transfer on the terms set forth above.

_____   _____
Witness                   Olga L. Gordon, Chapter 7 Trustee