# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **SYNCPOINT IMAGING, LLC**, a Texas Limited Liability Company,<br><br>  Plaintiff,<br><br>v.<br><br>**NINTENDO OF AMERICA INC.**, a Washington Corporation; **NINTENDO CO., LTD**, a Japanese Corporation; **GAME X CHANGE, INC.**, an Arkansas Corporation; **GAMES2GO**, a business in the Eastern District of Texas, and **PIXART IMAGING, INC.**, a Taiwanese Corporation,<br><br>  Defendants | Civil Action No. 2:15-cv-247 –TH-RSP<br><br><br><br>**(JURY TRIAL DEMANDED)** |

## EMERGENCY MOTION TO STAY

Plaintiff SyncPoint Imaging, LLC, (*"SyncPoint"* or *"Plaintiff"*) seeks a stay of this case so that standing issues can be resolved in bankruptcy court. The Plaintiff is not in bankruptcy, but ownership of the patent-in-suit is now at issue in the case of *In re Karl Hansen and Lisa Hansen*, 12-11907-JMD (United States Bankruptcy Court, District of New Hampshire). The pleadings setting forth the bankruptcy issue have previously been provided to this Court at Dkt. 213 and Dkt. 217 (Bankruptcy Dkt. 39 and 46). SyncPoint holds the patent by virtue of an assignment from Karl Hansen. In a 2012 bankruptcy, Hansen's schedule listed patents and it was understood that among the patents was the one which became the patent-in-suit. When the bankruptcy closed, scheduled assets were abandoned back to the debtor. Hansen assigned the patent to SyncPoint over two years later. The bankruptcy trustee now challenges the sufficiency of the schedule disclosure and seeks to sell the patent-in-suit as unscheduled property remaining in Hansen's bankruptcy estate. The proposed sale is to Defendant PixArt Imaging, Inc.

Hansen and SyncPoint oppose the trustee's actions in the bankruptcy court. All of which leaves standing in this case disputed.

**Governing Law:**

The legal standard for consideration of stay requests is well-known: "The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In striking that balance, courts typically consider three factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify issues in question and trial of the case, and; (3) whether discovery is complete and whether a trial date has been set. *Soverain Software LLC,* 356 F.Supp.2d at 662. "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on those factors." *EchoStar Techs. Corp. v. TiVo, Inc.,* No. 5:05-CV-00081, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

**Analysis:**

The benefits of stay here outweigh the costs. Neither the Court nor the parties would benefit from litigating the patent-in-suit while standing is disputed. With trial little more than four months away, many deadlines are approaching in quick succession. *See* Dkt. 202. Were this motion to go through the month-and-a-half of a full briefing cycle, the deadlines that would expire in the interim would include rebuttal expert reports, completion of expert discovery, and the filing of dispositive and *Daubert* motions. *Id*. These facts support not only a stay, but also expedited briefing. The proposed sale is to Defendant PixArt, so Defendants have had an ample opportunity to develop a position. Though asked, Defendants have not given their position on the stay. There would be no tactical disadvantage to Defendants, because the stay is sought at a time when Defendants have expert reports from the Plaintiff but the Plaintiff does not yet have the

reports of the Defendants. The stay would simplify issues because it would avoid litigation and trial where, potentially, the patent-in-suit does not belong to the Plaintiff.

**Conclusion:**

Plaintiff asks that the Court stay this case until ownership of the patents-in-suit has been finally determined in bankruptcy proceedings.

Dated: December 31, 2015                              Respectfully Submitted,

/s/ D. Jeffrey Rambin
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
D. Jeffrey Rambin
State Bar No. 00791478
jrambin@capshawlaw.com
CAPSHAW DERIEUX, L.L.P.
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 845-5770

Joseph G. Pia
State Bar No. 24093854
joe.pia@padrm.com
Pia Anderson Dorius Reynard & Moss
TX: 904 Meadow Lane
Southlake, Texas 76092
UT: 222 South Main St., Suite 1830
Salt Lake City, Utah  84101
Phone: (801) 350-9000
Fax: (801) 350-9010

*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiff and counsel for Defendants in this case met and conferred regarding the relief requested in this motion, and that Defendants have not given their position on the motion.

/s/ D. Jeffrey Rambin

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 31, 2015.

/s/ D. Jeffrey Rambin