# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TEXAS

## MARSHALL DIVISION

| | |
|---|---|
| SYNCPOINT IMAGING, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 2:15-cv-00247-JRG-RSP |
| NINTENDO OF AMERICA, INC., et al. | |
| Defendants. | |

## DEFENDANT PIXART IMAGING INC.'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS AS MOOT

## TABLE OF CONTENTS

**Page**

I.   Introduction ........................................................................................................ 1

II.  Argument ........................................................................................................... 2

      A.   Legal Standards Applicable to Dismissal ................................................. 2

      B.   This Matter Should Be Dismissed With Prejudice ................................... 3

      C.   Defendants Should Be Deemed the Prevailing Parties .......................... 12

III. Conclusion ....................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Balt. & Ohio Chi. Terminal R.R. Co. v. Wis. Cent. Ltd.*,
  154 F.3d 404 (7th Cir. 1998) ................................................................................. 14

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*,
  532 U.S. 598 (2001) ...................................................................................... 3, 12, 15

*Cantrell v. Int'l Brotherhood of Elec. Workers*,
  69 F.3d 456 (10th Cir. 1995) ................................................................................. 12

*Credit Card Fraud Control Corp. v. Maxmind, Inc.*,
  2016 WL 3355163 (N.D. Tex. April 7, 2016) ......................................................... 6

*Dean v. Riser*,
  240 F.3d 505 (5th Cir. 2001) ............................................................................ 12, 13

*Elbaor v. Tripath Imaging, Inc.*,
  279 F.3d 314 (5th Cir. 2002) ............................................................................... 3, 9

*Former Employees of Motorola Ceramic Prods. v. United States*,
  336 F.3d 1360 (Fed. Cir. 2003) .............................................................................. 3

*Highway Equipment Co., Inc. v. FECO, Ltd.*,
  469 F.3d 1027 (Fed. Cir. 2006) ........................................................................ 3, 12

*Hopkins Manufacturing Corp. v. Cequent Performance Products, Inc.*,
  2016 WL 7188281 (D. Kan., December 12, 2016) ................................................. 6

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*,
  628 F.3d 157 ( 5th Cir. 2010) .............................................................................. 3, 9

*Inland Steel Co. v. LTV Steel Co.*,
  364 F.3d 1318 (Fed. Cir. 2004) ............................................................ 3, 6, 13, 14, 15

*Manildra Milling Corp. v. Ogilvie Mills, Inc.*,
  76 F.3d 1178 (Fed. Cir. 2003) ................................................................................ 3

*Mars, Inc. v. Coin Acceptors, Inc.*,
  527 F.3d 1359 (Fed. Cir. 2008) .............................................................................. 7

*McCurdy v. California Chicken Cafe LP*,
  2014 WL 1101546 (Cal. Superior Ct.) .................................................................. 13

*Miles v. State of California*,
  320 F.3d 986 (9th Cir. 2003) ................................................................ 13

*New World Int'l, Inc. v. Ford Glob. Techs., LLC*,
  Case No. 3:16-CV-1112-M, 2017 WL 1078525 (N.D. Tex. Mar. 22, 2017) ...................... 7, 8

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
  130 S.Ct. 1744 (2014) ...................................................................... 10

*Oscar v. Alaska Dept. of Educ. and Early Development*,
  541 F.3d 978 (9th Cir. 2008) ............................................................... 13

*Pi-Net Int'l, Inc. v. Focus Bus. Bank*,
  Case No. 5:12-CV-04958-PSG, 2015 WL 1538259 (N.D. Cal. Apr. 6, 2015) ..................... 8

*PPG Industries Inc. v. Celanese Polymer Specialties Co.*,
  840 F.2d 1565 (Fed. Cir. 1988) ............................................................ 14

*Pragmatus Telecom LLC v. Newegg Inc.*,
  625 Fed. Appx. 528, 2015 WL 4603727 ...................................................... 15

*Qimonda AG v. LSI Corp.*,
  857 F. Supp. 2d 570 (E.D. Va. 2012) ........................................................ 8

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*,
  402 F.3d 1198 (Fed. Cir. 2005) ............................................................. 7

*Schwartz v. Folloder*,
  767 F.2d 125 (5th Cir. 1985) ............................................................... 3

*Visto Corp. v. Sproqit Technologies, Inc.*,
  2007 WL 160942 (N.D. Cal. Jan. 17, 2007) .................................................. 13

**Statutes**

35 U.S.C. § 285 ............................................................................ 12

**Rules**

Fed. R. Civ. P. 41(a)(2) .................................................................... 2

**Other Authorities**

Black's Law Dictionary (7th ed. 1999) ..................................................... 12

Defendant PixArt Imaging, Inc. ("PixArt") submits this brief in response to Plaintiff SyncPoint Imaging, LLC's ("SyncPoint") motion to dismiss the case as moot.  Dkt. No. 260 ("Motion to Dismiss").  PixArt does not oppose dismissal of the action, but objects to Plaintiff's attempt to have the Court enter dismissal without prejudice with each side to bear its own costs and fees.  The proposed order fails to identify Defendants as the prevailing parties, which they are for the purpose of awarding fees and costs pursuant to Fed. R. Civ. P. 54(d)(1) and (2), 35 U.S.C. § 285, and 28 U.S.C. § 1920.  PixArt requests that dismissal be entered with prejudice, that Defendants be declared the prevailing parties, and that the Court retain jurisdiction to consider Defendants' motions for attorney's fees and costs.  Alternatively, PixArt requests leave to seek summary judgment of invalidity and/or no infringement based on invalidity, and corresponding entry of judgment in favor of Defendants, so that Defendants are necessarily the prevailing parties and can move for an award of fees and costs.

## I.      Introduction

In February 2015, SyncPoint filed suit against PixArt and Nintendo Co., Ltd. and its related entities (collectively, "Defendants") for infringement of U.S. Patent No. 6,275,214 ("the '214 patent"), also suing PixArt for breach of an expired license agreement between it and Karl Hansen (sole owner of SyncPoint) and Brilliant Points (another Hansen entity).  It dragged Defendants through a lengthy and costly legal battle for the past two years over demonstrably frivolous claims of infringement of a patent that has been declared invalid in each of simultaneous reexamination and *inter partes* review proceedings.  Now, after forcing Defendants to spend millions of dollars on legal services, SyncPoint seeks to dismiss the case for mootness and walk away from the entire proceeding as if it never happened.

But the events that triggered SyncPoint's motion to dismiss should not be lost on the Court.  SyncPoint seeks dismissal not because the issues suddenly became moot, but because it lost on every critical issue in this case, and no viable claims remain.  In each of those points, Defendants prevailed.  All of this took place **before** SyncPoint lost ownership of, and all rights associated with, the '214 patent in a recent Bankruptcy Court decision that SyncPoint contends renders the infringement, validity, and breach of contract issues moot.  Defendants have prevailed on every significant issue and have successfully defended themselves against all claims asserted in the Complaint.  It was Defendants' defensive actions that have rendered the matter moot and changed the position of the parties.  PixArt's purchase of the patent assets was simply the final nail in the coffin of an already dead case.

When the parties recently conferred regarding SyncPoint dismissing this case, Defendants requested that dismissal pursuant to Fed. R. Civ. P. Rule 41(a)(2) should be "with prejudice," and that any order of dismissal should declare Defendants as prevailing parties. SyncPoint would not stipulate to dismissal on these terms, and instead filed its motion to dismiss for mootness—forcing PixArt to once again incur fees and costs to set the record straight.  Under the circumstances of this case, the Court has discretion to order dismissal "with prejudice." Furthermore, as a matter of law, Defendants should be declared "prevailing parties" for purposes of seeking recovery of their fees and costs.

## II.    Argument

### A.    Legal Standards Applicable to Dismissal

After an opposing party has answered the complaint or moved for summary judgment, Rule 41(a)(2) allows a plaintiff to voluntarily dismiss its case only by court order and only "on terms the court considers proper."  Fed. R. Civ. P. 41(a)(2).  "As expressly provided in Rule 41,

the district court has discretion to condition the plaintiff's voluntary dismissal on terms that would avert any prejudice to the defendant, including dismissing the case 'with prejudice.'" *Highway Equipment Co., Inc. v. FECO, Ltd.*, 469 F.3d 1027 (Fed. Cir. 2006). "The primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (internal citations omitted). "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice…" *Id.* "Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on re-filing deprive the defendant of a limitations defense." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 163 ( 5th Cir. 2010).

The law of the Federal Circuit applies to define the meaning of "prevailing party" in the context of patent litigation. *Inland Steel Co. v. LTV Steel Co.,* 364 F.3d 1318, 1320 (Fed. Cir. 2004) (citing *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1181 (Fed. Cir. 2003)). "[T]o be a prevailing party, one must 'receive at least some relief on the merits,' which 'alters…the legal relationship of the parties.'" *Id. (*quoting *Former Employees of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1364 (Fed. Cir. 2003), quoting in turn *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-05 (2001)). A dismissal with prejudice is tantamount to a judgment on the merits. *Schwartz v. Folloder,* 767 F.2d 125, 130 (5th Cir. 1985).

### B.      This Matter Should Be Dismissed With Prejudice

SyncPoint seeks dismissal pursuant to Rule 41 on the basis that this case is moot because PixArt purchased the patent-at-issue and all related causes of action following proceedings

3

regarding ownership of the patent in *In re Karl Hansen and Lisa* Hansen, Case No. 12-11907-JMD (United States Bankruptcy Court, District of New Hampshire) ("Bankruptcy Action"). Motion to Dismiss at 2.  SyncPoint claims that as a result of the purchase, it no longer has a continuing interest in this case, making dismissal for mootness appropriate.  *Id*. at 2-3.  SyncPoint goes so far as to equate what was effectively a forced sale of the patent assets to PixArt, to a settlement of the litigation by PixArt purchasing the assets—even though SyncPoint fought the sale of the patent assets tooth and nail and received **nothing** in return.  *Id*. at 3.  But what SyncPoint has failed to put into its Statement of Facts is that prior to its forced assignment of the patent assets to PixArt, it had lost on every critical issue in this case and no viable claims remained.  By way of example, PixArt had already prevailed in invalidating the claims well before any assignment.

SyncPoint's case was doomed from the start—in fact, it should never have been filed in the first place.  SyncPoint based its entire action on a wholly implausible infringement theory: that the "external cursor" limitation (a visible cursor projected by the user onto a screen) in the claims is satisfied by two light spots from an infrared light bar that rests above or below a screen onto which a computer-generated image is projected (*e.g.*, a television or computer monitor) that are captured on the image array of the Nintendo Wii hand-held remote.  This incredibly twisted reading of the claims onto the accused devices was completely undone when this Court issued its *Markman* order, rejecting SyncPoint's "invisible cursor" theory and declaring that an external cursor must be a "movable visible mark that is generated by some device other than the computer and that indicates a position on the display for the output of the computer" [Docket No. 230 at p. 25] SyncPoint alleged infringement notwithstanding that Hansen led PixArt to believe back as early as 2008 when the parties entered into their license agreement that PixArt's sales to

Nintendo were not covered by the '214 patent.  Even when the Court construed the claims to definitively require a movable visible external cursor, SyncPoint refused to dismiss its infringement claim.

SyncPoint dragged Defendants through a lengthy and costly legal battle for the past two years, forcing Defendants to spend millions of dollars on legal services—including an opposed motion by PixArt to compel contractual arbitration, claim construction, extensive fact discovery (including discovery into representations made by Karl Hansen during bankruptcy proceedings that directly contradicted SyncPoint's litigation claims, as well as irregularities in the assignment of the patent-in-suit prior to the litigation that put SyncPoint's standing to sue into question, and that ultimately led to the assignment of the '214 patent to PixArt), mediation, engagement of experts and preparation of expert reports.

SyncPoint also failed to set forth the fact that months prior to the bankruptcy court's decision that resolved the Bankruptcy Action, the '214 patent was invalidated in two simultaneous validity challenges at the Patent Office, including a third-party *ex parte* reexamination in which the claims were rejected under 35 U.S.C. § 103, and an *inter partes* review **initiated by PixArt** in which the claims were rejected under 35 U.S.C. § 102.  Even then, SyncPoint refused to dismiss its action against PixArt, forcing PixArt to proceed with its contested purchase of the patent assets in the Bankruptcy Action.

SyncPoint's contention that this case must be dismissed as moot is not supported by relevant case law.  In *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318 (Fed. Cir. 2004), the Federal Circuit faced a procedural posture similar to this case.  The district court effectively stayed the litigation pending the resolution of reexamination proceedings in the Patent Office. Following the reexamination, which ended in cancellation of the patents (just as the '214 patent

has been cancelled), the district court, on defendant's motion, reopened the case and entered judgment dismissing the case with prejudice in favor of the defendant. The district court dismissed the counterclaims made by defendant as moot in light of the reexamination, but did enter judgment in favor of the defendant on the issue of infringement. The Federal Circuit considered the case, and it did not indicate or raise the issue of mootness when the district court entered judgment. *Id.* at 1320.

Similarly, in *Credit Card Fraud Control Corp. v. Maxmind, Inc.*, 2016 WL 3355163 (N.D. Tex. April 7, 2016), the Northern District of Texas considered a patent infringement action, which was stayed pending a petition with the Patent Trial and Appeal Board. *Id.* at *1. The patent owner filed a request for cancellation and adverse judgment with the PTAB, which then cancelled the patent claim. At the parties' request, the district court entered an order of dismissal but specifically retained jurisdiction to hear motions for attorneys' fees. There was no finding of mootness such that the district court did not have the authority to enter an order of dismissal. *Id.; see also Hopkins Manufacturing Corp. v. Cequent Performance Products, Inc.*, 2016 WL 7188281, *5 (D. Kan., December 12, 2016) ("[T]he district court's entry of judgment is necessary to confer status as a prevailing part in order to seek attorney's fees under § 285 of the Patent Act. The adverse judgment entered in the USPTO did not resolve the case in this Court. Therefore, this case is not moot.").

The cases recited by SyncPoint for the proposition that dismissal for mootness without prejudice is appropriate in this case where it no longer owns either the patent at issue or the associated claims following lengthy litigation in which all the significant issues have been decided against it are inapposite. The cases fail to address whether defendants should be declared prevailing parties. In *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359 (Fed. Cir.

6

2008), the issue was not whether the action should be dismissed as to plaintiff Mars, Inc. (which was the prevailing party in the litigation), but whether it was entitled to recover damages for the period of infringement during which it did not hold title to the patent at suit.  In *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198 (Fed. Cir. 2005), the plaintiff Schreiber Foods owned rights to the patent at suit when the case was filed and prevailed at trial and was awarded damages, but the judgment was vacated under Rule 60(b) when evidence came to light that plaintiff had transferred the patent rights to a subsidiary that was not a party to the suit.  The issue decided by the court was whether the plaintiff could reacquire its stake in the patent litigation by reacquiring the patent at issue before entry of judgment.  The Federal Circuit concluded that plaintiff cured the jurisdictional defect that had existed before the entry of judgment and thus the judgment was not void and the district court's holding to the contrary under Rule 60(b) was erroneous.  *Id.* at 1204.  In neither of these cases was the case dismissed for mootness.  In both cases, the loss of title was the result of plaintiff's own negligence in transferring title, not from a court-ordered assignment following a challenge by defendant.

The remaining cases cited by SyncPoint in support of its argument that the case should be dismissed without prejudice because it is moot are equally irrelevant to whether the case should be dismissed with prejudice or Defendants should be declared prevailing parties.  In *New World Int'l, Inc. v. Ford Glob. Techs., LLC*, Case No. 3:16-CV-1112-M, 2017 WL 1078525 (N.D. Tex. Mar. 22, 2017), the district court was asked to decide at the outset of the case, on a Rule 12(b) motion, whether the case should be dismissed because the court lacked subject matter jurisdiction over the action in which plaintiffs sought declaratory judgment of invalidity and non-infringement of certain design patents.  The district court granted the motion in light of the fact that the named defendant had transferred its rights to four of the patents to a subsidiary, which

7

was not a named party, prior to the filing of the Amended Complaint, and had transferred the rights to the remaining, fifth patent soon after the Amended Complaint was filed and before the motion to dismiss.  Because the subsidiary, which now owned all rights in the patents, was not a party to the case and not subject to personal jurisdiction of the court, the 12(b)(1) motion was granted.  *Id.* at *9.  Similarly, in *Pi-Net Int'l, Inc. v. Focus Bus. Bank*, Case No. 5:12-CV-04958-PSG, 2015 WL 1538259 (N.D. Cal. Apr. 6, 2015), the district court granted a Rule 12(b)(1) motion after the plaintiff corporation lost standing to sue for infringement of the asserted patents by executing two agreements assigning all right, title and interest in and to the asserted patents to its president.  Unlike the present case, however, the action in *Pi-Net Int'l had* been stayed at the outset of the litigation pending the result of a Patent Office review, and the court had made no rulings in the case.

Finally, in *Qimonda AG v. LSI Corp.*, 857 F. Supp. 2d 570, 579 (E.D. Va. 2012), the issue before the district court was whether plaintiff lost standing to sue for patent infringement when, during a stay that was imposed at the outset of the litigation while parallel infringement proceedings under 19 U.S.C. § 1337 before the International Trade Commission were held, plaintiff filed for bankruptcy in Germany and all rights in its patents were assumed by the bankruptcy estate.[1]  The district court treated the motion to dismiss for lack of standing as a motion pursuant to Rule 12(b)(1), and held that the court no longer held subject matter jurisdiction in that the bankruptcy estate now owned the right to sue, not the plaintiff.  *Id.* at 581. Not only was *Qimonda* decided on a motion at the outset of the case before the district court had

---

[1] A further distinction between the cases is readily apparent in that in *Qimonda*, the patent holder readily identified his patents as valuable assets of the estate and did not maintain rights to them, *id.* at 572-3*,* whereas in the present case, Hansen told the bankruptcy court and trustee when he filed for  bankruptcy in 2012 that his patents had no value, which resulted in Hansen keeping the patent that SyncPoint sued Defendants for infringing.

taken any action, but the company had been successful in its ITC action, whereas SyncPoint has lost on the critical issues that have been decided before this Court and at the Patent Office.

SyncPoint's request that the Court dismiss the action based upon mootness unconditionally and without prejudice invites legal error.  Defendants will be unfairly affected and suffer "plain legal prejudice" if SyncPoint's motion is granted.  "[A]s a general rule, motions for voluntary dismissal should be freely granted **unless the non-moving party will suffer some plain legal prejudice**…"  *Elbaor v. Tripath Imaging, Inc.*, *supra*, 279 F.3d at 317 (emphasis added).  "Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on re-filing deprive the defendant of a limitations defense."  *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, supra, 628 F.3d at 163.

Defendants have been forced to defend this frivolous case for more than two years: fighting the sham infringement claims that were effectively eliminated when the Court issued its *Markman* order; successfully challenging the validity of the patent; and uncovering acts of deception that put SyncPoint's standing to sue into question and that ultimately led to a contested Bankruptcy hearing.  After hearing arguments and witnesses from both sides, the Bankruptcy Court determined that PixArt's offer to purchase the assets was preferable to allowing SyncPoint to prosecute its claims against PixArt given its inability to demonstrate a reasonable likelihood of success.  Having prevailed at the bankruptcy hearing, PixArt purchased the '214 patent and all associated claims, leaving SyncPoint with no claims left to pursue.  The Court should dismiss the case "with prejudice" and put an end to SyncPoint's affirmative case.

Furthermore, it would be unfair and highly prejudicial to Defendants to grant the unconditional dismissal sought by SyncPoint, as it would preclude them from exercising their

right to seek attorney fees and costs as the prevailing parties in this clearly exceptional case.  *See*

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 130 S.Ct. 1744, 1756 (2014) ("[A]n

'exceptional' case is one that stands out from others with respect to the substantive strength of a

part's litigating position (considering both the governing law and the facts of the case) or the

unreasonable manner in which the case was litigated.").  SyncPoint's infringement allegations

were absurd from the start—the '214 patent claims a computer presentation system incorporating

a visible cursor projected by the user onto a screen (e.g., a user shining a laser pointer onto a

screen showing a projected image), but SyncPoint tried to read the claims on Nintendo's Wii

gaming system, which lacks a user-projected visible cursor.  This was after SyncPoint led PixArt

to believe back as early as 2008 when the parties entered into their license agreement that

PixArt's sales to Nintendo were not covered by the '214 patent.  Even when the Court construed

the claims to definitively require a visible external cursor, SyncPoint refused to dismiss its

infringement claim.

But the ridiculous infringement position taken by SyncPoint is just part of what makes

this case exceptional.  The '214 patent was invalidated in two simultaneous validity challenges at

the Patent Office, including an *ex parte* reexamination in which the claims were rejected under

35 U.S.C. § 103 and an *inter partes* review in which the claims were rejected under 35 U.S.C.

§ 102.  Even then, SyncPoint refused to dismiss its action against PixArt.

Just as SyncPoint has refused to dismiss with prejudice, requiring PixArt to oppose its

motion, other actions by SyncPoint throughout the litigation unnecessarily multiplied the fees

incurred by PixArt.  Early on, PixArt invoked the arbitration provision of its license agreement

with Mr. Hansen and sought to arbitrate the patent infringement and breach of contract claims

asserted against it.  SyncPoint rejected arbitration, forcing extensive motion practice as it sought

to keep the breach of contract claim in this Court.  Two years later, SyncPoint did an about face, arguing to the Bankruptcy Court that the breach of contract claim should in fact be arbitrated, contradicting its prior arguments before this Court.  Declaration of Rick Chang in support of Response, Exh. A at 12 (Debtor's [SyncPoint and Karl & Lisa Hansen] Objection/Counteroffer to Trustee's Motion for Sale or Other Disposition of Patent Assets).

Equally disturbing, however, is that discovery revealed that Karl Hansen and Plaintiff engaged in multiple misrepresentations and deceptions, including possible fraud, related to this litigation and that ultimately led to the present motion to dismiss all claims.  Karl Hansen misrepresented to the bankruptcy trustee in his 2012 Chapter 7 bankruptcy proceeding before the Bankruptcy Court for the District of New Hampshire that his patents had no value and that he had no claims against anyone, including PixArt; his representations allowed him to keep the patents rather than have them become property of the bankruptcy estate.  SyncPoint—which is Karl Hansen—knew this when it filed its Complaint in 2015.  But after suing PixArt and Nintendo, SyncPoint and its counsel apparently recognized the potential problems Hansen's representations created in the event that he recovered any money from the present litigation. They reopened the bankruptcy proceedings to explain away those representations, at which point PixArt offered to buy the assets from the bankruptcy estate.  *See* SyncPoint's Motion to Dismiss Exh. B. After briefing and an evidentiary hearing, the Bankruptcy Court rejected SyncPoint's argument that it should be allowed to retain the assets and pursue the litigation, and ordered that the assets be sold to PixArt to ensure creditors of the bankruptcy estate would be reimbursed. Memorandum Opinion, attached as Exhibit B to Motion to Dismiss, at 24.  Likewise, discovery also revealed that SyncPoint lacked standing to bring suit in light of an improper series of assignments of the patent from Karl Hansen to SyncPoint.

11

In view of the vexatious and frivolous litigation conduct by SyncPoint and to avoid harm and plain legal prejudice to Defendants, the Court should dismiss the case "with prejudice" in recognition that the claims asserted in the Complaint have been disposed of in Defendants' favor and cannot be reasserted against Defendants, and to ensure that Defendants are identified as prevailing parties.  Defendants also ask the Court to maintain jurisdiction to hear their requests for recovery of fees and costs.

### C.      Defendants Should Be Deemed the Prevailing Parties

The Patent Act's fee-shifting provision authorizes district courts to award reasonable attorney's fees to prevailing parties in exceptional cases.  35 U.S.C. § 285.  A "prevailing party" is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. at 603 (quoting Black's Law Dictionary (7th ed. 1999)).  The focus is not on a party's voluntary change in conduct, but whether there is a "material alteration" or "judicially sanctioned change in the legal relationship of the parties."  *Id*. at 605.  A case dismissed with prejudice is considered a judgment on the merits such that the opposing party may be presumed the prevailing party. *Highway Equipment*, *supra*, 469 F.3d at 1035.  Some courts have ruled that "a defendant is a prevailing party under Rule 54 when, in circumstances not involving a settlement, the plaintiff dismiss its case against the defendant, whether the dismissal is with or without prejudice." *Id*. (quoting *Cantrell v. Int'l Brotherhood of Elec. Workers*, 69 F.3d 456, 456 (10th Cir. 1995) (en banc)).  In the Fifth Circuit, defendant is prevailing party if it "can demonstrate that the plaintiff withdrew to avoid a disfavorable judgment on the merits." *Dean v. Riser*, 240 F.3d 505, 509 (5th Cir. 2001).

Plaintiff has asked the Court to enter dismissal without prejudice to avoid that presumption.  A dismissal without prejudice is generally "not a decision on the merits" and "does not constitute a change in the legal relationship of the parties because the plaintiff is free to re-file its action."  *McCurdy v. California Chicken Cafe LP*, 2014 WL 1101546, *3 (Cal. Superior Ct.) (quoting *Oscar v. Alaska Dept. of Educ. and Early Development*, 541 F.3d 978, 981 (9th Cir. 2008)); *Dean v. Riser*, 240 F.3d 505, 509 (5th Cir. 2001).   However, a "dismissal without prejudice may constitute a material alteration of the legal relationship of the parties where further proceedings are precluded." *McCurdy*, 2014 WL 1101546 *3 (citing *Miles v. State of California*, 320 F.3d 986, 989 (9th Cir. 2003)).   Moreover, a party's motive for agreeing to dismissal is not relevant to determining whether the other party is a prevailing party.  *Visto Corp. v. Sproqit Technologies, Inc.*, 2007 WL 160942 (N.D. Cal. Jan. 17, 2007) (ruling that where a patentee provided a covenant not to sue to moot accused infringer's declaratory judgment, accused infringer was still a prevailing party, noting that "[I]n *Highway*, the Federal Circuit did not indicate that a party's motive for giving a covenant not to sue is relevant to determining whether the other party is a prevailing party.")

The Court should exercise its discretion and dismiss this action with prejudice pursuant to Rule 41(a)(2).  The dual decisions from the Patent Office invalidating the claims of the '214 patent have materially altered the legal relationship of the parties because SyncPoint is precluded from pursuing its patent infringement claims against the Defendants.  In such circumstances, the defendant is a prevailing party. *See Inland Steel Co. v. LTV Steel Co.*, *supra*, 364 F.3d at 1320.

13

In *Inland Steel*, the district court dismissed the case with leave to reinstate pending the resolution of reexamination proceedings in the Patent Office.[2]  Following the reexamination, the district court reopened the case and entered judgment dismissing the case with prejudice in favor of defendant USX.  Although the district court dismissed the invalidity contentions as moot in light of the PTO's reexamination, the district court did enter judgment in USX's favor on the issue of infringement.  The Federal Circuit held that this is relief on the legal merits that alters the legal relationship of the parties.  *Id.* at 1320.  USX was deemed the prevailing part on a claim adjudicated by the district court, even though it initially prevailed on the issue of invalidity in a different forum.  *Id.*

Even if the Court dismisses this case without prejudice, Defendants should still be declared the prevailing parties, as the claims asserted by SyncPoint have been gutted.  *See PPG Industries Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565, 1567 (Fed. Cir. 1988) (although the court did not expressly determine that the defendant was a prevailing party, the court awarded attorney fees to the defendant following the reopening of a case in which the district court stayed the action pending a reissue examination that resulted in the Patent Office canceling the patent).  Here, the '214 patent was invalidated by both *ex parte* re-examination and *inter partes* review, nullifying the infringement claim.  Moreover, the assignment of the '214 patent and associated legal claims to PixArt nullified the breach of contract claim.

Because SyncPoint has no basis to continue the present action and res judicata precludes it from re-filing its claims, the legal relationship between SyncPoint and Defendants has been materially altered, and Defendants should be declared prevailing parties.  *Inland Steel Co. v. LTV*

---

[2] The court noted that under Seventh Circuit law, a dismissal with leave to reinstate is treated as if it were a stay.  *Inland Steel Co. v. LTV Steel Co.*, *supra*, 364 F.3d at 1320 (citing *Balt. & Ohio Chi. Terminal R.R. Co. v. Wis. Cent. Ltd.*, 154 F.3d 404, 408 (7th Cir. 1998)).

*Steel Co.*, *supra*, 364 F.3d at 1321 ("[B]ecause here the district court entered a final judgment in favor of USX not in response to a motion to dismiss by the plaintiff, but in response to a request by USX for judgment based on the action of the PTO in canceling the patent in suit, . . . USX must be regarded as the prevailing party."); *Pragmatus Telecom LLC v. Newegg Inc.*, 625 Fed. Appx. 528, 529, 2015 WL 4603727, *1-3 ("To the extent the district court interprets our precedents to require a prevailing part to have won a dispute or benefitted from a substantive court decision, the district court is incorrect.  Such a requirement goes beyond the Supreme Court's statements in *Buckhannon*, which require only that the party has obtained a 'judgment on the merits,' resulting in a 'corresponding alteration in the legal relationship of the parties [.] 'The dismissal of a claim with prejudice . . . is a judgment on the merits under the law of the Federal Circuit.'").

## III.    Conclusion

SyncPoint's motion to dismiss the present litigation on the basis of mootness is a transparent attempt to avoid dismissing the case "with prejudice" and identifying Defendants as the prevailing parties, done to avoid attorney fees and costs for engaging in vexatious litigation and litigation misconduct.  PixArt respectfully requests the Court to enter an order dismissing the case with prejudice and declaring Defendants prevailing parties for purposes of 35 U.S.C. § 285 and Rule 54(d).  If the Court decides that to be a "prevailing party" Defendants must have won a dispute or benefitted from a substantive court decision, PixArt seeks leave to move for summary judgment of invalidity and/or no infringement based on invalidity, and corresponding entry of judgment in favor of Defendants.

Dated:  June 14, 2017

Respectfully submitted,

*/s/* Duane Mathiowetz

Duane H. Mathiowetz (CA Bar No. 111831)
   *(admitted in the E.D. Texas)*
Rick C. Chang (CA Bar No. 209515)
   *(admitted in the E.D. Texas)*
LECLAIRRYAN, LLP
44 Montgomery Street, 31st Floor
San Francisco, CA 94104
Tel:    (415) 391-7111
Fax:    (415) 391-8766
duane.mathiowetz@leclairryan.com
rick.chang@leclairryan.com

Attorneys for Defendant
PIXART IMAGING, INC.

### Certificate of Service

On June 14, 2017,  I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

 /s/ Rick Chang