# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

**SYNCPOINT IMAGING, LLC**, a Texas Limited Liability Company,

    Plaintiff,

v.

**NINTENDO OF AMERICA INC.**, et al.

    Defendants

Civil Action No. 2:15-cv-247-JRG-RSP

**PLAINTIFF'S OBJECTION TO ORDER AND REPORT & RECOMMENDATION DENYING PLAINTIFF'S MOTION TO DISMISS THE CASE AS MOOT**

### I. INTRODUCTION

Plaintiff SyncPoint Imaging, LLC ("SyncPoint") respectfully objects to the Magistrate Judge's Report and Recommendation ("Report", Dkt. 279) to deny SyncPoint's motion to dismiss the case as moot *without* prejudice. The Report errs by (1) incorrectly concluding that the Court can make a final judgment on the merits as to the breach of contract and infringement claims without having Article III jurisdiction; and (2) incorrectly concluding that Defendants would be prevailing parties when they have not received an adjudication on the merits. The Report runs contrary to long-standing jurisdictional law and should not be adopted.

### II. THIS UNIQUE CASE IS DISTINGUISHABLE FROM *INLAND STEEL*

The Report concludes that "the patent-in-suit was invalidated . . . before SyncPoint lost ownership of patent, and that entitles defendants to a judgment on the merits, which must necessarily be with prejudice." Dkt. 279 at 1. The recommendation is premised on an incorrect application of *Inland Steel Co. v. LTV Steel Company*, 364 F.3d 1318 (Fed. Cir. 2004). In *Inland Steel*, the district court stayed a patent infringement case pending the outcome of a reexamination for judicial economy. The USPTO cancelled the patent-at-issue, the stay was lifted, and defendant moved for a judgment on the merits. *Id.* The district court **dismissed the invalidity counterclaims as moot** and only entered judgment on the merits on infringement. *Id.*

Unlike *Inland Steel*, the present case was necessarily stayed because a genuine issue of Article III jurisdiction was raised by a reopened bankruptcy proceeding where the Trustee purported to sell the patent-at-issue to one of the Defendants without the knowledge or acquiescence of the patent owner. Dkt. 233. As PixArt notes, SyncPoint opposed the sale, distinguishing this from cases where vanquished plaintiffs unilaterally divest the Court of jurisdiction to evade a motion for attorney's fees. PixArt Opposition, Dkt. 265 at 4.

During the stay, the USPTO cancelled the patent-at-issue. However, the patent ownership

1

issues that necessitated the stay threatened to cause vacatur of the IPR and reexamination for failure to name a real party in interest. To prevent any challenge to the IPR and reexamination, Defendants PixArt Imaging Inc. ("PixArt"), Nintendo of America Inc., and Nintendo Co., Ltd. (collectively "Nintendo") orchestrated a sale of the patent-at-issue and related claims to PixArt, which also directly benefitted Nintendo, PixArt's indemnitee. In doing so, Defendants ensured that the case would be dismissed by divesting the Court of Article III jurisdiction and the ability to render a decision on the merits as to any of SyncPoint's claims. Defendants, without moving for a judgment on the merits on infringement or breach of contract, now demand the very thing that they deliberately prevented: judgment on the merits and a determination that they are prevailing parties.

### III. THE REPORT ERRS BY RECOMMENDING AN ADJUDICATION ON THE MERITS WHEN THE COURT LACKS ARTICLE III JURISDICTION

The Court cannot adjudicate the infringement claim on its merits. Although there has been an IPR and a reexamination, the Court lacks Article III jurisdiction to translate the USPTO findings into a judgment on the merits to which either party would be entitled. The Supreme Court has identified this irresistible urge of a Court to reach what it has called an "easy merits question" (such as infringement of a cancelled patent) without jurisdiction as making a "decis[ion] *on the assumption* of jurisdiction." *Steel Co.* 523 U.S. at 99. However, "[h]ypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion, disapproved by the Court from the beginning." *Id.* at 101. The Supreme Court, recognizing the harshness of this rule, explained, "[m]uch more than legal niceties are at stake here. The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and even restraining them from acting permanently regarding certain subjects." *Id.*

SyncPoint's sale of the patent and claims at issue to Defendant PixArt mooted the case. *See*

*Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1370 (Fed. Cir. 2008) (describing "the jurisdictional defect that arises when the plaintiff loses title to the patent during the litigation"); *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) ("when [plaintiff] transferred the '860 patent . . . , [plaintiff] lost standing to sue for infringement and the case became moot."). Once the case became moot, the Court lacked Article III jurisdiction to make a judgment. "If mootness occurred prior to the rendering of final judgment by the district court, vacatur and dismissal is automatic. The district court ***would not have had Article III jurisdiction to render the judgment***, and we cannot leave undisturbed a decision that lacked jurisdiction." *Goldin v. Bartholow*, 166 F.3d 710, 718 (5th Cir. 2002) (emphasis added); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 192 (2000) (district courts may not "retain jurisdiction over cases in which one or both of the parties plainly lack a continuing interest, as when the parties have settled . . ."); *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67 (1983).

Without Article III jurisdiction, the Court cannot make an adjudication on the merits. *Goldin* 166 F.3d at 717 ("A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the [underlying merit-based] issues it presents."). "The district court has no power to decide moot causes." *New Left Education Project v. Board of Regents of University of Texas System*, 472 F.2d 218, 220 (5th Cir. 1973), *vacated on other grounds*, 414 U.S. 807 (1973) ("If the case became moot before a final adjudication, we must vacate the judgment and direct that the case be dismissed.")

The Report further errs by overlooking that SyncPoint's breach of contract claim was not "extinguished by the Patent Office" in either the IPR or reexamination, because the claim did not depend on the validity of the patent-at-issue. Dkt. 279 at 1. Without Article III jurisdiction, the Court has no power to dismiss the breach of contract claim with prejudice, because "dismissal of a claim with prejudice . . . is a judgment on the merits under the law of the Federal Circuit." *Power*

3

*Mosfet Techs. LLC v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004). The Supreme Court has consistently held that "[w]ithout jurisdiction, the court **cannot proceed at all in any cause**. Jurisdiction is power to declare the law, and when it ceases to exist, **the only function remaining to the court is that of announcing the fact and dismissing the cause**." *Steel Co.*, 523 U.S. at 94 (emphasis added).

PixArt's deliberate purchase of the patent infringement claim *before a final judgment on the merits of that claim* ensured that the USPTO proceedings would remain intact, but also ensured that the Court could not make a judgment on the merits, and that Defendants would not be entitled to seek fees and costs as a prevailing party. The Report is improperly premised on the assumption that the Court has jurisdiction and discretion to dismiss the case on the merits, even though the Court lacks Article III jurisdiction because the case became moot during the stay.

### IV. THE REPORT ERRS BY RECOMMENDING DISMISSING A MOOT CASE WITH PREJUDICE

"[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Here, Defendants will not suffer legal prejudice from a dismissal without prejudice. Defendants could have elected to seek judgment on the merits in this case and potentially recover fees. Instead, Defendants elected to extinguish those rights by purchasing a cancelled patent and related rights rather than defend against infringement and breach of contract claims or vacatur of the IPR for failing to name the real party in interest. Holding Defendants to that decision does not create "plain legal prejudice." The Federal Circuit has found that voluntary action taken outside judicial proceedings which resolves the case results in a dismissal without prejudice. *See Rice Services, Ltd. v. United States*, 405 F.3d 1017, 1024-27 (Fed. Cir. 2005).

The Report relies on *H.R. Techs., Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1384 (Fed. Cir. 2002) to support its conclusion that "Defendants' answers to the complaint include requests for attorneys' fees under § 285 . . . which precludes a finding of mootness." Dkt. 279 at 2. First, PixArt never filed an Answer and therefore did not make any claim for attorney's fees. Second, unlike the defendant in *H.R. Techs.*, Nintendo did not include any counterclaim for attorney's fees. Rather, Nintendo only mentioned fees in its prayer for relief, which is only considered if it prevails on its counterclaim. Nintendo's counterclaims are moot and its prayer for relief is not an independent "claim for relief" under Fed. R. Civ. P. 8(a). It is simply a prayer and not a motion upon which the Court may rule or an outstanding claim that prevents mootness.

Dismissing as moot, like a dismissal for lack of standing, is a dismissal on jurisdictional grounds. *Iron Arrow*, 464 U.S. at 72–73. A dismissal on jurisdictional grounds cannot constitute an adjudication on the merits. *Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1332 (Fed. Cir. 2009). The Fifth Circuit has found, "[i]t is inconsistent for a district court to issue a judgment on the merits based on a finding that the court lacks subject matter jurisdiction. A decision issued by a court without jurisdiction over the subject matter is not conclusive of the merits of the claim asserted." *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986). Because the dismissal of the case cannot be on the merits there is no "leeway in crafting conditions to dismiss." *Elbaor*, 279 F.3d at 317.

The Federal Circuit explained, "[b]ecause lack of standing is not an issue that goes to the merits of the underlying patent issues, a dismissal of a complaint for lack of standing would not normally be expected to be made with prejudice." *H.R. Techs., Inc. v. Astechnologies, Inc.*, 275 F.3d at 1384. Although the Report relies on *Textile Prods., Inc. v. Mead Corp* to suggest "a dismissal for lack of standing or subject-matter jurisdiction may be *with* prejudice," Dkt. 279 at 2, the Federal Circuit "has cited *Textile Productions* . . . for the proposition that a dismissal for lack of standing

5

would ordinarily be *without prejudice*." *H.R. Techs.*, 275 F.3d at 1385 (emphasis added).

Dismissal for mootness without prejudice is especially appropriate here because there has been no substantive ruling (or even a substantive motion) on infringement or breach of contract. When the Court stayed the case, it dismissed all pending motions "without prejudice," acknowledging its uncertainty over whether it had adequate jurisdiction to provide judgment on the merits. Dkt. 232. Now that it has been established that the Court lacks jurisdiction, the Report's recommendation that a judgment "with prejudice" be entered is error that should not be adopted.

### V.    THE REPORT ERRS BY IMPLYING THAT DEFENDANTS ARE PREVAILING PARTIES

Whether or not the case is dismissed with prejudice, the Defendants are not prevailing parties. First, dismissal without prejudice does not produce a prevailing party. "[T]o prevail, a party must have received a *judicial imprimatur* tantamount to a judgment in favor of that party on the merits of the original claim." *Akers v. Nicholson*, 409 F.3d 1356, 1359 (Fed. Cir. 2005). Second, even if the Court were to impermissibly dismiss the case with prejudice, Defendants still could not be prevailing parties. A "prevailing party" must have obtained a "judgment on the merits." *Buckhannon Board & Care Home. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001); *Pragmatus Telecom LLC v. Newegg Inc.*, 625 F. App'x 528, 529 (Fed. Cir. 2015). Defendants have not received a judgment on the merits on any of SyncPoint's claims. Although Defendants filed summary judgment letter briefs, the Court, without granting leave to file full-length briefs under the then Local Rules, dismissed the letter briefs without prejudice because standing was in question. Dkts. 253, 233. When the case was reopened on SyncPoint's motion, the Court no longer had jurisdiction to entertain the refiling of those motions. PixArt, realizing this conundrum, sought leave to file a motion for summary judgment that cannot be allowed. PixArt Opp'n, Dkt. 265 at 15.

The decisions in the IPR and reexamination do not make Defendants prevailing parties. In *Inland Steel*, the defendant was the prevailing party "on a[n infringement] claim ***adjudicated by the district court*** even though it initially prevailed on the issue of invalidity in a different forum." *Inland Steel*, 364 F.3d at 1318 (emphasis added). The *Inland Steel* defendant did not prevail as to invalidity because the counterclaims "were moot in light of the PTO's decision." *Id.* at 1319. Here, the Court has not adjudicated SyncPoint's infringement claim on the merits and lacks Article III jurisdiction to do so. Although Defendants may have initially succeeded on the issue of invalidity at the USPTO, their invalidity counterclaims are likewise moot considering the USPTO's decision, and Defendants cannot be considered the "prevailing party" on the USPTO's decision alone. *See Mars, Inc. v. JCM American Corp*, No. 05-cv-03165, Dkt. 265 at 9-11 (N.J.D. July 30, 2009) (finding that defendant was not prevailing party where USPTO invalidated claims but there was no final judgment by the district court). Instead of seeking an adjudication as to infringement and breach of contract, Defendants resolved the case through the forced sale of the patent and claims, precluding its ability to seek fees and costs. Although SyncPoint can no longer bring its infringement and breach of contract claims, that determination was made outside of the district court, while "[p]revailing party status requires some judicial action that changes the legal relationship between the parties on the merits of the claim." *Akers*, 409 F.3d at 1359.

Moreover, the resolution in the bankruptcy proceeding cannot confer prevailing party status. "Approval of a [bankruptcy] settlement in no way constitutes an adjudication of the merits of the claims being settled." *In re Junk*, 566 B.R. 897, 904-05 (Bankr. S.D. Ohio 2017) (citing *In re Palm Beach Fin. Partners, L.P.*, 527 B.R. 518, 523 (Bankr. S.D. Fla. 2015).

If the Court were to declare a prevailing party, it can only be SyncPoint. Unlike Defendants, SyncPoint "receive[d] at least some relief on the merits" which "alter[ed] . . . the legal relationship of the parties." *Former Employees of Motorola Ceramic Prod. v. United States*, 336 F.3d 1360,

7

1364 (Fed. Cir. 2003) (internal citations omitted). PixArt paid $150,000 to buy the patent at issue and SyncPoint's right to pursue PixArt and Nintendo for infringement and breach of contract, giving SyncPoint relief on the merits as to both Defendants. *See Farrar v. Hobby*, 506 U.S. 103, 111-12 (plaintiff was "prevailing party" despite only recovering nominal damages); *Tyler v. Corner Const. Corp.*, 167 F.3d 1202, 1205 (8th Cir. 1999) (holding that plaintiff was "a prevailing party in his suit against the defendants because he has obtained relief in the form of a settlement that gives him a legal claim against them for $17,500"); *deSaulles v. Cmty. Hosp. of Monterey Peninsula*, 62 Cal. 4th 1140, 1157 (2016) ("the rule is that a partial recovery, as long as it is a net monetary recovery, entitles a ***plaintiff*** to costs") (emphasis added); *see In Re: Maxim Integrated Products, Inc.*, No. 12-cv-00880, Dkt. 130 at 5 (W.D.P.A. Feb 27, 2015) (***plaintiff*** "clearly prevailed" when ***defendant's indemnitor*** obtained rights the patent at issue) (emphasis added). As the Bankruptcy Judge aptly noted, PixArt's purchase "effectively settled" the dispute between the parties because SyncPoint voluntarily stipulated that it would be bound by the Bankruptcy Court's determination as to the sale of the patent, and for $150,000 exchanged its legal right to maintain an adversarial action against the estate, and to continue to pursue damages. SyncPoint's Reply, Dkt. 271 at 10. Because SyncPoint received relief on the merits and its legal relationship to both Defendants was altered, it would be the prevailing party.[1]

## VI. CONCLUSION

Based on the foregoing errors in the Report, SyncPoint respectfully requests that the Court not adopt the Report and dismiss the case as moot without prejudice.

---

[1] Although the money paid by PixArt to end the case went to pay fees owing under Mr. Hansen's bankruptcy estate instead of to the pocket of Mr. Hansen and/or his entity, SyncPoint, this distinction alone does not make Defendants prevailing parties. Any argument that PixArt's payment is not relief to SyncPoint because the payment went to Mr. Hansen's bankruptcy estate instead of directly to SyncPoint underscores the patent ownership issues that undermine the legitimacy of the IPR and reexamination.

Dated: January 29, 2018                              Respectfully Submitted,

/s/ Joseph G. Pia
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
D. Jeffrey Rambin
State Bar No. 00791478
jrambin@capshawlaw.com
CAPSHAW DERIEUX, L.L.P.
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 845-5770

Joseph G. Pia
State Bar No. 24093854
joe.pia@pa-law.com
PIA ANDERSON MOSS HOYT LLC
136 E. South Temple, 19th Floor
Salt Lake City, Utah 84111
Phone: (801) 350-9000
Fax: (801) 350-9010

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 29, 2018.

/s/ Joseph G. Pia