# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TEXAS

## MARSHALL DIVISION

SYNCPOINT IMAGING, LLC,

        Plaintiff,

    v.

NINTENDO OF AMERICA, INC., et al.

        Defendants.

Civil Action No. 2:15-cv-00247-JRG-RSP

**DECLARATION OF DUANE H. MATHIOWETZ IN SUPPORT OF
PIXART IMAGING, INC.'S JOINDER IN
NINTENDO'S MOTION FOR EXCEPTIONAL CASE ATTORNEYS FEES
UNDER 35 U.S.C. § 285**

I, Duane H. Mathiowetz do hereby declare as follows:

1.      I am an attorney duly admitted to practice before this Court and the courts in the State of California and am a Partner with the firm of Foley & Lardner LLP, counsel of record for Defendant Pix Art Imaging Inc.

2.      I hereby submit this Declaration in support of PixArt Imaging Inc.'s Joinder in Nintendo's Motion for Exceptional Case Attorney Fees under 35 U.S.C. § 285.  The facts set forth herein are within my personal knowledge and if called upon to testify, I could and would do so competently.

3.      Attached hereto as Exhibit 1 is a true and correct copy of relevant portions of the Chapter 7 Voluntary Petition for Bankruptcy submitted by Karl Hansen in Case No. 12-11907-BAH, U.S. Bankruptcy Court, D.N.H., in which Mr. Hansen declared that his patent assets had $0 value.

4.      Attached hereto as Exhibit 2 is a true and correct copy of the transcript of the Section 341 Meeting of Creditors on July 16, 2012, in Case No. 12-11907-BAH, U.S. Bankruptcy Court, D.N.H., in which Mr. Hansen testified concerning the value of his patent assets and potential claims.

5.      Attached hereto as Exhibit 3 is a true and correct copy of the motion filed by the U.S. Trustee to reopen Case No. 12-11907-BAH, U.S. Bankruptcy Court, D.N.H. at the request of Debtor Carl Hansen in 2015.

6.      Attached hereto as Exhibit 4 is a true and correct copy of relevant portions of the pre-hearing brief filed by SyncPoint in Case No. 12-11907-BAH, U.S. Bankruptcy Court, D.N.H.

7.      Attached hereto as Exhibit 5 is a true and correct copy of the Chapter 7 Trustee's Motion for Authority to Sell by Private Sale Certain Assets, bankruptcy trustee's motion to sell assets, filed on December 22, 2015 in Case No. 12-11907-BAH, U.S. Bankruptcy Court, D.N.H.

8.      Attached hereto as Exhibit 6 is a true and correct copy of the Chapter 7 Trustee's Adversary Complaint filed in A.P. No. 16-1010 in  Case No. 12-11907-BAH, U.S. Bankruptcy

2

Court, D.N.H.

9.      Attached hereto as Exhibit 7 is a true and correct copy of the stipulation between the Chapter 7 trustee and SyncPoint resolving their competing Adversary Complaints in Case No. 12-11907-BAH, U.S. Bankruptcy Court, D.N.H.

10.     Attached hereto as Exhibit 8 is a true and correct copy of the Bankruptcy Court's Memorandum Opinion declaring that it was in the best interests of the parties to resolve the dispute by the trustee selling the Patent Assets to PixArt, and authorizing such sale.

11.     Attached hereto as Exhibit 9 is a true and correct copy of the relevant portions of the transcript of the Markman hearing on October 30, 2015, at which the Court addressed PixArt's motion to compel arbitration and to stay pending arbitration.

12.     Attached hereto as Exhibit 10 is a true and correct copy of my correspondence with SyncPoint's counsel, Joe Pia, on November 25, 2015, offering to settle the litigation by SyncPoint against PixArt by immediate dismissal, with each side to bear its own costs and fees. SyncPoint rejected that offer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on February 23, 2018 in San Francisco, California.

*/s/ Duane H. Mathiowetz*
Duane H. Mathiowetz

4814-0199-0494.1

## <u>CERTIFICATE OF SERVICE</u>

On February 23, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Nancy Li*
Nancy Li

4814-0199-0494.1