# Exhibit 1

B1 (Official Form 1)(12/11)

| United States Bankruptcy Court<br>District of New Hampshire | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Hansen, Karl C.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Hansen, Lisa H.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-1627** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-8549** |
| Street Address of Debtor (No. and Street, City, and State):<br>**8 The Flume**<br>**Amherst, NH**<br><br>ZIP Code **03031** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**8 The Flume**<br>**Amherst, NH**<br><br>ZIP Code **03031** |
| County of Residence or of the Principal Place of Business:<br>**Hillsborough** | County of Residence or of the Principal Place of Business:<br>**Hillsborough** |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization) (Check one box)
- ☑ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☑ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box)
- ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ☑ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

**Estimated Assets**

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(12/11)     Page 2

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Hansen, Karl C.**<br>**Hansen, Lisa H.** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).

X **/s/ Victor W. Dahar, Jr.**      **May 30, 2012**
Signature of Attorney for Debtor(s)     (Date)
Victor W. Dahar, Jr.

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(12/11)                                                                                        Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Hansen, Karl C.**<br>**Hansen, Lisa H.** |

**Signatures**

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Karl C. Hansen**
_____
Signature of Debtor  **Karl C. Hansen**

X **/s/ Lisa H. Hansen**
_____
Signature of Joint Debtor **Lisa H. Hansen**

_____
Telephone Number (If not represented by attorney)

**May 30, 2012**
_____
Date

### Signature of Attorney*

X **/s/ Victor W. Dahar, Jr.**
_____
Signature of Attorney for Debtor(s)

**Victor W. Dahar, Jr. BNH 04039**
_____
Printed Name of Attorney for Debtor(s)

**Victor W. Dahar Professional Association**
_____
Firm Name
**20 Merrimack Street**
**Manchester, NH 03101**
_____
Address

                              **Email: vdaharpa@att.net**
**(603) 622-6595  Fax: (603) 647-8054**
_____
Telephone Number

**May 30, 2012**
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B6B (Official Form 6B) (12/07)

In re    **Karl C. Hansen,**                                          Case No. _____
         **Lisa H. Hansen,**
                                                              ,
                          Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | St. Mary's Bank acct. | J | 100.00 |
| | | | Citizens Bank checking | J | 20.00 |
| | | | Citizens Guardian checking accts. for 3 children with approx. $100.00 in each acct. | J | 300.00 |
| | | | Citizens Guardianship savings accts for children with approx. $100.00 in each acct. | J | 300.00 |
| | | | Bank of America Acct. | J | 100.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | Household goods, pers. belongings, misc. pers. property | J | 6,000.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Piano | J | 2,000.00 |
| 6. | Wearing apparel. | | clothing | J | 1,000.00 |
| 7. | Furs and jewelry. | | jewelry | J | 1,000.00 |
| 8. | Firearms and sports, photographic, and other hobby equipment. | | 1 Rifle $700.00 1 shotgun $100.00 | H | 800.00 |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Term Life Insurance Policy | H | 0.00 |
| | | | Midland Whole Life Insurance Policy Cash surrender $3,000.00 | W | 3,000.00 |

|  |  |
|---|---|
| Sub-Total > | 14,620.00 |
| (Total of this page) | |

___3___  continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                      Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re   **Karl C. Hansen,**                                                    Case No. _____
        **Lisa H. Hansen**
_____,
                        Debtors

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | 401k plan | H | 500.00 |
| | | Fidelity IRA | W | 100.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 100% Stock Ownership in Brilliant Consulting Service; Service oriented business. Has 3 U.S. Patents but subject to fees/costs/expenses of use in France, Great Britain, Germany, Canada, Japan, and Australia) | J | 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |

Sub-Total >          600.00
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Karl C. Hansen,**
        **Lisa H. Hansen**

Case No. _____

_____,
Debtors

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | 1 individual owned pending patent | J | 0.00 |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2008 Buick Enclave | J | 10,000.00 |
| | | 2004 Ford Excursion | J | 5,000.00 |
| | | 2000 honda insight | J | 500.00 |
| | | 1998 chevy suburban | J | 500.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |

Sub-Total >    16,000.00
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Karl C. Hansen,**                                  Case No. _____

          **Lisa H. Hansen**

                                              Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > (Total of this page) | 0.00 |
| Total > | 31,220.00 |

Sheet __3__ of __3__ continuation sheets attached to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                          Best Case Bankruptcy

B6C (Official Form 6C) (4/10)

| In re | Karl C. Hansen, | Case No. _____ |
|---|---|---|
| | Lisa H. Hansen | |

Debtors,

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
☑ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| St. Mary's Bank acct. | N.H. Rev. Stat. Ann. § 511:2(XVIII) | 100.00 | 100.00 |
| Citizens Bank checking | N.H. Rev. Stat. Ann. § 511:2(XVIII) | 20.00 | 20.00 |
| Citizens Guardian checking accts. for 3 children with approx. $100.00 in each acct. | N.H. Rev. Stat. Ann. § 511:2(XVIII) | 300.00 | 300.00 |
| Citizens Guardianship savings accts for children with approx. $100.00 in each acct. | N.H. Rev. Stat. Ann. § 511:2(XVIII) | 300.00 | 300.00 |
| Bank of America Acct. | N.H. Rev. Stat. Ann. § 511:2(XVIII) | 100.00 | 100.00 |
| **Household Goods and Furnishings** | | | |
| Household goods, pers. belongings, misc. pers. property | N.H. Rev. Stat. Ann. § 511:2(III) | 6,000.00 | 6,000.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| Piano | N.H. Rev. Stat. Ann. § 511:2(XVIII) | 2,000.00 | 2,000.00 |
| **Wearing Apparel** | | | |
| clothing | N.H. Rev. Stat. Ann. § 511:2(I) | 1,000.00 | 1,000.00 |
| **Furs and Jewelry** | | | |
| jewelry | N.H. Rev. Stat. Ann. § 511:2(XVII) | 1,000.00 | 1,000.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| 1 Rifle $700.00 1 shotgun $100.00 | N.H. Rev. Stat. Ann. § 511:2(XVIII) | 800.00 | 800.00 |
| **Interests in Insurance Policies** | | | |
| Midland Whole Life Insurance Policy Cash surrender $3,000.00 | N.H. Rev. Stat. Ann. § 511:2(XVIII) | 3,000.00 | 3,000.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| 401k plan | N.H. Rev. Stat. Ann. §511:2(XIX) | 100% | 500.00 |
| Fidelity IRA | N.H. Rev. Stat. Ann. §511:2(XIX) | 100% | 100.00 |
| **Stock and Interests in Businesses** | | | |
| 100% Stock Ownership in Brilliant Consulting Service; Service oriented business. Has 3 U.S. Patents but subject to fees/costs/expenses of use in France, Great Britain, Germany, Canada, Japan, and Australia) | N.H. Rev. Stat. Ann. § 511:2(XVIII) | 0.00 | 0.00 |

_1_   continuation sheets attached to Schedule of Property Claimed as Exempt

B6C (Official Form 6C) (4/10) -- Cont.

In re    **Karl C. Hansen,**                                                              Case No. _____
         **Lisa H. Hansen,**
_____,
                                    Debtors
## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2004 Ford Excursion** | **N.H. Rev. Stat. Ann. § 511:2(XVI)** | **4,000.00** | **5,000.00** |
| | **N.H. Rev. Stat. Ann. § 511:2(XVIII)** | **1,000.00** | |
| **2000 honda insight** | **N.H. Rev. Stat. Ann. § 511:2(XVI)** | **500.00** | **500.00** |
| **1998 chevy suburban** | **N.H. Rev. Stat. Ann. § 511:2(XVIII)** | **500.00** | **500.00** |
| | Total: | **21,220.00** | **21,220.00** |

Sheet __1__ of __1__ continuation sheets attached to the Schedule of Property Claimed as Exempt

B6 Declaration (Official Form 6 - Declaration). (12/07)

## United States Bankruptcy Court
### District of New Hampshire

In re    Karl C. Hansen
       Lisa H. Hansen                                        Case No. _____

                                         Debtor(s)           Chapter     **7**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

        I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **24** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **May 30, 2012** _____      Signature    /s/ **Karl C. Hansen** _____
                                                          **Karl C. Hansen**
                                                          Debtor

Date **May 30, 2012** _____      Signature    /s/ **Lisa H. Hansen** _____
                                                          **Lisa H. Hansen**
                                                           Joint Debtor

*Penalty for making a false statement or concealing property:*   Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com                                   Best Case Bankruptcy

Exhibit 2

```
 1    UNITED STATES BANKRUPTCY COURT

 2    OF THE STATE OF NEW HAMPSHIRE (MANCHESTER)

 3    Case No.:  12-11907-JMD

 4

 5    - - - - - - - - - - - - - - - - - - - - -x

 6    In the Matter of:

 7

 8    KARL C. AND LISA H. HANSEN,

 9

10           Debtors.

11

12    - - - - - - - - - - - - - - - - - - - - -x

13                 MEETING OF THE CREDITORS

14                 PURSUANT TO SECTION 341(a)

15                 OF THE BANKRUPTCY CODE

16

17                 Office of the United States Trustee

18                 1000 Elm Street

19                 Room 702, Seventh Floor

20                 Manchester, New Hampshire

21                 July 11, 2012

22                 12 PM

23    B E F O R E :

24    OLGA L. GORDON, ESQ.

25    OFFICE OF UNITED STATES TRUSTEE
```

Page 1

```
 1    A P P E A R A N C E S :

 2

 3    VICTOR W. DAHAR, P.A.

 4          Attorneys for Debtors

 5          20 Merrimack Street

 6          Manchester, NH 03101

 7

 8    BY:   VICTOR W. DAHAR, JR., ESQ.

 9

10    U.S. DEPARTMENT OF JUSTICE

11          Office of the United States Trustee

12          1000 Elm Street

13          Suite 605

14          Manchester, NH 03101

15

16    BY:   GERALDINE KARONIS, ESQ.

17          CARMEN DAVIS

18

19    MURTHA CULLINA LLP

20          Attorneys for Trustee

21          99 High Street

22          Boston, MA 02110

23

24    BY:   OLGA L. GORDON, ESQ.

25
```

Page 2

KARL C. AND LISA H. HANSEN

```
 1                    P R O C E E D I N G S

 2            MS. GORDON:  Karl and Lisa Hansen.

 3            THE CLERK:  Right there.

 4            MS. GORDON:  If you could sign in, please?  If I

 5   could see your identification evidence --  Social Security --

 6   evidence?

 7            MR. HANSEN:  Social Security.

 8            MS. GORDON:  Great.  Here you are, folks.

 9            I've verified the debtors' Social Security number and

10   picture ID -- picture IDs.  Here you go.

11            Please raise your right hands.

12       (Witnesses duly sworn)

13            MS. GORDON:  Please state your names for the record.

14            MR. HANSEN:  Karl Hansen.

15            MS. HANSEN:  Lisa Hansen.

16            MS. GORDON:  I'm going to show you a copy of the

17   petition that you filed.  Are those your signatures there?

18            MR. HANSEN:  Yes.

19            MS. GORDON:  Have you verified that everything in the

20   schedules and statement of financial affairs is accurate?

21            MR. HANSEN:  Yes.

22            MS. HANSEN:  Yes.

23            MS. GORDON:  Can you, please, tell me why you filed

24   for bankruptcy?

25            MR. HANSEN:  Consulting rates are way down.  I've
```

Page 3

KARL C. AND LISA H. HANSEN

```
 1    been looking for a contract for seven months; I haven't found
 2    one.
 3             MS. GORDON:  Okay.
 4             MR. HANSEN:  I've been out of work for two months
 5    now.
 6             MS. GORDON:  Okay.  Have you ever owned any real
 7    property other than the two timeshares and the Amherst property
 8    listed in Schedule A?
 9             MR. HANSEN:  No.
10             MS. GORDON:  Okay.  And how did you come up with the
11    value on the Hawaii timeshare at 75,000?
12             MR. HANSEN:  I got a quote on what they're selling
13    for now.  They're down from what we bought it at.  So we're way
14    under water.
15             MS. GORDON:  Okay.  And you -- okay, and you owe
16    90,000 on it?
17             MR. HANSEN:  Yeah.
18             MS. GORDON:  Okay.  Does anyone owe you any money?
19             MR. HANSEN:  No.
20             MS. HANSEN:  No.
21             MS. GORDON:  Do you have a right to bring litigation
22    against anyone?
23             MR. HANSEN:  No.
24             MS. GORDON:  Okay.  You list an ownership interest in
25    Brilliant Consulting Service.  Can you tell me about that?
```

Page 4

```
 1              MR. HANSEN:  It's an S corp that I formed about

 2    twelve years ago.  I was using the sole proprietorship for

 3    consulting, and then some companies wanted to have an official

 4    corporation, so I got the corporation and do the billing

 5    through the corporation.  They handle the expenses and then I

 6    get (indiscernible) at the end of the year.

 7              MS. GORDON:  So what is the -- what's the nature of

 8    the business?

 9              MR. HANSEN:  Software consulting which is --

10              MS. HANSEN:  Consulting services.

11              MR. HANSEN:  Yeah.

12              MS. GORDON:  Okay.  And so is it just you --

13              MR. HANSEN:  Yeah.

14              MS. GORDON:  -- doing the consulting services?

15              MR. HANSEN:  Yes.

16              MS. GORDON:  Okay.  And does the business have any

17    assets?

18              MR. HANSEN:  No.

19              MS. GORDON:  So it's just you --

20              MR. HANSEN:  Yeah.

21              MS. GORDON:  -- operating under this name?

22              MR. HANSEN:  Yeah, exactly.

23              MS. GORDON:  Okay.  And is BrilliantPoints.com, is

24    that the Web site --

25              MR. HANSEN:  It's the Web site.
```

Page 5

KARL C. AND LISA H. HANSEN

```
 1              MS. GORDON:  -- for that business?

 2              MR. HANSEN:  Yes.

 3              MS. GORDON:  Okay.  So you said you have some -- some

 4     patents.

 5              MR. HANSEN:  Right.

 6              MS. GORDON:  And have you tried to sell those patents

 7     or --

 8              MR. HANSEN:  I have one set of patents that have been

 9     in place for about nine years that I did get a licensee on, but

10     back in January they informed they wanted to cancel the

11     license, don't want to carry it forward anymore.  And I've

12     tried to sell it for about ten years; haven't found no interest

13     in buying.  And then I have a new patent that I just --

14              MS. GORDON:  Sell the patents?

15              MR. HANSEN:  Yeah.

16              MS. GORDON:  And what are the patents for?

17              MR. HANSEN:  Using a laser pointer and a Web cam to

18     control your computer.

19              MS. GORDON:  Um-hum.  Okay.  And so you haven't been

20     able to sell them?

21              MR. HANSEN:  Right.

22              MS. GORDON:  When you -- so the deal, the licensing

23     deal, what were they willing to pay the licensee?

24              MR. HANSEN:  They were paying 50K a year, and the

25     last payment on that was back in the end of August last year,
```

Page 6

KARL C. A?????LISA H. HANSEN

```
1    and then they said we don't want to renew.

2              MS. GORDON:  Okay.  And how long did you have that --

3              MR. HANSEN:  I did four years.

4              MS. GORDON:  -- deal with them?

5              MR. HANSEN:  I was hoping it would pick up and I

6    could get more --

7              MS. GORDON:  Um-hum.

8              MR. HANSEN:  -- but the reverse happened.

9              MS. GORDON:  Okay.  Okay.  And so how have you -- how

10   have you tried to sell the patents?

11             MR. HANSEN:  I have sent mailers to half-a-dozen

12   different companies that create the sensor that's used in Web

13   cams:  Texas Instruments; Aptina Corporation; and then Optima,

14   some of the companies that manufacture the projectors, and

15   they've all either not answered or sent back an official we're

16   not interested.

17             MS. GORDON:  Okay.  All right.  Are you going to try

18   to license the patents again?

19             MR. HANSEN:  I'm going to keep trying.

20             MS. GORDON:  Um-hum.

21             MR. HANSEN:  I don't right now, and unless the

22   economy turns around, I don't see anything happening.  The

23   whole computer industry's been stagnant for about three years.

24             MS. GORDON:  Um-hum.  Um-hum.  Okay.

25             MR. HANSEN:  I got eight-and-a-half years; I don't
```

Page 7

KARL C. AND LISA H. HANSEN

```
 1    know what's going to happen.
 2             MS. GORDON:  Okay.  And the term on that license was
 3    up; they didn't breach a contract with you, right?
 4             MR. HANSEN:  No, right.  The term actually ends in
 5    August, end of August.
 6             MS. GORDON:  Um-hum, but they're not going to renew?
 7             MR. HANSEN:  And they've already said back in January
 8    we don't -- they said they would renew for free but --
 9             MS. GORDON:  Um-hum.
10             MR. HANSEN:  -- so would I but I need the money.
11             MS. GORDON:  Um-hum.  Okay.  And you don't have any
12    basis to bring litigation against anyone for anything?
13             MR. HANSEN:  No.
14             MS. GORDON:  Have you listed all of your creditors?
15             MR. HANSEN:  Yes.
16             MS. HANSEN:  Yes.
17             MS. GORDON:  Have you read the information sheet at
18    the end of the table?
19             MS. HANSEN:  Yes.
20             MR. HANSEN:  Yes.
21             MS. GORDON:  Have you previously filed for
22    bankruptcy?
23             MS. HANSEN:  No.
24             MR. HANSEN:  No.
25             MS. GORDON:  The tax returns that you provided, are
```

Page 8

# Exhibit 3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re

Karl C. and Lisa H. Hansen                              Chapter 7
        Debtors                                         Case No. 12-11907-JMD

**_EX PARTE_ MOTION OF UNITED STATES TRUSTEE FOR ORDER REOPENING CASE AND AUTHORIZING APPOINTMENT OF CHAPTER 7 TRUSTEE**

To the Honorable J. Michael Deasy, U.S. Bankruptcy Judge

Pursuant to 11 U.S.C. § 350, 28 U.S.C. § 586, Fed. R. Bankr. P. 5009 and 5010, and Local Rule 5010-1, William K. Harrington, United States Trustee (AUnited States Trustee@) respectfully requests that the Court reopen this case and find that it is necessary for the United States Trustee to appoint a disinterested chapter 7 trustee "to protect the interests of the creditors and the debtor or to insure efficient administration of this case."   In support thereof, the United States Trustee respectfully submits:

1.      On June 11, 2012, the Debtors filed for protection from their creditors under chapter 7.

2.      The United States Trustee thereafter appointed Ms. Olga Gordon as chapter 7 trustee.

3.      On July 11, 2012 the Debtors appeared before Ms. Gordon for their § 341 examination.   On July 16, 2012, after examining the Debtor, Ms. Gordon filed a report with this Court that there were no assets available for creditors.   The Debtors received a discharge on December 13, 2012 and the case was closed on January 2, 2013.

4.      Debtors' counsel, Attorney Dahar, has recently brought to Ms. Gordon's attention that the Debtors may have rights to pursue patent infringement litigation against a third party, for

actions that took place prior to the Debtors' chapter 7 filing.[1]

5.      The United States Trustee alleges that the rights to bring patent infringement action may be property of the estate that should be pursued by the Debtors' chapter 7 trustee. Accordingly, the United States Trustee respectfully requests that the Court reopen the Debtors' bankruptcy case pursuant to 11 U.S.C. § 350 and find that the appointment of a chapter 7 trustee "is necessary to protect the interests of creditors and the debtor or to ensure efficient administration of the case." By reopening the case and authorizing the appointment of a chapter 7 trustee, the trustee may bring the matters before the Court for determination, and if it is determined that the action is property of the estate, to pursue said litigation in the name of the Debtors, and protect the estate's rights therein. *See* Fed. R. Bankr. P. 5010.

6.      The United States Trustee understands the Debtors consent to reopening this case and that upon reopening, they will file an amendment to disclose the potential patent infringement claims.

* * *

WHEREFORE, the United States Trustee requests that the Court reopen the case and find that a chapter 7 trustee is necessary to protect the interests of the creditors and the debtor or to insure efficient administration of the case. The United States Trustee further requests that any

---

[1] The Debtors' schedules refer to three U.S. patents that appear to be associated with company named Brilliant Consulting Service, valued at $0. The Debtors also scheduled "1 individual owned patent pending" valued at $0. The Debtors claimed a $0 exemption in Brilliant Consulting Service. *See* Schedules B, C.

Order reopening the case provide that the case shall remain open pending further Order of this

Court, and for such other and further relief as is just.

Respectfully submitted,

WILLIAM K. HARRINGTON
United States Trustee

By:   /s/ Geraldine Karonis
Geraldine Karonis, Esq.
Assistant U.S. Trustee
1000 Elm Street
Suite 605
Manchester, NH 03101
(603) 666-7908
Bnh 01853

Dated: September 2, 2015

## Certificate of Service

I hereby certify that on this September 2, 2015, I served a copy of the foregoing Ex Parte
Motion to Reopen Case and to Authorize Appointment of Chapter 7 Trustee" and proposed Order
by CM/ECF to all parties described below, unless otherwise indicated:

Victor W. Dahar, Esq.
Olga Gordon, Esq.

/s/ Geraldine Karonis
Geraldine Karonis

Dated: September 2, 2015

3

Exhibit 4

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **In re:** | **CHAPTER 7** |
| **KARL C. HANSEN AND LISA H. HANSEN,** | **Case No. 1:2-BK-11907-JMD** |
| **Debtors,** | **Hearing Date: April 12, 2017**<br>**Hearing Time: 9:00 AM** |

### DEBTORS' OBJECTION/COUNTEROFFER TO TRUSTEE'S MOTION FOR SALE OR OTHER DISPOSITION OF PATENT ASSETS (Dkt. No. 103)

Karl C. Hansen and Lisa H. Hansen ("Debtors") and SyncPoint Imaging, LLC (collectively "Syncpoint") hereby object to the private sale for $150,000 ("Purchase Price") to Pixart Imaging, Inc. ("PixArt") of the estate's right, title and interest in and to the Assets as defined in the Motion. Syncpoint objects to the proposed sale to PixArt on the basis that it is not in the best interest of the estate since (1) the Purchase Price does not reflect the fair market value of the Assets; and (2) it would deprive the Debtors of their surplus interest in the estate. Instead, Syncpoint urges the Court to adopt its proposal ("Syncpoint Proposal") as set forth in the Stipulation Concerning Patent Rights dated February 21, 2017. (*See* Dkt. No. 101).

## MEMORANDUM IN SUPPORT OF OBJECTION/COUNTEROFFER

**I.      INTRODUCTION**

This Court should reject the proposed sale to PixArt because the Purchase Price grossly undervalues the fair market value of the Assets to the detriment of the Debtors' surplus rights in the estate. In particular, Debtor Karl C. Hansen ("K.Hansen") is the inventor of the technology covered by the patents that form part of the Assets. PixArt previously entered into a license agreement ("License Agreement") allowing PixArt to practice the inventions covered by these patents. However, PixArt breached the License Agreement by selling product without paying the required royalty due under the License Agreement. In fact, PixArt underpaid its obligations under the License Agreement in the amount of $28 million. Debtor K.Hansen subsequently assigned his rights to the Assets and his rights to sue PixArt for breach of contract to SyncPoint Imaging, LLC.

In 2015, SyncPoint brought suit in the Eastern District of Texas against Nintendo of America, Inc.; Nintendo Co., Ltd. (collectively "Nintendo"); and PixArt for patent infringement and breach of contract ("Texas Litigation").[1] As part of the Texas Litigation, SyncPoint alleged that PixArt breached the License Agreement by selling CMOS sensors to Nintendo for inclusion in Nintendo's Wii gaming systems without paying the required royalty due under the License Agreement. Accordingly, Syncpoint is seeking damages against PixArt in excess of $28 million, plus interest, for breach of contract.

In a deliberate strategy to avoid being found liable for the $28 million in royalties due under the License Agreement, PixArt is believed to have informed the Chapter 7 Trustee

---

[1] *SyncPoint Imaging, LLC v. Nintendo of America, Inc., et al.,* Case No. 2:15-cv-00247-JRG-RSP.

("Trustee") in this bankruptcy proceeding of the Texas Litigation. Upon learning of the Texas Litigation, the Trustee subsequently moved this Court *ex parte* to reopen the bankruptcy, which it did on September 3, 2015. (*See* Dkt. No. 29). Then, on January 21, 2016, the Trustee signed an Asset Purchase Agreement with PixArt, ostensibly giving PixArt the right to purchase the Assets at the Purchase Price, which price is a mere fraction of its liability for the breach of contract claim. (*See* Dkt. No. 103-1, Ex. A).

Syncpoint objects to the proposed sale to Pixart because the Purchase Price is grossly inequitable in light of Syncpoint's breach of contract claims for $28 million. This is especially true in light of Syncpoint's likely success of its breach of contract claim. Further, because the outstanding creditor claims filed in this proceeding amount to only about $19,000, Syncpoint's interest in recovering the surplus from a $28 million award should be controlling.

Lastly, PixArt's Proposal should be rejected because any current value to the Assets was created by Syncpoint subsequent to the original Order Discharging Debtor on December 13, 2012. That is, the only reason why PixArt is now offering to purchase the Assets is because of the Texas Litigation. The amount PixArt offers is equal to the creditors' $19,000 and the Trustee's six figure fee. To be clear, without Syncpoint's significant investment in the Texas Litigation after the Debtors' bankruptcy discharge, the Assets would have little or no value. In fact, PixArt refused to renew the License Agreement in 2012 because it considered it to be of no value to its business. Moreover, it was PixArt's failure to pay the required royalties that contributed to the Debtors' need to file for bankruptcy. Under these facts, it would be manifestly unjust for this Court to completely deprive Syncpoint of any fruits of the Texas Litigation,

especially where it was Syncpoint's substantial efforts subsequent to the Debtors' Chapter 7

discharge that created the value to the Assets in the first place.

Based upon the foregoing and the below, this Court should reject PixArt's Proposal and

should choose the option that is in the best interest of the estate and the debtor.

## II.     ARGUMENT

### A.     This Court Should Adopt Syncpoint's Proposal Because of the Likelihood of Success On its Breach of Contract Claim

In its Motion, the Trustee admits that Syncpoint Proposal is preferable—but only if

Syncpoint has a good chance of success on its breach of contract claim against PixArt. As will be

explained below, Syncpoint indeed has a high likelihood of success on its claim against PixArt

for past royalties under the License Agreement.

#### *1.     The License Agreement*

In June of 2008, Debtor K. Hansen and PixArt entered into the License Agreement for

those identified patents that form part of the Assets ("Licensed Patents"), including U.S. Patent

No. 6,275,214 ("the '214 Patent"). (*See* Exhibit A, § 1.3). Pursuant to the License Agreement,

Debtor K. Hansen granted to Pixart "a personal, nonexclusive, nontransferable, limited license"

to the Licensed Patents. (*Id.* at § 2.1). The term of the License Agreement was from July 1, 2008

until September 30, 2012, a period of four years and three months. (*Id.* at §§ 1.1 & 1.2).

The License Agreement required PixArt to pay royalties according to a tiered schedule

and based upon the number of CMOS sensors that it sold. (*Id.* at § 3.1.1). Under the tiered

schedule, PixArt was required to pay a minimum annual royalty amount of $50,000 if the

number of CMOS sensors it sold annually was under 180,000. (*Id.*). If PixArt sold more than

4

# Exhibit 5

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:

KARL C. HANSEN AND LISA H. HANSEN,

Debtors.

CHAPTER 7
CASE NO. 12-11907-JMD

Hearing Date: January 5, 2016
Hearing Time: 9:00 a.m.

## CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO SELL
## BY PRIVATE SALE CERTAIN ASSETS

Olga L. Gordon, the duly appointed Chapter 7 Trustee of the above captioned debtor (the "Trustee"), hereby requests authority pursuant to Section 363 of the Bankruptcy Code, Rule 6004 of the Federal Rules of Bankruptcy Procedure and LBR 6004-1 to sell certain assets of the debtors' bankruptcy estate (the "Assets") to PixArt Imaging, Inc. (the "Proposed Buyer") for a total purchase price of $150,000.00 (the "Sale") (the "Motion to Sell").  The Assets are comprised of certain domestic and foreign patents.  In order to expedite the sale, the Trustee requests that this Court's Order approving the sale of the Assets not be subject to the fourteen day stay imposed by Bankruptcy Rule 6004(h).

In support of this Motion to Sell, the Trustee states as follows:

1.     On June 11, 2012, (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

2.     On June 12, 2012, pursuant to a Certificate of Appointment, the Trustee was appointed as the Chapter 7 Trustee of the Debtors' estate.

3.     On July 16, 2012, after conducting the Section 341 Meeting of creditors, the Trustee filed a Report of No Distribution, and on January 2, 2013 this case was closed.

4.    On September 3, 2015, this Court entered an Order Granting Ex Parte Amended Motion to Reopen case, and on September 4, 2015, the Trustee was re-appointed as the Chapter 7 Trustee of the Debtors' bankruptcy case.

5.    In their originally filed Schedules, the Debtors identified an ownership interest in Brilliant Consulting Service which owns "3 U.S. Patents" and 1 individually owned "Pending Patent."

6.    The Debtors failed to disclose Karl Hansen's ("Mr. Hansen") individual ownership interest in the following domestic and foreign patents: US6275214B1, US6952198B2, US7091949B2, EP1200955B1, DE60023900T2, CA2378154C, JP2003504705A(JP4822643B2), AU200057549A (the "Assets").

7.    On or about September 1, 2015, Debtors' counsel contacted the Trustee and disclosed certain pending litigation relating to a patent formerly owned by Mr. Hansen and currently owned by SyncPoint Imaging, LLC, ("SyncPoint").  Karl Hansen in the sole member owner of SyncPoint.

8.    After the filing of the bankruptcy petition, Mr. Hansen transferred his interest in some of the Assets to SyncPoint, and SyncPoint commenced litigation against Nintendo Co. and PixArt Imaging, Inc., case no. 2:15-cv-247, District Court for the Eastern District of Texas, Marshall Division, alleging breach of a licensing agreement and patent infringement.

9.    Because the Debtors failed to properly disclose their interest in the Assets in their Schedules and Section 341 Meeting, Mr. Hansen's transfer of some of the Assets to SyncPoint is invalid, and the Assets are all property of the bankruptcy estate.

10.    The Trustee seeks authority to enter into a Purchase and Sale Agreement with the Proposed Buyer to sell the Assets for US $150,000.00 (the "Purchase Price").

11.   The Sale is "AS IS" and "WHERE IS" without any representations or warranties of any kind.

12.   Upon information and belief, there are no liens or encumbrances on the Assets.

13.   There is no relationship between the Proposed Buyer and the Trustee.

14.   The Trustee will file a Notice of Sale which will be forwarded to all parties in interest and other parties who may be interested in purchasing the Assets.

15.   The Trustee asserts that the Sale is in the best interest of the estate since the Trustee has received an offer which, she believes equals the fair market value of the Asset.  The Trustee believes that a sale by way of public auction would produce only liquidation value for the Asset which the Trustee believes may be less than the Purchase Price and would involve additional cost to the estate.

16.   The Trustee requests that this Court's Order approving the sale of the Assets not be subject to the fourteen day stay imposed by Bankruptcy Rule 6004(h) to expedite the sale.

17.   The Trustee states that, pursuant to LBR 7102(b)(2), an accompanying memorandum of law should not be required for the relief requested herein because the relevant law has been sufficiently set forth in this Motion.

WHEREFORE, Olga L. Gordon, the Trustee herein, requests that this honorable court enter an Order:

a. granting the Trustee authority to enter into the Purchase and Sale Agreement and sell, pursuant to the terms of the Purchase and Sale Agreement, by way of private sale the Assets described herein;

b. approving the form of the Notice of Intended Private Sale of Certain Assets;

c. finding that the sale of the Assets is in good faith;

d.  directing that its Order approving the sale of the Assets is not subject to the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h); and

e.  granting such other relief as is deemed just and equitable.

Respectfully submitted,

OLGA L. GORDON, CHAPTER 7 TRUSTEE,

/s/ Olga L. Gordon_____
Olga L. Gordon, Esq., BNH06338
Murtha Cullina LLP
99 High Street
Boston, Massachusetts 02110
617-457-4000 Telephone
617-482-3868 Facsimile
Dated: December 22, 2015          ogordon@murthalaw.com

# Exhibit 6

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br><br>KARL C. HANSEN AND LISA H. HANSEN,<br><br>      Debtors. | CHAPTER 7<br>CASE NO. 12-11907-JMD |
| OLGA L. GORDON, CAHPTER 7 TRUSTEE<br>OF KARL C. and LISA H. HANSEN,<br><br>      Plaintiff,<br><br>v.<br><br>KARL C. HANSEN AND LISA H. HANSEN,<br><br>      Defendants. | A.P. No. 16- |

## ADVERSARY COMPLAINT

### JURISDICTION, VENUE AND STANDING

1.    The Plaintiff brings this adversary proceeding under Fed R. Bankr. P. 7001 (1) and (9)

to obtain a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

2.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§§ 157, 1334 and 2201.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(A) and (O).  Pursuant to AO 7008-1, the plaintiff consents to the entry of a Final

Order and/or Final Judgment by this Bankruptcy Court.

3.    Venue is proper in the District of New Hampshire pursuant to 28 U.S.C. § 1409(a).

<u>PARTIES</u>

4.   The plaintiff, as the Chapter 7 Trustee of the bankruptcy estate of the above captioned debtors (the "Trustee" or "Plaintiff"), maintains the right to bring and prosecute all actions against the defendants pursuant 28 U.S.C. § 2201.

5.   The defendant, Karl C. Hansen ("Mr. Hansen"), upon information and belief, resides at 2 Spillway Lane, Concord, New Hampshire 03301.

6.   The defendant, Lisa H. Hansen, upon information and belief, resides at 2 Spillway Lane, Concord, New Hampshire 03301 ("Mrs. Hansen").  Mr. Hansen and Mrs. Hansen together are the "Debtors."

<u>GENERAL ALLEGATIONS</u>

7.   On June 11, 2012, (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

8.   On June 12, 2012, pursuant to a Certificate of Appointment, the Trustee was appointed as the Chapter 7 Trustee of the Debtors' estate.

9.   On July 16, 2012, after conducting the Section 341 Meeting of creditors, the Trustee filed a Report of No Distribution, and on January 2, 2013 this case was closed.

10.   On September 3, 2015, this Court entered an Order Granting Ex Parte Amended Motion to Reopen case, and on September 4, 2015, the Trustee was re-appointed as the Chapter 7 Trustee of the Debtors' bankruptcy case.

11.   In their Schedules, the Debtors listed their ownership interest in an entity, Brilliant Consulting Service ("Brilliant") which they indicated held three U.S. patents valued at $0.00, see Debtors' Schedule B, line 13 – "stock and interests in incorporated and unincorporated

businesses," and listed their individual ownership in one *pending* patent valued at $0.00.  <u>See</u> Debtors' Schedule B, line 22 – "patents, copyrights and other intellectual property."

12.   The Debtors failed to disclose Mr. Hansen's individual ownership interest in the following domestic and foreign patents: US6275214B1, US6952198B2, US7091949B2, EP1200955B1, DE60023900T2, CA2378154C, JP2003504705A (JP4822643B2), AU200057549A (the "Assets").

13.   The Debtors failed to schedule their patent infringement claims against PixArt Imaging, Inc. ("PixArt") and Nintendo of America, Inc. ("Nintendo").

14.   At the Section 341 Meeting, held on July 11, 2012, Mr. Hansen disclosed that he had a licensing agreement in place [with PixArt] concerning certain patents.  See Transcript of Section 341 Meeting, attached hereto as <u>Exhibit A</u>, 6:9-6:13.

15.   At the Section 341 Meeting, Mr. Hansen testified that [PixArt] did not break any contract with respect to the licensing agreement, but rather that [PixArt] chose not to renew the licensing agreement, thereby representing that it had no value.  <u>Exhibit A</u>, 6:22-7:1; 8:2-8:13.

16.   Contrary to Mr. Hansen's testimony, and as evidenced by the e-mail correspondences, attached hereto as <u>Exhibit B</u>, PixArt was willing to renew the licensing agreement on the same terms as previously agreed to between the parties ($50,000 per year).

17.   Furthermore, at the Section 341 Meeting, Mr. Hansen testified that the Debtors had no basis to bring any litigation, despite the fact the Debtors' claims against PixArt existed at the time of the Debtors' bankruptcy filing.  <u>Exhibit A</u>, 4:21-4:23; 8:11-8:13.

18.   As evidenced by SyncPoint Imaging LLC's Second Supplemental Privilege Log, attached hereto as <u>Exhibit C</u>, Mr. Hansen was involved in communications relating to potential litigation regarding the Assets in April of 2012, just two months prior to the bankruptcy filing.

See Exhibit C, p. 20, April 19, 2012 "work-product" entry.  See also, SyncPoint Imaging LLC's First Supplemental Objections And Responses To PixArt's Contract Interrogatories, attached hereto as Exhibit D, p. 4, Interrogatory/Response #1.

19.   After the filing of the bankruptcy petition, Mr. Hansen transferred his interest in some of the Assets to SyncPoint Imaging, LLC, ("SyncPoint"), and SyncPoint commenced litigation against Nintendo and PixArt, case no. 2:15-cv-247, District Court for the Eastern District of Texas, Marshall Division, alleging breach of a licensing agreement and patent infringement (the "Litigation").  Mr. Hansen in the sole member owner of SyncPoint.

20.   On or about September 1, 2015, Debtors' counsel contacted the Trustee and disclosed the Litigation.

21.   In his deposition in the Litigation, conducted on November 19 and 20, 2015, Mr. Hansen testified that he believed that the patents he owned had value at the time of his bankruptcy filing.  See Deposition Transcript (redacted), Exhibit E, 353:1-353:12.  See also, Deposition Transcript (redacted), Exhibit F, 565:5-566:13; 571:7-571:23; 753:18-753:20; 793:18-793:23.

## COUNT I
**(For Declaratory Judgment Pursuant to 28 U.S.C. § 2201 that Assets are Property of the Bankruptcy Estate Pursuant to 11 U.S.C. § 541(a))**

22.   The Plaintiff reasserts and realleges paragraphs 1 through 21 as if fully set forth herein.

23.   Because the Debtors failed to properly disclose their interest in the Assets in their Schedules and Section 341 Meeting, Mr. Hansen's transfer of some of the Assets to SyncPoint is invalid, and the Assets are all property of the bankruptcy estate pursuant to 541(a).

WHEREFORE, the Plaintiff respectfully requests that this Court enter a judgment:

a.   Declaring that the Assets are property of the bankruptcy estate pursuant to § 541(a) of the Bankruptcy Code; and

b.   Granting the Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,
OLGA L. GORDON, CHAPTER 7 TRUSTEE,

/s/ Olga L. Gordon
Olga L. Gordon, Esq., BNH06338
Murtha Cullina LLP
99 High Street
Boston, Massachusetts 02110
617-457-4000 Telephone
617-482-3868 Facsimile
ogordon@murthalaw.com

Dated: January 29, 2016