UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYNCPOINT IMAGING, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> NINTENDO OF AMERICA INC., et al., <br><br> Defendants. | No. 2:15-cv-00247-JRG-RSP |

**Nintendo's Opposed Emergency Motion For Issuance of
Subpoena for the Deposition of Ms. Lannea Butler**

## MS. BUTLER IS AN IMPORTANT WITNESS ON THE ISSUE OF THE FALSE ASSIGNMENT AND EXCEPTIONALITY

Nintendo files this emergency motion for issuance of a subpoena to allow Nintendo to take the deposition of Lannea Butler in advance of the June 14, 2018 hearing on Nintendo's Motion for Exceptional Case Attorney Fees. SyncPoint opposes the motion.

The Court's Order setting the June hearing suggests that the Court wants to receive witness testimony concerning the allegations in Nintendo's motion. Ms. Butler is a key witness to these allegations: At the time of the relevant events, she was a Pia Firm paralegal who created and produced a false patent assignment. SyncPoint contends that Ms. Butler acted on her own in creating the fake assignment and that its production of the fake assignment to Nintendo was merely "a production mistake." Nintendo contends that SyncPoint's explanation is, at best, implausible.

Ms. Butler's testimony would be helpful to the Court to resolve the issue of exceptionality, but she lives in Utah—outside of the Court's trial subpoena power—and now no longer works for the Pia Firm.  SyncPoint has not indicated that it plans to bring her to the hearing. For its part, during the course of discovery earlier in the case, Nintendo made multiple attempts to depose Ms. Butler, each time rebuffed by SyncPoint. The first time Nintendo subpoenaed Ms. Butler—while discovery was ongoing—SyncPoint refused to allow her to appear, and instead offered to provide written responses to interrogatories. When those written responses proved insufficient, Nintendo again subpoenaed Ms. Butler. This time, SyncPoint moved to quash the subpoena and again refused to make

her available. Ultimately, the Court stayed the case before Nintendo could respond to SyncPoint's motion, and later, the Court dismissed the case with prejudice in its entirety. As a consequence, Nintendo has never had the opportunity to depose Ms. Butler, even though she is a central witness to the issues raised in Nintendo's pending motion.

Given the importance of Ms. Butler to the resolution of the remaining issues before the Court, Nintendo respectfully requests that the Court grant Nintendo's Emergency Motion, and order that a subpoena issue to compel Ms. Butler's attendance at a deposition to be scheduled forthwith in advance of the hearing set for June 14, 2018.

Dated: May 23, 2018

Respectfully submitted,

By: ___/s/ *Kevin A. Zeck*___
    Kevin A. Zeck

Grant Kinsel (lead attorney)
CA Bar No. 172407
Email: gkinsel@perkinscoie.com
Kyle M. Amborn
Wash. St. Bar. No. 48340
Email: kamborn@perkinscoie.com
Kevin A. Zeck
Wash. St. Bar No. 41689
Email: kzeck@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Tel: 206.359.3002
Fax: 206.359.4002

Ryan B. Hawkins
Ca Bar No. 256146
Email: rhawkins@perkinscoie.com
Perkins Coie LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130

Tel: 858.720-5700
Fax: 858.720-5799

Clyde M. Siebman
Siebman, Burg, Philips &
Smith, L.L.P.
Federal Courthouse Square
300 N. Travis Street
Sherman, TX 75090
Tel:   903.870.0070
Fax:   903.870-0066
email: Siebman@siebman.com

Attorneys for Nintendo Co., Ltd.
and Nintendo of America Inc.

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this May 23, 2018 with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ *Kevin A. Zeck*
Kevin A. Zeck

## CERTIFICATE OF CONFERENCE

I certify that counsel for Defendants Nintendo of America Inc. and Nintendo Co., Ltd. (collectively, "Nintendo") attempted in good faith to comply with the meet and confer requirement in Local Rule CV-7(h). Although SyncPoint's counsel stated that SyncPoint would not stipulate to a deposition of Ms. Butler, SyncPoint's counsel did not respond to a request for a telephonic conference, although knowing that Nintendo was intending to file an emergency motion on this issue. Given that the June 14, 2018 hearing is little more than three weeks away, Nintendo is hereby filing this emergency motion. Nintendo understands that Plaintiff SyncPoint Imaging, LLC opposes the foregoing motion.  Defendant PixArt Imaging, Inc. does not.

.

/s/ *Kevin A. Zeck*
Kevin A. Zeck