**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **SYNCPOINT IMAGING, LLC**, <br> Plaintiff, <br><br> v. <br><br> **NINTENDO OF AMERICA INC.**, et al. <br> Defendants. | Civil Action No. 2:15-cv-247-JRG-RSP <br><br> **FILED UNDER SEAL** |

**SYNCPOINT IMAGING, LLC'S OPPOSITION TO
NINTENDO'S EMERGENCY MOTION FOR DISCOVERY**

## I.  <u>ARGUMENT</u>

Nintendo's extraordinary request for the expedited, post-judgment, post-briefing deposition of non-party Lannea Butler comes after a year-long stay, an extended one-month post-judgment briefing schedule, 50 pages of argument (on its side alone), and its 50-page attorney declaration dedicated to dissecting an assignment between an inventor and his own company. Ms. Butler has not worked for the firm since July 2017, and on information and belief, lives in Utah, outside the Eastern District's direct subpoena power. It is unknown whether she would obtain separate counsel if subpoenaed and whether an objection or motion to quash would be filed.

Nintendo's emergency post-judgment discovery request is a tacit admission that it lacks the facts necessary to support its request for fees. SyncPoint's Sur-Reply lays to rest any lingering questions about the facts related to the assignment and the metadata, showing that there was a version of the assignment prepared and signed by the inventor on February 18, 2015—indisputably before the case was filed. A factually accurate and reasonable explanation has been given for the mistaken assignment that was produced during discovery. The explanation includes Ms. Butler's complete verified response to Nintendo's interrogatories from the time that the issue first was raised in November 2015. Attached as **<u>Exhibit A</u>**. Now that all the briefing is complete, Nintendo can see the obvious error in the crux of its fees motion and that its evidentiary misstep will become even more pronounced at the hearing.  Nintendo's scramble for discovery exposes its lack of evidence to support a motion for fees. Nintendo has not shown a "reasonably clear" basis for § 285 relief "without requiring a 'mini-trial' on the merits." S*FA Sys., LLC*, at *4-5. Instead, it has sought to create an evidentiary quagmire. Nintendo's factual argument and attorney declaration have been debunked by the evidence already in the record and a careful analysis of that existing information.

Nintendo did not act diligently in obtaining the information it now claims to need on an emergency basis. The accused assignment was produced in July 2015.  At that time, Nintendo

heavily analyzed the assignment and raised no issue with it, electing to lie in wait and surprise SyncPoint's 30(b)(6) witness at his deposition four months later. Directly after the deposition, SyncPoint willingly and promptly met and conferred with Nintendo about the production mistake and the least intrusive way to obtain relevant information from Ms. Butler to quell any controversy.  Nintendo agreed to issue three interrogatories. (Opp. to Nintendo's § 285 Mot. at 18, Dkt. 313.) The interrogatories were answered in detail by Ms. Butler within days. (*Id.*) She responded under oath that ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████

And yet, in an overbearing maneuver, Nintendo still issued a deposition subpoena on Ms. Butler in November 2015 in the Central District of Utah. Nintendo appears to have been set on taking the intrusive step of a deposition after reviewing the responses for less than a day. SyncPoint moved to quash the subpoena on the basis that it sought information duplicative and cumulative of the interrogatory responses, sought attorney-client privileged information and work product, and was harassing to SyncPoint and its counsel and staff at the close of discovery. *SyncPoint Imaging, LLC v. Nintendo of America, Inc.*, No. 16-mc-13, Dkt. 2 (D. Utah Jan. 4, 2016).  The motion was not ruled upon by the Utah Court.  The case was stayed after the close of fact discovery and Nintendo agreed to withdraw the subpoena without prejudice.

Nintendo authored its § 285 motion and had over a year to prepare it. It had all the facts of record in its possession, including sixteen hours of deposition with SyncPoint's principal, and separate depositions of Mr. Hansen's wife and sons, totaling over 30 hours of testimony.  It appears that Nintendo was satisfied with the record because it did not file a motion to compel before the end of discovery. Nothing changed factually in the case during the stay that relates to this issue. When the case was reopened and dismissed, Nintendo had another fourteen days to

file its fees motion and could have sought this discovery then. It chose not to, relying on the extensive declaration of its attorney.

Nintendo certainly was not at a loss for making post-judgment filings and could have foreseen filing a motion for Ms. Butler's deposition if it was necessary to meet its evidentiary burden. It filed a motion requesting permission to file an overlength brief, a motion to pierce the attorney-client privilege, and a stipulated motion extending the briefing schedule.  It coordinated with its co-defendant PixArt who joined its arguments and filed its own separate motion. At no time prior to the completion of the briefing did Nintendo raise the specter that it would need additional discovery from third parties.  Nintendo's emergency request could, in turn, multiply disputes resulting in more briefing such as on issues of relevancy, admissibility, and privilege.

Post-judgment and post-briefing development of evidence is an extraordinary measure to be reserved for highly exceptional cases such as *Iris Connex, LLC v. Dell, Inc.*, No. 15-cv-1915, Dkt. 158 at 27:20-21 (E.D. Tex.) ("I've never ordered post-judgment discovery sua sponte in a case where a 285 allegation has been raised."), and *Edekka LLC v. 3balls.com, Inc.*, No. 15-cv-541 (E.D. Tex.). The present case involves a single inventor-owned entity, a single patent, and a single lawsuit involving a Defendant who licensed its patent for another Defendant's incorporation of the technology into its products.

Defendants have identified five factual issues to be examined at the hearing all of which are addressed extensively by the discovery of record, and all of which show that there is no basis for a finding of exceptionality:

(1)     Mr. Hansen's privileged email to his attorney in 2007 (eight years before the case was filed) should not be admissible evidence at the hearing since it is clearly an attorney-client communication involving the subject matter of the suit.

(2)     The factual record on SyncPoint's pre-filing investigation and infringement positions is complete and includes its extensive claim charts, two days of sworn

deposition testimony of Mr. Hansen, and the deposition transcripts of his wife and sons, and SyncPoint's infringement expert's report.

(3)     The factual record on the assignment is complete with the sworn interrogatory responses of Ms. Butler, and the deposition of Mr. Hansen—and to the extent considered evidence—the 50-page declaration of Nintendo's attorney.

(4)     The factual record on venue is complete based on the declarations of Mr. Hansen, his sons, and his wife and lengthy cross examination during their depositions

(5)     The factual record regarding Mr. Hansen's statements in his personal bankruptcy in 2012 is complete through his multiple depositions.

The factual record created during discovery is sufficient as to these topics, and the presentation of evidence through argument and citation to deposition transcripts and exhibits should be enough to refute Nintendo's claims and obviate further discovery. Now that the sur-replies have been filed clarifying the challenged conduct, it is apparent that Nintendo lacks the evidence it needs. To the extent that evidence of exceptionality is unclear after a review of the established factual record and the briefing, it is because Nintendo has not met its burden to make a "reasonably clear" showing. Nintendo's last-minute attempt to cure those deficiencies through its emergency motion should not be countenanced.

To minimize the time and expense by the parties and this Court, SyncPoint respectfully suggests that further discovery should be denied.

## II.     <u>CONCLUSION</u>

For the foregoing reasons, Nintendo's emergency motion for discovery should be denied.


Dated: May 29, 2018                                             Respectfully Submitted,

                                                /s/ Joseph G. Pia_____
                                                Elizabeth L. DeRieux
                                                State Bar No. 05770585
                                                ederieux@capshawlaw.com

CAPSHAW DERIEUX, L.L.P.
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 845-5770

Joseph G. Pia
State Bar No. 24093854
joe.pia@pamhlaw.com
PIA ANDERSON MOSS HOYT LLC
136 E. South Temple, 19th Floor
Salt Lake City, Utah 84111
Phone: (801) 350-9000
Fax: (801) 350-9010

*Attorneys for Plaintiff SyncPoint Imaging, LLC*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that **SYNCPOINT IMAGING, LLC'S OPPOSITION TO NINTENDO'S EMERGENCY MOTION FOR DISCOVERY** is being filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Joseph G. Pia*
Joseph G. Pia

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 29, 2018, I caused the foregoing **SYNCPOINT IMAGING,**

**LLC'S OPPOSITION TO NINTENDO'S EMERGENCY MOTION FOR DISCOVERY** to

be served on opposing counsel of record by electronic mail.

*/s/ Joseph G. Pia*
Joseph G. Pia
