# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

SYNCPOINT IMAGING, LLC,

    Plaintiff,

vs.

NINTENDO OF AMERICA INC., et al.,

    Defendants.

No. 2:15-cv-00247-JRG-RSP

[PUBLIC VERSION FILED PURSUANT TO PROTECTIVE ORDER[1]]

**Nintendo's Reply in Support of its Emergency Motion For Issuance of Subpoena for the Deposition of Ms. Lannea Butler**

---

[1] SyncPoint's Opposition (Dkt. 335) was filed under seal.  As a result, Nintendo filed its Reply Brief (Dkt. 336) under seal.  Upon review of the material redacted in SyncPoint's Redacted Opposition Brief (Dkt. 338), the entirety of the Reply brief may be filed publicly.

SyncPoint does not object to Nintendo's emergency request for issuance of a deposition subpoena to Ms. Butler. Instead, SyncPoint "suggests" that Nintendo's request be denied on nebulous "time and expense" grounds. Yet, SyncPoint concedes that Ms. Butler is outside the Court's subpoena power for purposes of the June 14, 2018 hearing and confirms that it does not intend to bring her to the hearing so that the Court will have the benefit of her live testimony. Thus, the *only way* to obtain Ms. Butler's testimony is through a deposition.

Knowing it has no legitimate grounds on which to object to the subpoena (or Ms. Butler's testimony), SyncPoint instead uses its opposition as a ***sur***-sur-reply to try to re-argue Nintendo's fees motion, suggesting that Nintendo "needs more facts" to support its motion.[2] But SyncPoint is mistaken. This case is and remains exceptional for the reasons described in Nintendo's motion for exceptional case attorney fees and its reply brief in support thereof.

But more to the point, Nintendo requests a deposition of Ms. Butler now because the Court should have the benefit of a complete record on which to base its decisions on Nintendo's pending motion. While Ms. Butler's interrogatory responses will, as SyncPoint seems to concede, be admissible, they tell—at best—

---

[2] As has been SyncPoint's way throughout this case, the sur-sur-reply is replete with factually inaccurate characterizations. For example, SyncPoint argues that Nintendo issued a deposition subpoena to Ms. Butler in November 2015 only *after* her interrogatory responses. Dkt. 335 at 2 (first full paragraph). That is wrong. In fact, Nintendo subpoenaed Ms. Butler in November 2015 because interrogatories may only issue to parties—Ms. Butler is a witness, not a party. The only reason the *December 21* interrogatory responses exist is because SyncPoint refused to allow Ms. Butler to appear for that deposition, and Nintendo, as an accommodation, agreed to accept the interrogatory responses, in an attempt to avoid a discovery dispute. After reviewing the interrogatory responses, Nintendo again subpoenaed Ms. Butler.

only part of the story as narrated by SyncPoint. Indeed, this is precisely why Nintendo subpoenaed Ms. Butler while the case was pending—she is now, as she was then, an important witness to what happened in this case. And while her interrogatory responses, by themselves, establish the exceptionality of this case, her complete testimony is still important for the Court to hear.

The Court has requested testimony from witnesses at the June 14 hearing. There is no dispute that Ms. Butler has important testimony concerning the allegations in Nintendo's attorney fees motion, and SyncPoint does not offer any objections to her deposition in its opposition here. Good cause, thus, exists to allow Nintendo to depose Ms. Butler in light of the Court's May 10 order, and so Nintendo respectfully requests that the Court grant its emergency motion.

Dated: May 30, 2018                    Respectfully submitted,

                                       By:    /s/ Kevin A. Zeck
                                             Kevin A. Zeck

                                       Grant Kinsel (lead attorney)
                                       CA Bar No. 172407
                                       Email: gkinsel@perkinscoie.com
                                       Kyle M. Amborn
                                       Wash. St. Bar. No. 48340
                                       Email: kamborn@perkinscoie.com
                                       Kevin A. Zeck
                                       Wash. St. Bar No. 41689
                                       Email: kzeck@perkinscoie.com
                                       Perkins Coie LLP
                                       1201 Third Avenue, Suite 4900
                                       Seattle, WA 98101
                                       Tel: 206.359.3002
                                       Fax: 206.359.4002

                                       Ryan B. Hawkins
                                       Ca Bar No. 256146
                                       Email: rhawkins@perkinscoie.com
                                       Perkins Coie LLP
                                       11988 El Camino Real, Suite 350
                                       San Diego, CA 92130
                                       Tel: 858.720-5700
                                       Fax: 858.720-5799

                                       Clyde M. Siebman
                                       Siebman, Burg, Philips &
                                       Smith, L.L.P.
                                       Federal Courthouse Square
                                       300 N. Travis Street
                                       Sherman, TX 75090
                                       Tel:    903.870.0070
                                       Fax:   903.870-0066
                                       email: Siebman@siebman.com

                                       Attorneys for Nintendo Co., Ltd.
                                       and Nintendo of America Inc.

## CERTIFICATE OF SERVICE

I certify that all counsel of record who are deemed to have consented to electronic service are being served this June 1, 2018 with a copy of this document via the Court's CM/ECF system.

/s/ *Kevin A. Zeck*
Kevin A. Zeck