# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **SYNCPOINT IMAGING, LLC**,<br><br>　　Plaintiff,<br>v.<br><br>**NINTENDO OF AMERICA INC.**, et al.<br><br>　　Defendants. | Civil Action No. 2:15-cv-247-JRG-RSP |

### EMERGENCY MOTION
### TO PRECLUDE NINTENDO'S DESIGNATION OF NEW EXPERT, OR ALTERNATIVELY PERMIT THIRTY (30) DAYS FROM THE SUBMISSION OF NINTENDO'S EXPERT REPORT TO ISSUE A COUNTER-REPORT; AND TO PRECLUDE THE CALLING OF LEAD TRIAL COUNSEL AS WITNESSES AT THE JUNE 14, 2018 EVIDENTIARY HEARING

Pursuant to Fed. R. Civ. P. 26(a)(2), Fed. R. Evid. 702 and 703, the Protective Order, and the Amended Docket Control Order, SyncPoint objects to Nintendo (1) identifying a new expert and (2) identifying trial counsel as witnesses for the June 14, 2018 evidentiary hearing. Should the Court allow Nintendo's late-designated expert to submit an expert report or testify at the evidentiary hearing, SyncPoint requests thirty (30) days from the submission of Nintendo's expert report to issue a counter-report and take a deposition of Nintendo's expert prior to an evidentiary hearing.

On June 4, 2018, Nintendo gave its witness list for the evidentiary hearing:

> We can tell you that, as of now, [Nintendo] anticipate[s] calling the following witnesses as part of our case in chief:
>
> - Karl Hansen
> - Lannea Butler (by deposition testimony)
> - Robert Aycock (by testimony before the New Hampshire Bankruptcy Court)
> - Mr. John Montegudo
> - Lisa Hansen
> - Adam Hansen
> - Mark Hansen
>
> ****
>
> Nintendo further reserves the right to call witnesses present at the hearing, as needed.

**Exhibit 1**, 6/4/2018 Kevin Zeck emails. John Montegudo is a newly identified expert witness. Lannea Butler was SyncPoint's trial counsel's paralegal. Robert Aycock is part of lead trial counsel's attorneys. In the meet and confer held before this Motion was filed, Nintendo's counsel clarified its position that by its last statement "to call witnesses present at the hearing," it is reserving the right to call both Robert Aycock and Joseph Pia, SyncPoint's trial counsel as witnesses at the hearing—and perhaps others not yet identified. It is unknown whether Nintendo may seek to introduce a Nintendo representative as a witness without disclosing him/her to the parties prior to the hearing, and without permitting a deposition.

1

SyncPoint requests expedited briefing on this motion and proposes that Nintendo's Opposition be filed by Friday, June 8, 2018 and that neither side will file a reply or sur-reply.

I. **BACKGROUND**

Nintendo filed its opening brief for fees on February 26, 2018. More than three months later, on Friday, June 1, 2018, after the close of all briefing on Nintendo's § 285 fees motion and less than two weeks away from the hearing, Nintendo for the first time identified John Montegudo, whom it has styled as a forensic computer expert for the purpose of testifying as to the draft assignment that was mistakenly produced, and later corrected. **Exhibit 2**, Mr. Montegudo's CV. Nintendo alleges this is a "fake assignment." SyncPoint contends that it was a production error, and nothing more.

Nintendo did not identify its new expert Mr. Montegudo during the case-in-chief in accordance with the discovery and scheduling orders or applicable Federal Rules of Civil Procedure and Federal Evidentiary Rules. Even after judgment was rendered, Nintendo did not identify this expert by way of declaration or otherwise in its briefing on fees. Nintendo apparently believed that it did not need to rely on this expert to factually support its positions. Instead, Nintendo relied on its extensive attorney declaration. SyncPoint's Sur-Reply shows where Nintendo went wrong in its analysis and why its theory fails. To attempt to cure its defects, Nintendo has sought post-briefing discovery, including taking the deposition of SyncPoint's trial counsel's prior paralegal, scheduled for this coming Friday. Nintendo now identifies an expert witness to testify at the hearing.

Counsel for the parties met and conferred on June 4, 2018 concerning this motion. In that meet and confer, counsel for Nintendo indicated that because the Court's order for the evidentiary hearing did not place any restrictions on the introduction of evidence, it opened the door to the presentation of any evidence that Nintendo may deem pertinent to these proceedings whether or not raised in the briefing, obtained during discovery, or identified in its witness and exhibit list provided for the hearing. Nintendo seeks to exploit what it believes to be vagaries in the Court's order, by taking an "anything goes" approach to the hearing.

SyncPoint respectfully requests that the Court clarify parameters for the hearing. More particularly, SyncPoint respectfully requests that the Court provide reasonable and appropriate procedures for the hearing, including that Nintendo should be precluded from (1) calling its new expert witness, (2) calling trial counsel as witnesses at the hearing, (3) calling any other individual who it has not identified in its witness list, and (4) exceeding the scope of the briefing.[1] Should the Court allow Nintendo's newly designated expert witness to submit a report or testify at the evidentiary hearing, SyncPoint alternatively requests that it be given thirty (30) days from the date of receiving an expert report from Nintendo to retain an expert, prepare a counter-report, and schedule the taking of a deposition.[2]

I. **ARGUMENT**

    a. **Nintendo Should be Prohibited from Identifying a New Expert to Testify at the Evidentiary Hearing Without Having Followed the Rules that Permit Fair Discovery.**

Fed. R. Civ. P. 26(a)(2) sets forth requirements of using an expert, including identifying an expert in accordance with the discovery schedule and disclosing a written expert report that includes "all opinions the witness will express and the basis and reasons for them," "the facts or data considered," "any exhibits," and "a statement of compensation."

> (2) *Disclosure of Expert Testimony.*
> (A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

---

[1] SyncPoint is filing a joinder of Non-Party Karl Hansen's Emergency Opposed Motion for Clarification of Order Setting Evidentiary Hearing, or in the Alternative, Motion for Continuance of Evidentiary Hearing (Dkt. 341) contemporaneously with this motion to seek clarification of what issues and parties are covered by the hearing.

[2] Moments ago, Nintendo offered to give a "summary of Mr. Montegudo's anticipated testimony" by this Friday and a deposition on Tuesday of next week, two days before the hearing. SyncPoint's trial counsel is traveling to Texas on Tuesday and has already purchased its tickets. Further, this offer is deficient under the Rules as it is only a summary as opposed to a full report, provides no time for the designation of a rebuttal expert by SyncPoint, no opportunity to analyze the summary and prepare for a deposition, and no time to prepare a counter-report or prepare a SyncPoint expert to testify at the hearing.

3

> (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>> (ii) the facts or data considered by the witness in forming them;
>> (iii) any exhibits that will be used to summarize or support them;
>> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2). Additionally, the Federal Rules of Evidence 702 and 703 place limits on a testifying expert requiring that the expert be both qualified to testify by "knowledge, skill, experience, training, or education" as to the identified subject matter, that he use scientific principles, that his testimony will be more beneficial than prejudicial, and that the testimony is based on "sufficient facts or data," "reliable principles and methods," and a showing that the expert has "reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The expert must similarly meet the requirements of Fed. R. Evid. 702 in the type and manner of relying on facts or data in the case. Nintendo has not followed the protocol at any stage for this new expert.

Nintendo received the complained-of assignment in July 2015 as a part of SyncPoint's production of documents. Nintendo did not raise any issue with the assignment until November 2015 at SyncPoint's 30(b)(6) deposition. In all that time, Nintendo did not identify an expert witness as allowed by the Court's Discovery Order. Nintendo has also not complied with the dictates of designating an expert during the expert discovery period of the case. Am. Docket Control Order, Dkt. 202. Nintendo did not serve an opening report during discovery. *Id*. There was no opportunity for rebuttal reports. There has been no opportunity for a *Daubert* motion. Nintendo did not identify the need for an expert at the time it filed its brief in February 2018 (it

4

had two years in which to make this determination). Nor did Nintendo see the need to identify an expert in its Reply brief. But, rather Nintendo wholly relied on the declaration of its attorney.

In the June 4, 2018 meet and confer, Nintendo's counsel represented that it has not violated the Protective Order which requires at least 10 days' notice to the other party to assess whether it will object to a witness before giving the expert confidential information. SyncPoint has consented, without waiving its objection, to the proposed expert signing the Protective Order undertaking and reviewing confidential information. However, the expert has not yet formed any opinion, or whether in fact it may have a relevant and useful opinion as to any matter in these proceedings. In sum, by Nintendo's delay in identifying an expert it has not complied with the dictates of any governing rules, and it should be prevented from skipping appropriate procedures and introducing a purported expert at the post-judgment evidentiary hearing. There is simply not enough time to go through the expert vetting process prior to the hearing.

Nintendo has made clear that it has another problem at the evidentiary hearing. All of its briefing on the production error, relies on its attorney declaration to what it has now effectively conceded requires expert testimony. Federal Rule of Evidence 701 prohibits a lay witness from providing expert testimony:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Nintendo's attorney admits that he is not a trained expert in metadata, and that his declaration and analysis of the metadata is inconclusive. He has not been qualified as an expert in this case and is constrained by Rule 701. Importantly, Nintendo has not formally identified its attorney as a witness at the evidentiary hearing. If Nintendo does attempt to call its attorney as a witness it should say so now and a deposition prior to the hearing should be permitted. If such is the case, SyncPoint may renew its 701 objection at the hearing.

### b. **Nintendo Should be Prohibited from Calling SyncPoint's Lead Trial Counsel as Witnesses at the Evidentiary Hearing.**

Nintendo's reservation of the right to call trial counsel Robert Aycock and Joseph Pia as witnesses at the hearing is improper. Mr. Aycock and Mr. Pia have been a part of lead trial counsel's team since the onset of the case. Nintendo's witness list that it provided yesterday, does not list Mr. Aycock or Mr. Pia. There are significant privilege issues that are at play in calling trial counsel, and it may necessitate SyncPoint hiring additional counsel which would come at great cost and prejudice at this late stage. SyncPoint should have sufficient time to object to this identification and take any additional steps that it deems appropriate.

During the meet and confer between counsel Nintendo expressed its belief that the evidentiary hearing is not constrained by arguments made in the § 285 fees briefing. Nintendo intends to present new arguments and purported evidence never before disclosed either in the case and chief or during post-judgment briefing.

SyncPoint respectfully requests that the Court provide reasonable and appropriate procedures for the hearing, including that Nintendo should be precluded from (1) calling its new expert witness, (2) calling trial counsel as witnesses at the hearing, (3) calling any other individual who it has not identified in its witness list, and (4) exceeding the scope of the briefing. Should the Court allow Nintendo's newly designated expert witness to submit a report or testify at the evidentiary hearing, SyncPoint alternatively request that it should be given thirty (30) days from the date of receiving an expert report from Nintendo to retain an expert, prepare a counter-report, and schedule the taking of a deposition.

## II. CONCLUSION

For the foregoing reasons, the motion should be granted.

Dated: June 6, 2018                                             Respectfully Submitted,

                                                                /s/ Joseph G. Pia
                                                                Elizabeth L. DeRieux

       State Bar No. 05770585
       ederieux@capshawlaw.com
       CAPSHAW DERIEUX, L.L.P.
       114 East Commerce Avenue
       Gladewater, Texas 75647
       Telephone: (903) 845-5770

       Joseph G. Pia
       State Bar No. 24093854
       joe.pia@pamhlaw.com
       PIA ANDERSON MOSS HOYT LLC
       136 E. South Temple, 19th Floor
       Salt Lake City, Utah 84111
       Phone: (801) 350-9000
       Fax: (801) 350-9010

       *Attorneys for Plaintiff SyncPoint Imaging, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Heidi Peterson
Heidi Peterson

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for SyncPoint Imaging, LLC and counsel for Defendants Nintendo of America, Inc. and Nintendo Co., Ltd. ("Nintendo") complied with the meet and confer requirement of Local Rule CV-7(h), and that the foregoing motion is opposed by Nintendo. This meet and confer was conducted by phone on Monday, June 4, 2018 at 3:00 P.M. Pacific Time.

/s/ Joseph G. Pia
Joseph G. Pia