## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SYNCPOINT IMAGING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NINTENDO OF AMERICA, INC., et al. <br><br> Defendants. | Civil Action No. 2:15-cv-00247-JRG-RSP <br><br> ███████████ |

**SUPPLEMENTAL DECLARATION OF DUANE H. MATHIOWETZ IN SUPPORT OF
PIXART IMAGING, INC.'S JOINDER IN
NINTENDO'S MOTION FOR EXCEPTIONAL CASE ATTORNEY FEES
UNDER 35 U.S.C. § 285**

I, Duane H. Mathiowetz, do hereby declare as follows:

1.       I am an attorney duly admitted to practice before this Court and the courts in the State of California and am a Partner with the firm of Foley & Lardner LLP, counsel of record for Defendant PixArt Imaging, Inc.

2.       I hereby submit this Supplemental Declaration in support of PixArt Imaging, Inc.'s Joinder in Nintendo's Motion for Exceptional Case Attorney Fees under 35 U.S. C. § 285 ("Joinder").   [Dkt. Nos. 292, 293, 322].   The facts set forth herein are within my personal knowledge or I have become aware of such facts based on review of those documents identified herein, and if called upon to testify, I could and would do so competently.

3.       This Supplemental Declaration is submitted to inform the Court of the total fees that PixArt is seeking pursuant to its Joinder, and to provide the documentation setting forth its entitlement to such fees.

4.       PixArt is seeking recovery of $1,141,483.30 for fees incurred as a result of the present lawsuit initiated by SyncPoint Imaging, Inc.  This includes fees specifically attributable to all proceedings before this Court from inception of the case through April 2018, fees incurred by PixArt in filing and prosecuting *inter partes* review of the patent-in-suit, and fees related to the bankruptcy proceeding before the United States Bankruptcy Court for the District of New Hampshire, Bk. No. 12-11907-JMD (Chapter 7).   The bankruptcy case was re-opened by SyncPoint Imaging on September 3, 2015 to clarify SyncPoint's right to recover proceeds from the present litigation in light of representations by SyncPoint's owner, Karl Hansen, concerning the value of the patent-in-suit (and other patent assets) and the right to recover against PixArt and any other companies, made during the original stages of the bankruptcy proceeding.   That proceeding was concluded when the bankruptcy court authorized the sale of the patent assets to PixArt, which resulted in the assignment of the patent-in-suit to PixArt Imaging and effectively ended this litigation.  Details of those proceedings are described in PixArt's Joinder, as well as in other pleadings on file with the Court.  See Dkt. Nos. 265, 274.

4847-2887-5880.1

5.      Attached hereto as Exhibit 11 is a table summarizing the fees incurred and being sought by PixArt, broken down by invoice.  There are two fees columns, "Total Fees Invoiced" and "Fees for Bankruptcy."  The "Total Fees Invoiced" include all fees incurred by PixArt from case inception through April 2018, including (1) fees related solely to the district court action, (2) fees incurred in the *inter partes* review, and (3) fees related to the bankruptcy proceeding.  The "Fees for Bankruptcy" are just those fees that were incurred by PixArt related to the bankruptcy proceeding.  The supporting invoices, which have been redacted to remove privileged information, are attached as Exhibit 11.  Fees associated with the bankruptcy proceeding have been separately highlighted in Exhibit 11.

6.      The fees being sought by PixArt are reasonable based on reasonable hourly rates charged for reasonable tasks, in light of the damages sought against PixArt alone--$28,000,000. The total fees request are in line with fees for litigation of this type, as shown in the 2017 AIPLA Report of Economic Survey.  The survey shows that for cases in Texas valued in excess of $25,000,000, the average fee up through claim construction was $2,407,000.  This case was fast-tracked and by the time it was stayed, fact discovery had closed, the parties had exchanged opening expert witness reports, and trial was only four months away.  PixArt's fees are substantially below the AIPLA average for cases of this type.

7.      PixArt's fees are also reasonable when viewed relative to the fees charged by SyncPoint's counsel, as identified during the hearing before the New Hampshire Bankruptcy Court on May 12, 2017.  SyncPoint's counsel put on testimony to describe its fees up to the time of the bankruptcy hearing, and indicated it had expended approximately 9,000 hours of time for total fees of over $2,000,000.  (SyncPoint's fees are discussed in Nintendo's Motion for Exceptional Case Attorney Fees.)  PixArt is seeking recovery of its fees for approximately 2,000 hours expended through April 2018.

8.      The rates charged by PixArt's counsel are "in line with those prevailing in the community for similar series by lawyers of reasonably comparable skill, experience and reputation."  *See SUFI Network Servs., Inc. v. United States*, 785 F.3d 585, 594 (Fed.Cir 2015).

2

The rates for PixArt's California counsel range from ███ /hour for Duane Mathiowetz to ███ /hour for Rick Chang and Patricia Peden, which are at or below the average billing rates for attorneys in San Francisco and/or Texas, especially taking into account the years of experience each has in IP litigation. (For example, Duane Mathiowetz has 35 years of experience as a litigator, of which more than 25 have been in patent litigation.  Mr. Chang has 18 years of experience as a patent litigator.)    Local counsel rates ranged from ███ /hour to ███ /hour, which are commensurate with rates charged by TXED counsel in patent litigation matters.

9.      PixArt's fees are thus reasonable under the lodestar method and should be awarded by the Court.


Dated:  June 7, 2018                                      Respectfully submitted,


                                                         */s/ Duane H. Mathiowetz*

                                                         Duane H. Mathiowetz (CA Bar No. 111831)
                                                            *(admitted in the E.D. Texas)*
                                                         Rick C. Chang (CA Bar No. 209515)
                                                            *(admitted in the E.D. Texas)*
                                                         FOLEY & LARDNER LLP
                                                         555 California Street, Suite 1700
                                                         San Francisco, CA 94104
                                                         Tel:    (415) 434-4484
                                                         Fax:    (415) 434-4507
                                                         dmathiowetz@foley.com
                                                         rchang@foley.com

                                                         Attorneys for Defendant
                                                         PIXART IMAGING, INC.

3